Receipt #

ORIGINAL

FILED
JAN 26 2006
U.S. COURT OF FEDERAL CLAIMS

ECF

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROBERT J. FRANK, Plaintiff, | ) | NO. 06-73 C |
| vs. | ) | |
| UNITED STATES OF AMERICA, Defendant. | ) | COMPLAINT |

Plaintiff Robert J. Frank, for his Complaint against Defendant United States of America, states as follows:

COMMON ALLEGATIONS

1. Plaintiff Robert J. Frank is a resident of Dubuque, Dubuque County, Iowa.

2. Plaintiff Robert J. Frank owns real estate in Dubuque County, Iowa.

3. Plaintiff Robert J. Frank is the son of Robert H. Frank.

4. On October 30, 2000, Defendant United States of America filed an Indictment against Robert H. Frank in the United States District Court for the Northern District of Iowa entitled United States of America v. Robert H. Frank, et al., No. CR 00-1015. Count 50 of the Indictment asserted a claim for criminal forfeiture pursuant to 18 U.S.C. § 982. The relevant portions of the Indictment are attached as Exhibit "1." In particular, Paragraph 2 of Count 50 sought forfeiture of:

> Any and all motor vehicles in which ROBERT H. FRANK or KIMBERLY K. WELCH currently have a financial interest, including but not limited to the following: 1967 Chevrolet truck; 1988 Chrysler LeBaron; 1990 Pontiac Grand Am; 1983 Chevrolet S-10 pickup; 1958 El Dorado convertible; 1963 Bonneville convertible; 1962 SS Super Sport; 1963 Falcon convertible; two 1966 Buick Skylark convertibles, a 1968 or 1969 Cutlass convertible; 1969 Firebird convertible; 1958 Buick Century two-door hard-top; a 1956 and a 1957 Coupe de Ville; 1970 Mustang convertible; and a 1966 Studebaker.

5. On November 1, 2002, Robert H. Frank stipulated to forfeiture of all property set forth in Count 50. See Exhibit "2."

6. On November 1, 2002, the United States District Court for the Northern District of Iowa entered its Preliminary Order of Forfeiture (Exhibit "3"). That Order provided that the United States was entitled to possession of the forfeited property and specifically forfeited "any and all vehicles" in which Robert H. Frank "currently [has] a financial interest, including but not limited to" the seventeen vehicles listed in Count 50 of the Indictment. The Order further provided that "the forfeited property is to be held by the United States Marshals Service in their secure custody and control."

7. On April 25, 2003, the United States District Court entered its Amended Judgment in a Criminal Case (relevant portions of which are attached as Exhibit "4"). The Judgment provided that "The defendant shall forfeit the defendant's interest in the following property to the United States: As set forth in the Preliminary Order of Forfeiture filed in the Northern District of Iowa on November 1, 2002." The Court

entered a second Amended Judgment in a Criminal Case on September 12, 2005 (relevant portions of which are attached as Exhibit "5") which contained the same provision regarding forfeiture.

8. All right, title and interest in the forfeited vehicles vested in the United States upon Robert H. Frank's commission of his offenses of conviction pursuant to 21 U.S.C. § 853(c).

9. Based on information and belief, to the extent that any of the vehicles are titled in the name of an individual identified as Michael Kelly, Mr. Kelly has released and waived any claim to the vehicles that he may have in favor of the United States.

10. Many of the vehicles specifically identified in the Indictment and forfeited to the United States at all material times have been and still are physically located on the property owned by Plaintiff Robert J. Frank. Numerous other vehicles not specifically identified in the Indictment are located on the property. Based on information and belief, Robert H. Frank had a financial or ownership interest in those vehicles prior to their forfeiture to the United States of America.

11. On September 16, 2002, Plaintiff Robert J. Frank notified the United States of America that a storage charge of $10 per day per vehicle would be imposed on any vehicles remaining on the property after September 30, 2002 (Exhibit "6"). On September 19, 2002, the United States notified Plaintiff Robert J. Frank that he would be

subject to criminal prosecution if he took any action to remove the vehicles from the property (Exhibit "7").

12. Specific demand for payment and removal of the vehicles was made upon the United States of America on August 4, 2005 (Exhibit "8").

13. The United States of America has not paid any of the accrued storage fees nor removed any of the vehicles as of the filing of this Complaint.

14. Pursuant to the requirements of the Contract Dispute Act, 41 U.S.C. § 601, et seq., Plaintiff Robert J. Frank has submitted his claim to the "contracting officer" for the United States (Exhibit "9," without enclosures). Sixty days has passed without any response from the United States and, accordingly, the filing of this Complaint is authorized by 41 U.S.C. § 605(c)(5).

15. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1491.

**COUNT I – BREACH OF EXPRESS CONTRACT**

16. Plaintiff Robert J. Frank reasserts Paragraphs 1 to 15 set forth above as if fully set forth herein.

17. An express contract for payment of $10 per day per vehicle from and after September 30, 2002, for storage of each said vehicle until each vehicle is removed from the property by the United States exists. The United States accepted the terms of the September 16, 2002, notice by not removing the vehicles from the property and/or by

threatening Plaintiff Robert J. Frank with criminal prosecution if he took any action to remove the vehicles.

18. Plaintiff Robert J. Frank has done what the contract requires (or has been excused from doing what the contract requires to the extent that the contract requires Robert J. Frank to take any action to remove the vehicles).

19. The United States has breached said contract by not paying the accrued storage fees despite demand.

20. Plaintiff Robert J. Frank is entitled to damages of $10 per day from September 30, 2002, to the date of the removal from the property for each vehicle forfeited to the United States.

For the above stated reasons, Plaintiff Robert J. Frank respectfully requests the Court to enter judgment against the United States of America for such amount as is due and owing and for interest, a declaratory judgment that Plaintiff is entitled to $10 per day per vehicle until removed from the property, costs and attorneys' fees as allowed by law, and to grant such other and further relief as is just and equitable.

## COUNT II – BREACH OF IMPLIED CONTRACT

21. Plaintiff Robert J. Frank reasserts Paragraphs 1 to 20 set forth above as if fully set forth herein.

22. In the alternative, an implied contract exists between Plaintiff Robert J. Frank and the United States of America to pay the reasonable value of the services provided by Robert J. Frank in storing the vehicles.

23. Plaintiff Robert J. Frank has done what the contract requires (or has been excused from doing what the contract requires to the extent that the contract requires Robert J. Frank to take any action to remove the vehicles).

24. The United States of America has breached said contract by not compensating Robert J. Frank for storing the vehicles owned by the United States of America.

25. Plaintiff Robert J. Frank is entitled to damages in the amount of the reasonable value of the services provided by Robert J. Frank in storing the vehicles from September 30, 2002, to the date of the removal from the property for each vehicle on the property which has been forfeited to the United States of America.

For the above stated reasons, Plaintiff Robert J. Frank respectfully requests the Court to enter judgment against the United States of America for such amount as is due and owing and for interest, a declaratory judgment that Plaintiff is entitled to a reasonable

amount per day per vehicle until removed from the property, costs and attorneys' fees as allowed by law, and to grant such other and further relief as is just and equitable.

## COUNT III – TAKING OF PRIVATE PROPERTY WITHOUT JUST COMPENSATION

26. Plaintiff Robert J. Frank reasserts Paragraphs 1 to 26 set forth above as if fully set forth herein.

27. The storage of the vehicles forfeited to the United States on the property owned by Plaintiff Robert J. Frank by the United States of America constitutes a taking of private property for public use without just compensation in violation of the Fifth Amendment to the Constitution of the United States.

28. Plaintiff Robert J. Frank is entitled to just compensation for the use of his property by the United States of America in storing the vehicles from September 30, 2002, to the date of the removal from the property for each vehicle on the property which has been forfeited to the United States of America.

For the above stated reasons, Plaintiff Robert J. Frank respectfully requests the Court to enter judgment against the United States of America for such amount as is due and owing and for interest, a declaratory judgment that Plaintiff is entitled to a reasonable amount per day per vehicle until removed from the property, costs and attorneys' fees as allowed by law, and to grant such other and further relief as is just and equitable.

## COUNT IV - INJUNCTION

29. Plaintiff Robert J. Frank reasserts Paragraphs 1 to 26 set forth above as if fully set forth herein.

30. The presence of the vehicles on the property of Plaintiff Robert J. Frank diminishes the value of the property and constitutes a nuisance.

For the above stated reasons, Plaintiff Robert J. Frank requests that the Court enter an injunction requiring the United States of America to remove the vehicles from the property at the expense of the United States of America, to enter judgment for costs and attorneys' fees as allowed by law, and to grant such other and further relief as is just and equitable.

Respectfully submitted,

Date: 1/25/06

WEBB L. WASSMER
SIMMONS, PERRINE, ALBRIGHT
& ELLWOOD, P.L.C.
115 3RD STREET S.E., SUITE 1200
CEDAR RAPIDS, IOWA 52401
(319) 366-7641 (telephone)
(319) 366-1917 (facsimile)
wwassmer@simmonsperrine.com

ATTORNEYS FOR PLAINTIFF
ROBERT J. FRANK

Courtesy Copy to:

Martin J. McLaughlin
Assistant United States Attorney
Northern District of Iowa
P.O. Box 74950
Cedar Rapids, IA 52407-4950

FILED
U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA
OCT 3 0 2000
CEDAR RAPIDS HDQTRS. OFFICE
BY [signature]

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 00-1015 MJM |
| Plaintiff, | ) | |
| vs. | ) | **COUNTS 1-22**: 18 U.S.C. § 1341 |
| | ) | **COUNTS 23-27**: 18 U.S.C. § 1343 |
| ROBERT H. FRANK, a/k/a "Butch" Frank, KIMBERLY K. WELCH, and LORIN A. AHLERS, | ) | **COUNT 28**: 18 U.S.C. § 371 |
| | ) | **COUNTS 29-44**: 18 U.S.C. § 1001 |
| Defendants. | ) | **COUNT 45**: 18 U.S.C. § 1503 |
| | ) | **COUNTS 46-49**: 18 U.S.C. § 1956 |
| | ) | **COUNT 50**: 18 U.S.C. § 982 |
| | ) | **COUNT** : 18 U.S.C. § |

**INDICTMENT**

The Grand Jury charges:

**MAIL AND WIRE FRAUD**

**COUNTS 1-27**

**A. INTRODUCTION**

1. a. On about September 12, 1984, Patricia Sue Frank petitioned for divorce from defendant, ROBERT H. FRANK (hereafter "ROBERT H. FRANK" or "FRANK"), in Iowa District Court in and for Dubuque County, in cause No. DM-5025.



EXHIBIT
1
ALL-STATE LEGAL

OVERT ACTS

In furtherance of the conspiracy and to achieve the objects thereof, the defendants and their co-conspirators, committed and caused to be committed one or more of the overt acts described in section D of this indictment, each of which is incorporated as if set forth herein.

This in violation of Title 18, United States Code, Section 1956(h).

**FORFEITURE**

**COUNT 50**

In committing one or more of the felony offenses alleged in Counts 46 through 49 of this Indictment, any property of the defendants ROBERT H. FRANK, LORIN A. AHLERS and KIMBERLY K. WELCH, real or personal, or any property traceable to such property, involved in the commission of one or more of the felony offenses alleged in Counts 46 through 49 of this Indictment, shall be forfeited to the United States as a result of the commission of the aforesaid violations of 18 U.S.C. §§ 1341, 1343, 1503 and 1956, including but not limited to the following:

1. REAL PROPERTY

All that lot or parcel of land, together with its buildings, improvements, fixtures, attachments and easements, described as:

| | | |
|---|---|---|
| A. | Section 2 | LOT 1-2-2-1-1-2-28 |
| | Section 2 | LOT 1-2-2-1-1-2-29 |
| | Section 2 | LOT 1-1-2-30 |

All located on Gardner's Lane, Dubuque, Iowa and titled under the name "Robert J. Frank."

B. 482 Wyota Street, East Dubuque, Illinois, titled in the name of "Kimberly K. Welch," further described as:

The easterly 2/3rds of Lot Number twelve (12) and the westerly 2/3rds of lot number thirteen (13) in block number twenty (20) in the city of East Dubuque, (formerly Dunleith) and as according to the recorded plat thereof.

2. VEHICLES

Any and all motor vehicles in which ROBERT H. FRANK or KIMBERLY K. WELCH currently have a financial interest, including but not limited to the following: 1967 Chevrolet truck; 1988 Chrysler Lebaron; 1990 Pontiac Grand Am; 1983 Chevrolet S-10 pickup; 1958 El Dorado convertible;1963 Bonneville convertible; 1962 SS Super Sport; 1963 Falcon convertible, two 1966 Buick Skylark convertibles, a 1968 or 1969 Cutlass convertible; 1969 Firebird convertible; 1958 Buick Century two-door hard-top; a 1956 and a 1957 Coupe de Ville; 1970 Mustang convertible; and a 1966 Studebaker.

3. CASH PROCEEDS

At least $50,000 in United States currency, which are proceeds or are traceable to proceeds involved in the violations stated in Counts 46-49 or property traceable to such proceeds.

By virtue of the commission of one or more of the felony offenses charged in Counts 46-49 of this Indictment by the defendants, ROBERT H. FRANK, LORIN A.

AHLERS and KIMBERLY K. WELCH, any and all interest they have in the above-described property is forfeited to the United States pursuant to 18 U.S.C. § 982(a)(1).

A TRUE BILL

Foreman

10/30/2000

Date

STEPHEN J. RAPP
United States Attorney

By:

RICHARD L. MURPHY
Assistant United States Attorney

FILED

02 NOV -1 PM 12:58

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT H. FRANK,<br>aka "Butch" Frank, and<br>LORIN A. AHLERS,<br><br>Defendants. | ) | No. CR 00-1015 |

**STIPULATION**

The Stipulation is entered into on behalf of the United States of America, by and through it attorneys, Charles W. Larson, Sr., United States Attorney, and Martin J. McLaughlin, Assistant United States Attorney, Attorney Wallace Taylor, on behalf of defendant Robert H. Frank and, Attorney Robert Murphy, on behalf of defendant Lorin A. Ahlers.

The parties stipulate and agree as follows:

1. Defendant Robert H. Frank, hereby stipulates and agrees that any interest he has or may have had in the property listed in Count 50 of the Indictment alleged to be subject to forfeiture in this case is forfeited to the United States of America.

2. Defendant Lorin H. Ahlers, hereby stipulates and agrees that any interest he has or may have had in the property listed in Count 50 of the Indictment alleged to be subject to forfeiture in this case is forfeited to the United States of America.

EXHIBIT 2

197

3. The defendants Robert H. Frank and Lorin H. Ahlers hereby release and forever discharge the United States, its officers, agents, servants, and employees, its heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which defendants, their heirs, successors, or assigns ever had, now have, or may have in the future in connection with the seizure, detention, and forfeiture of the property listed in Count 50 of the Indictment.

CHARLES W. LARSON, SR.
United States Attorney

By: [signature] 11-1-02
Martin J. McLaughlin Date
Assistant United States Attorney
PO Box 74950
Cedar Rapids, IA 52407-4950
(319) 363-0091
(319) 363-1990 - fax
marty.mclaughlin@usdoj.gov

By: [signature] 11-1-02
Robert Murphy Date
3999 Pennsylvania Avenue
Suite 3
Dubuque, IA 52002
(319) 557-9000
(319) 557-9025 - fax
Attorney for defendant
Lorin A. Ahlers

By: [signature] 11-1-02
Wallace Taylor Date
118 3rd Avenue SE
Higley Bldg., Ste. 326
Cedar Rapids, IA 52401
(319) 366-2428
(319) 366-3886 - fax
Attorney for defendant
Robert H. Frank

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon each of the attorneys of record of all parties to the above entitled cause by ~~enclosing the same in an envelope addressed~~ hand delivery to each attorney at his respective address as disclosed by the pleadings of record herein, with postage fully paid, and by depositing said envelope in a United States Post Office depository in Cedar Rapids,

Iowa on the 1st day of November 02
[signature]

FILED
U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA
2002 NOV -1 PM 2:44
CEDAR RAPIDS HDQTRS. OFFICE
BY ______

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. CR 00-1015 |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT H. FRANK, aka "Butch" Frank, and LORIN A. AHLERS, | ) | |
| | ) | |
| Defendants. | ) | |

**PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, in Count 50 of the Indictment in the above case, the United States sought forfeiture of specific property of the above-captioned defendants pursuant to Title 18, United States Code, Section 982 as property involved in or traceable to the underlying felony offenses alleged in Count 46 through 49 of the Indictment. The underlying offenses involve mail fraud, in violation of Title 18, United States Code, Section 1341; wire fraud, in violation of Title 18, United States Code, Section 1343; obstruction of justice, in violation of Title 18, United States Code, Section 1503, and money laundering, in violation of Title 18, United States Code, 1956.

AND WHEREAS, the defendants ROBERT H. FRANK and LORIN A. AHLERS have stipulated to the forfeiture forfeiting any interest the defendants have or had in the property alleged in Count 50 to be subject to forfeiture;

AND WHEREAS, pursuant to the stipulation entered into by the defendants ROBERT H. FRANK and LORIN A. AHLERS, the United States is now entitled to

EXHIBIT
3
ALL-STATE LEGAL

198

possession of said property, pursuant to Title 18, United States Code, Section 982, and Rule 32.2 of the Federal Rules Criminal Procedure;

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1. That based upon the stipulation entered into by the defendants ROBERT H. FRANK AND LORIN A. AHLERS, forfeiting any interest they have or had in the property listed in Count 50 of the Indictment, the United States is hereby authorized to seize the following property and it is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1):

. <u>**Real Property**</u>

a. All that lot or parcel of land, together with its buildings, improvements, fixtures, attachments, and easements, described as:

Section 2 LOT 1-2-2-1-1-2-28
Section 2 LOT 1-2-2-1-1-2-29
Section 2 LOT 1-1-2-30

All located on Gardner's Lane, Dubuque, Iowa, and titled under the name of "Robert J. Frank."

b. 482 Wyota Street, East Dubuque, Illinois, titled in the name of "Kimberly K. Welch," further described as:

The easterly 2/3rds of Lot Number Twelve (12) and the westerly 2/3rds of Lot Number Thirteen (13) in Block Number Twenty (20) in the city of East Dubuque, (formerly Dunleith), and as according to the recorded plat thereof.

<u>**Vehicles**</u>

c. Any and all motor vehicles in which ROBERT H. FRANK or KIMBERLY K. WELCH currently have a financial interest, including but not limited to the following: 1967 Chevrolet truck; 1988 Chrysler

Lebaron; 1990 Pontiac Grand Am; 1983 Chevrolet S-10 pickup; 1958 El Dorado convertible, 1963 Bonneville convertible; 1962 SS Super Sport; 1963 Falcon convertible, two 1966 Buick Skylark convertibles, a 1968 or 1969 Cutlass convertible; 1969 Firebird convertible; 1958 Buick Century two-door hard-top; a 1956 and 1957 Coupe de Ville; 1970 Mustang convertible; and a 1966 Studebaker.

**Cash Proceeds**

d. At least $50,000 in United States currency, which are proceeds or are traceable to proceeds involved in the violations stated in Counts 46-49 or property traceable to such proceeds.

2. That the forfeited property is to be held by the United States Marshals Service in their secure custody and control.

3. That the United States is hereby ORDERED to record forthwith a copy of this Order in the county where each of the above-described real properties are located, and which Order, when recorded, shall be notice to any transferee or potential transferees, of the interest of the United States of America therein.

4. That pursuant to 21 U.S.C. § 853(n)(1), the United States Marshal forthwith shall publish at least once for three successive weeks in a newspaper of general circulation, notice of this Order, notice of the Marshals intent to dispose of the property in such manner as the Attorney General may direct and notice that any person, other than the defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order of Forfeiture, as a substitute for published notice as to those persons so notified.

5. That upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

Done and ordered this ____ day of ________ 2002.

Robert Dawson
United States District Court Judge
Northern District of Iowa

Presented by:

CHARLES W. LARSON
United States Attorney

By:

Martin J. McLaughlin
Assistant United States Attorney

**Approved as to form and content:**

Wallace Taylor
Attorney for defendant
ROBERT H. FRANK

Robert Murphy
Attorney for defendant
LORIN A. AHLERS

+faxed
NOV - 1 2002
Copies mailed on ________
to counsel of record or pro se parties as shown on the docket sheet.
Denise Pickens
Deputy Clerk

AO 245C (Rev. 3/01) Sheet 1—Amended Judgment in a Criminal Case (NOTE: Identify Changes with Asterisks (*))

FILED
CEDAR RAPIDS HDQTRS OFFICE
NORTHERN DISTRICT OF IOWA
APR 2 5 2003
By _______ Deputy

# United States District Court

## NORTHERN DISTRICT OF IOWA

**UNITED STATES OF AMERICA**
**V.**
**ROBERT H. FRANK, a/k/a "Butch" Frank**

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

**Case Number: CR 00-1015-1-RTD & CR 01-1005-RTD**

**Date of Original Judgment: January 30, 2003**
**(Or Date of Last Amended Judgment)**

**Wallace L. Taylor, Attorney at Law**
Defendant's Attorney

**Reason for Amendment:**

- ☐ Correction of Sentence on Remand (Fed. R. Crim. P. 35(a))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(c))
- ■ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)
- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant to ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
- ☐ Modification of Restitution Order (18 U.S.C. § 3664)

**Asterisks (*) denote changes from Original Judgment**

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense(s):

**THE DEFENDANT:**

- ☐ pleaded guilty to count(s) ______
- ☐ pleaded nolo contendere to count(s) ______ which was accepted by the court.
- ■ was found guilty on count(s) **1-22, 23-27, 28, 29-44, 45, 46, and 49 of the 50-count 10/30/2000 Indictment (CR 00-1015-1) and counts 1 and 2 of the two-count 03/21/2001 Indictment (CR 01-1005)** after a plea of not guilty.

**CR 00-1015-1-RTD**

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§ 2 and 1341 | Mail Fraud | 07/02/1998 | 1 |
| 18 U.S.C. §§ 2 and 1341 | Mail Fraud | 10/01/1998 | 2 |
| 18 U.S.C. §§ 2 and 1341 | Mail Fraud | 10/30/1998 | 3 |
| 18 U.S.C. §§ 2 and 1341 | Mail Fraud | 12/01/1998 | 4 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ■ The defendant has been found not guilty on count(s) **47 and 48 of the 50-count 10/30/2000 Indictment (CR 00-1015-1)**
- ☐ Count(s) ______ are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's USM No.: 98063-024

April 21, 2003
Date of Imposition of Judgment

[signature]
Signature of Judicial Officer

**Robert T. Dawson**
**U.S. District Court Judge**
Name and Title of Judicial Officer

April 21, 2003
Date

EXHIBIT
4
ALL-STATE LEGAL

DEFENDANT: **ROBERT H. FRANK, a/k/a "Butch" Frank**
CASE NUMBER: **CR 00-1015-1-RTD & CR 01-1005-RTD**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ Lump sum payment of $ ________ due immediately, balance due

☐ not later than ____________, or
☐ in accordance with ☐ C, ☐ D, or ☐ E below; or

B ■ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ■ E below); or

C ☐ Payment monthly (e.g., equal, weekly, monthly, quarterly) installments of $ ________ over a period of ________ (e.g., months or years), to commence 30 days (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment ________ (e.g., equal, weekly, monthly, quarterly) installments of $ ________ over a period of ________ (e.g., months or years), to commence ________ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ■ Special instructions regarding the payment of criminal monetary penalties:

**While incarcerated, the defendant shall make monthly payments of $25 or 10% of his quarterly prison earnings, whichever is greater.**

**While on supervised release, the defendant shall make monthly payments of at least 10% of his monthly income or not less than $50 per month, whichever is greater.**

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant Name, Case Number, and Joint and Several Amount:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

■ The defendant shall forfeit the defendant's interest in the following property to the United States:
**As set forth in the Preliminary Order of Forfeiture filed in the Northern District of Iowa on November 1, 2002.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

RECEIVED SEP 1 2 2005

AO 245C (Rev 12/03) Amended Judgment in a Criminal Case
Sheet 1

NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF IOWA

UNITED STATES OF AMERICA
V.
ROBERT H. FRANK, a/k/a "Butch" Frank

AMENDED JUDGMENT IN A CRIMINAL CASE

Case Number: CR 00-1015-1-RTD & CR 01-1005-RTD
USM Number: 98063-024
Wallace L. Taylor, Attorney at Law
Defendant's Attorney

Date of Original Judgment: April 21, 2003
(Or Date of Last Amended Judgment)

Reason for Amendment:
- ☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- ■ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

Asterisks (*) denote changes from Original Judgment

- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant to ☐ 28 U.S.C. § 2255 ☐ 18 U.S.C. § 3559(c)(7)
- ☐ Modification of Restitution Order (18 U.S.C. § 3664)

THE DEFENDANT:
- ☐ pleaded guilty to count(s) ______
- ☐ pleaded nolo contendere to count(s) ______ which was accepted by the court.
- ■ was found guilty on count(s) 1-22, 23-27, 28, 29-44, 45, 46, and 49 of the 50-count 10/30/2000 Indictment (CR 00-1015-1) after a plea of not guilty. and counts 1 and 2 of the two-count 03/21/2001 Indictment (CR 01-1005)

The defendant is adjudicated guilty of these offenses:

CR 00-1015-1-RTD

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§ 2 and 1341 | Mail Fraud | 07/02/1998 | 1 |
| 18 U.S.C. §§ 2 and 1341 | Mail Fraud | 10/01/1998 | 2 |
| 18 U.S.C. §§ 2 and 1341 | Mail Fraud | 10/30/1998 | 3 |
| 18 U.S.C. §§ 2 and 1341 | Mail Fraud | 12/01/1998 | 4 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed the Sentencing Reform Act of 1984.

■ The defendant has been found not guilty on count(s) 47 and 48 of the 50-count 10/30/2000 Indictment (CR 00-1015-1)

☐ Count(s) ______ ☐ is ☐ are dismissed on the motion of the United

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances

Date of Imposition of Judgment

Signature of Judge

Robert T. Dawson, U.S. District Court Judge
Name and Title of Judge

9/12/05
Date

EXHIBIT 5
ALL-STATE LEGAL

DEFENDANT: **ROBERT H. FRANK, a/k/a "Butch" Frank**
CASE NUMBER: **CR 00-1015-1-RTD & CR 01-1005-RTD**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ Lump sum payment of $ __________ due immediately, balance due

☐ not later than __________, or
☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ■ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ■ F below); or

C ☐ Payment in equal __________ (e.g., weekly, monthly, quarterly) installments of $ __________ over a period of __________ (e.g., months or years), to commence __________ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal __________ (e.g., weekly, monthly, quarterly) installments of $ __________ over a period of __________ (e.g., months or years), to commence __________ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within __________ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ■ Special instructions regarding the payment of criminal monetary penalties:

**While incarcerated, the defendant shall make monthly payments of $25 or 10% of his quarterly prison earnings, whichever is greater.**

**While on supervised release, the defendant shall make monthly payments of at least 10% of his monthly income or not less than $50 per month, whichever is greater.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

■ The defendant shall forfeit the defendant's interest in the following property to the United States:
**As set forth in the Preliminary Order of Forfeiture filed in the Northern District of Iowa on November 1, 2002.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

**Simmons, Perrine, Albright & Ellwood, P.L.C.**

**Attorneys and Counselors**
**Cedar Rapids and Iowa City**

■ 115 Third Street S.E.
Suite 1200
Cedar Rapids, IA 52401-1266
Telephone: (319) 366-7641
Fax: (319) 366-1917

☐ 22 South Linn Street
Third Floor Tower Place
Iowa City, IA 52240
Telephone: (319) 887-1368
Fax: (319) 887-1372

website: www.simmonsperrine.com

Writer's e-mail address: wwassme@simmonsperrine.com

Writer's Voice Mail Ext.: 234

Darrel A. Morf
James E. Shipman
Stephen J. Holtman
Iris E. Muchmore
Gregory M. Lederer
James A. Gerk
Roger W. Stone
David A. Hacker
David W. Kubicek
Matthew J. Petrzelka
Matthew J. Brandes
James M. Peters
Leonard T. Strand
Mark D. Ogden
Webb L. Wassmer
Mark A. Roberts
Chad M. VonKampen
Gregory G. Williams
Nicolas Abou-Assaly
Allison M. Heffern
Lynn W. Hartman
Kathleen A. Kleiman
Philip A. Burian
Michael F. Williams
Paul P. Morf
Christine L. Conover
Elizabeth V. Craco
Matt M. Dummermuth
Todd A. Slagter
Patsy A. Thimmig
Richard G. Hileman, Counsel
Hayes Y. Simmons (1888-1975)
Beahl T. Perrine (1902-1989)
William P. Ellwood (1909-1998)

REGISTERED PATENT ATTORNEYS
Gregory G. Williams
Michael F. Williams

OF COUNSEL
James R. Snyder
Robert M. Jilek

RETIRED
Justin W. Albright
John R. Carpenter

FILE COPY

September 16, 2002

Robert H. Frank
c/o Wallace Taylor
118 - 3rd Avenue SE, Suite 326
Cedar Rapids, IA 52401-1408

United States of America
c/o Richard Murphy
Assistant United States Attorney
P.O. Box 74950
Cedar Rapids, IA 52407-4950

**RE: Notice of Withdrawal of Consent to Store Motor Vehicles and Intent to Declare Vehicles Abandoned Pursuant to Iowa Code Chapter 556B and Iowa Code §§ 321.89 - 321.91**

Dear Mr. Taylor and Mr. Murphy:

You are hereby notified that Robert J. Frank hereby withdraws any and all consent given to Robert H. Frank to store any vehicles on property owned by Robert J. Frank located at 17301 (formerly 4713) Gardner's Lane, in Dubuque, Iowa. Said notice is also being provided to the United States of America as the United States may claim some right, title or interest in said vehicles.

If said vehicles have not been removed by September 30, 2002, it is the intent of Robert J. Frank to have such vehicles declared abandoned and removed and/or disposed of pursuant to the provisions of Iowa Code Chapter 556B and Iowa Code §§ 321.89 - 321.91, a copy of which is enclosed. Further, a storage charge of $10 per day per vehicle will be imposed on any vehicle(s) remaining on the property on or after September 30, 2002, until such disposal.

ALL-STATE LEGAL EXHIBIT 6

**Simmons, Perrine, Albright & Ellwood, P.L.C.**



Questions regarding this notice may be directed to the undersigned.

Sincerely yours,

Webb L. Wassmer

WLW/tme
Enclosure

cc: Robert J. Frank (via regular mail)

2 4 2002

U. S. Department of Justice

*United States Attorney*
*Northern District of Iowa*

*Mailing Address:*
*P.O. Box 74950*
*Cedar Rapids, Iowa 52407-4950*
*(319) 363-6333*

*Shipping Address:*
*401 First Street S.E.*
*Suite 400*
*Cedar Rapids, Iowa 52401-1825*
*FAX (319) 363-1990*
*TTY (319) 286-9258*

September 19, 2002

Webb Wassmer
Attorney at Law
115 3rd Street SE, Suite 1200
Cedar Rapids, IA 52401-1266

Re: Notice of Intent to Declare Vehicles Abandoned

Dear Mr. Wassmer:

This is to acknowledge receipt of your letter dated September 16, 2002. Your letter is in reference to vehicles stored on the property located at 17301 Gardner's Lane in Dubuque, Iowa.

As you and your client both know, the Gardner's Lane property and several vehicles stored there are currently the subject of a criminal forfeiture action in the case of *United States of America v. Robert H. Frank*, et al, CR00-1015 MJM. Because your letter is not specific as to which vehicles you intend to declare abandoned, I request that you immediately provide me with descriptions and photographs of said vehicles. The descriptions should include the VIN for each vehicle. In addition, I request that you inform me as to where each of these vehicles is located on the property so that steps may be taken to retrieve same, if necessary.

Given the pending forfeiture proceeding, you are requested to take no action with regard to the vehicles and property which are subject to the pending forfeiture indictment without first obtaining approval of the United States. Any action to transfer the property or any other action which could result in damage to or diminution in value of the property subject to the forfeiture indictment, could constitute a violation of Title 18, U.S. C. §2232. Further, such actions could result in the obstruction of the due administration of justice.

ALL-STATE LEGAL®
EXHIBIT
7

If you have any questions or would like to discuss this matter further, please do not hesitate to let me know.

Sincerely,

CHARLES W. LARSON, SR.
United States Attorney

By:

RICHARD L. MURPHY
Assistant United States Attorney

RLM/mlk

# Simmons, Perrine, Albright & Ellwood, P.L.C.

**Attorneys and Counselors**
**Cedar Rapids and Iowa City**

■ 115 Third Street SE, Suite 1200
Cedar Rapids, Iowa 52401-1266
Telephone: (319) 366-7641
Fax: (319) 366-1917

□ 22 South Linn Street
Third Floor Tower Place
Iowa City, IA 52240
Telephone: (319) 887-1368
Fax: (319) 887-1372

Writer's extension: 234
Writer's e-mail: wwassmer@simmonsperrine.com
Website: www.simmonsperrine.com



Darrel A. Morf
James E. Shipman
Stephen J. Holtman[1]
Iris E. Muchmore
Gregory M. Lederer
James A. Gerk
Roger W. Stone
David A. Hacker
David W. Kubicek
Matthew J. Brandes
James M. Peters
Leonard T. Strand
Mark H. Ogden
Webb L. Wassmer
Mark A. Roberts
Chad M. VonKampen

Gregory G. Williams
Nicolas Abou-Assaly
Allison M. Heffern
Lynn W. Hartman
Kathleen A. Kleiman
Paul P. Morf
Philip A. Burian[1]
Christine L. Conover
David C. Kutcher[1]
Michael F. Williams
Elizabeth V. Crow
Patsy A. Thimmig[1,3]
Jason M. Stafford
Lorie Reiss-Schweer
Lance R. Stoker[1]
Richard G. Hileman, Counsel

Haven Y. Simmons (1888-1975)
Dean T. Perrine (1902-1989)
William P. Ellwood (1909-1998)
Justin W. Albright (1908-2004)

REGISTERED PATENT ATTORNEYS
Gregory G. Williams
Michael F. Williams

OF COUNSEL
James R. Snyder
Robert M. Jilek

RETIRED
John R. Carpenter

Also licensed to practice in:
1 Illinois 2 Wisconsin 3 Missouri


August 4, 2005

Martin J. McLaughlin
P.O. Box 74950
Cedar Rapids, IA 52401-1825

Roger W. Arechiga
Acting United States Marshal
Northern District of Iowa
Federal Building
101 First Street, S.E., Room 320
Cedar Rapids, IA 52401

EXHIBIT 8 (ALL-STATE LEGAL®)

Re: Vehicles Stored by United States on Property of Robert J. Frank

Dear Mr. McLaughlin and Mr. Arechiga:

On September 16, 2002, Robert J. Frank notified the United States that a storage fee of $10 per day per vehicle would be imposed on and after September 30, 2002, with respect to any vehicle forfeited to the United States previously owned by Robert H. Frank which remained on the property of Robert J. Frank after September 30, 2002. A copy of that notice is enclosed.

The United States has never paid that storage fee and has not removed the vehicles. Please consider this letter a demand that the United States pay the accrued storage fees and remove the vehicles by 5:00 p.m. on August 19, 2005. If the storage fees have not been paid and/or the vehicles removed by that time, it is the intent of Robert J. Frank to file suit in the United States Court of Federal Claims to collect the storage fees and obtain removal of the vehicles at the expense of the United States.

The amount of the accrued storage fees is somewhat uncertain as it is not known precisely which vehicles located on the property are owned by the United States. I have requested a listing of the vehicles that the United States claims an interest in from Mr. McLaughlin but have not received that. It is my understanding that the United States Marshal's office has inventoried the vehicles.

It is clear that there are eleven (11) vehicles on the property specifically forfeited by Robert H. Frank to the United States. Those vehicles are: (1) 1958 El Dorado convertible; (2) 1963 Bonneville convertible; (3) 1962 (Chevy) SS Super Sport; (4) 1966 Buick Skylark convertible; (5) 1966 Buick Skylark convertible; (6) 1968 or 69 Cutlass convertible; (7) 1969 Firebird convertible; (8) 1958 Buick Century two-door hard-top; (9) 1956 Coupe DeVille; (10) 1970 Mustang convertible; and (11) 1966 Studebaker.

There are also numerous other vehicles, between 8 and 20, on the property which were likely previously owned by Robert H. Frank and forfeited to the United States. We will need to sort out which of those vehicles are owned by the United States.

Accordingly, payment is demanded in the amount of $114,290.00 for the eleven known cars ($10/day x 11 cars x 1,039 days from 9/30/02 to 8/4/05). Payment in the amount of $10,390.00 ($10/day x 1,039 days from 9/30/02 to 8/4/05) is also demanded for each additional car owned by the United States. For each car owned by the United States, payment in the amount of $10/day from 8/5/05 until the date of removal is also demanded.

Please feel free to contact me if you have any questions.

Sincerely,

Webb L. Wassmer

WLW/aja
Enclosures
Cc: Bobby Frank

**Simmons, Perrine, Albright & Ellwood, P.L.C.**
**Attorneys and Counselors**
**Cedar Rapids and Iowa City**

■ 115 Third Street SE, Suite 1200
Cedar Rapids, Iowa 52401-1266
Telephone: (319) 366-7641
Fax: (319) 366-1917

□ 22 South Linn Street
Third Floor Tower Place
Iowa City, IA 52240
Telephone: (319) 887-1368
Fax: (319) 887-1372

Writer's extension: 234
Writer's e-mail: wwassmer@simmonsperrine.com
Website: www.simmonsperrine.com

Darrel A. Morf
James C. Shipman
Stephen J. Holtman[3]
Eric E. Muchmore
Gregory M. Lederer
James A. Gerk
Roger W. Stone
David A. Hacker
David W. Kubicek
Matthew J. Brandes
James M. Peters
Leonard T. Strand
Mark H. Ogden
Webb L. Wassmer[1]
Mark A. Roberts
Chad M. VonKampen

Gregory G. Williams
Nicolas Abou-Assaly
Allison M. Heffern
Lynn W. Hartman
Kathleen A. Kleiman
Paul P. Morf
Philip A. Burian[1]
Christine L. Conover
David C. Kutcher[1]
Michael P. Williams
Elizabeth V. Cruce
Patsy A. Thimmig[1,2]
Jason M. Steffens
Lorie Reins-Schweer
Lance R. Stoker[1]
Richard G. Hileman, Counsel

Haven Y. Simmons (1882-1975)
Beahl T. Perrine (1902-1989)
William F. Ellwood (1909-1998)
Justin W. Albright (1908-2004)

REGISTERED PATENT ATTORNEYS
Gregory G. Williams
Michael P. Williams

OF COUNSEL
James R. Snyder
Robert M. Jilek

RETIRED
John R. Carpenter

Also licensed to practice in:
1 Illinois 2 Wisconsin 3 Missouri

November 2, 2005

U.S. Marshals Service
Chief, Procurement and Contracting Branch
600 Army-Navy Drive, Suite 990
Arlington, VA 22202-4210

Roger Archiega
Acting United States Marshal
Northern District of Iowa
Federal Building
101 1st Street SE, Room 320
Cedar Rapids, IA 52401

Re: Claim by Robert J. Frank for Storage of Vehicles Forfeited to the United States

Dear Sir or Madam and Mr. Archiega:

In preparing the enclosed draft Complaint for filing with the United States Court of Claims, I came across the Contract Dispute Act, 41 U.S.C. Sec. 601, et seq., which requires submission of the claim to the "contracting officer" prior to filing the Complaint. The statute does not specifically define who the "contracting officer" is and, accordingly, I am forwarding this matter to both of you. If you believe that someone else is the appropriate "contracting officer" to whom this claim should be submitted, please notify me immediately.

The claim relates to numerous vehicles forfeited to the United States which the Marshals Service has been storing on the property of Robert J. Frank. Despite notice in September of 2002, that Mr. Frank would charge a storage fee of $10 per day per vehicle, the United States has neither paid any of the accruing storage fees nor removed the vehicles. The details of the claim are set forth in the enclosed draft Complaint and attachments.

This matter has been complicated by the failure of the United States to identify specifically which vehicles are owned by the United States through forfeiture. Clearly, the United States owns the vehicles identified is the forfeiture count at issue. Between 11 and 15 of

ALL-STATE LEGAL®
EXHIBIT
9

those 17 vehicles are on the property. There are an additional number of vehicles on the property which are believed to be owned by the United States. Overall, there are probably between 25-35 vehicles owned by the United States. It is my understanding that the Northern District of Iowa has inventoried the vehicles, although I do not have a copy. At $10 per day per vehicle since October 1, 2002, the claim is between $282,000 and $394,800 through November 2, 2005, and accruing at $300-$350 per day.

As a side note, the $10 per day is a reasonable fee. Based on a survey of auto storage facilities in and near Dubuque, Iowa, storage fees range between $10 to $15 per day. I note that the United States has had full and fair opportunity to remove the vehicles from the property and terminate the accumulation of storage fees at any time.

Mr. Frank has been attempting to negotiate a resolution with the Northern District of Iowa, but has made little progress. Accordingly, Mr. Frank is submitting this claim to you to clear the last procedural hurdle before filing the Complaint with the Court. It is my understanding pursuant to 41 U.S.C. Sec. 605(c)(2), that the contracting officer will issue a decision within sixty days or notify Mr. Frank of a reasonable time within which a decision will be issued.

On behalf of Mr. Frank, the undersigned certifies that, as counsel for Robert J. Frank, he is duly authorized to certify this claim on behalf of Robert J. Frank, that the claim is made in good faith, that the supporting data is accurate and complete to the best of my and Mr. Frank's knowledge and belief, and that the amount requested accurately reflects the amount for which Mr. Frank believes the United States is liable.

Sincerely,

Webb L. Wassmer

WLW/aja
Enclosure
cc: Marty McLaughlin
Assistant United States Attorney,
Northern District of Iowa

Bobby Frank

**Simmons, Perrine, Albright & Ellwood, P.L.C.**
**Attorneys and Counselors**
**Cedar Rapids and Iowa City**

■ 115 Third Street SE, Suite 1200
Cedar Rapids, Iowa 52401-1266
Telephone: (319) 366-7641
Fax: (319) 366-1917

□ 22 South Linn Street
Third Floor Tower Place
Iowa City, IA 52240
Telephone: (319) 887-1368
Fax: (319) 887-1372

Writer's extension: 234
Writer's e-mail: wwassmer@simmonsperrine.com
Website: www.simmonsperrine.com

Darrel A. Morf
James F. Shipman
Stephen J. Holtman [2]
Iris E. Muchmore
Gregory M. Lederer
James A. Gerk
Roger W. Stone
David A. Hacker
David W. Kubicek
Matthew J. Brandes
James M. Peters
Leonard T. Strand
Mark H. Ogden
Webb L. Wassmer
Mark A. Roberts
Chad M. VonKampen

Gregory G. Williams
Nicolas Abou-Assaly
Allison M. Heffern
Lynn W. Hartman
Kathleen A. Kleiman
Paul P. Morf
Philip A. Burian [1]
Christine L. Conover
David C. Kutcher [3]
Michael F. Williams
Elizabeth V. Croco
Patsy A. Thimmig [2,3]
Jason M. Steffens
Lorie Reins-Schweer
Lance R. Staker [3]
Richard G. Hileman, Counsel

Haven Y. Simmons (1888-1975)
Beahl T. Perrine (1902-1989)
William P. Ellwood (1909-1998)
Justin W. Albright (1908-2004)

REGISTERED PATENT ATTORNEYS
Gregory G. Williams
Michael F. Williams

OF COUNSEL
James R. Snyder
Robert M. Jilek

RETIRED
John R. Carpenter

Also licensed to practice in
1 Illinois 2 Wisconsin 3 Missouri

November 15, 2005

***Via Facsimile: (202) 307-9695***
Patricia Hanson
Procurement Chief
Business Services Division
United States Marshals Service

Re: Claim by Robert J. Frank for Storage of Vehicles
Forfeited to the United States

Dear Ms. Hanson:

Enclosed is a November 2, 2005, letter to the U.S. Marshals Service that was returned by the post office as undeliverable. I obtained that address from the DOJ's website, but it is apparently out of date. I found your name and fax number, but no address, on the Marshal's website. Accordingly, I am forwarding this to you.

If you are not the proper person to receive this Claim, please notify me immediately and, if you know, please provide me with the name and address of to whom this Claim should be directed.

Sincerely,

Webb L. Wassmer

WLW/kh
Enclosure
cc: Roger Archiega (without enclosures)
Marty McLaughlin (without enclosures)
Bobby Frank (without enclosures)