No. 06-73C
(Senior Judge Hodges)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ROBERT J. FRANK,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

APPENDIX VOLUME TWO
DEFENDANT'S MOTION TO DISMISS

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

PATRICIA M. McCARTHY
Assistant Director

OF COUNSEL:

LUCILLE C. ROBERTS
Deputy General Counsel
United States Marshals Service
Washington, D.C.

DAVID B. STINSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tele: (202) 307-0163
Fax: (202) 514-8624

MAY 25, 2006

Attorneys for Defendant

# INDEX TO APPENDIX

Page(s)

October 30, 2000 Indictment . . . . . . . . . . 1

January 31, 2003 Judgment . . . . . . . . . . 50

November 20, 2002 petition filed by Robert J. Frank (including exhibits 1-3) . . . . . . . . . . 57

July 9, 2003 letter to Dubuque County Recorder . . . . . . . . . . 78

Undated dismissal of petition filed by Robert J. Frank . . . . . . . . . . 80

Declaration of Richard L. Murphy . . . . . . . . . . 82

Declaration of Marty McLaughlin . . . . . . . . . . 84

Declaration of Charles W. Larson, Sr. . . . . . . . . . . 86

## E. MAIL FRAUD

On or about the following dates, within the Northern District of Iowa and elsewhere, each defendant specified below, having devised and participated in the above-described scheme and artifice to defraud, for the purpose of executing and in order to effect the scheme and artifice to defraud, did knowingly cause to be sent, delivered, and moved by the United States Postal Service the following articles of mail:

| Count | Date | Defendant | Item mailed |
|---|---|---|---|
| 1 | 07/02/98 | ROBERT H. FRANK | United States Department of Justice Financial Statement |
| 2 | 10/01/98 | ROBERT H. FRANK | United States Probation Office Monthly Supervision Report |
| 3 | 10/30/98 | ROBERT H. FRANK | United States Probation Office Monthly Supervision Report |
| 4 | 12/01/98 | ROBERT H. FRANK | United States Probation Office Monthly Supervision Report |
| 5 | 12/29/98 | ROBERT H. FRANK | United States Probation Office Monthly Supervision Report |
| 6 | 01/12/99 | ROBERT H. FRANK<br>KIMBERLY K. WELCH | Letter dated January 11, 1999 to the U.S. Attorney's Office from "Irvin Valentine" |
| 7 | 05/01/99 | ROBERT H. FRANK | United States Probation Office Monthly Supervision Report |
| 8 | 07/03/99 | ROBERT H. FRANK | United States Probation Office Monthly Supervision Report |
| 9 | 07/08/99 | ROBERT H. FRANK<br>KIMBERLY K. WELCH | Letter dated July 08,1999 to the U.S. Attorney's Office from "Irvin Valentine" |

| | | | |
|---|---|---|---|
| **10** | 07/31/998 | ROBERT H. FRANK | United States Probation Office Monthly Supervision Report |
| **11** | 10/05/99 | ROBERT H. FRANK | United States Probation Office Monthly Supervision Report |
| **12** | 11/03/99 | ROBERT H. FRANK | United States Probation Office Monthly Supervision Report |
| **13** | 12/03/99 | ROBERT H. FRANK | United States Probation Office Monthly Supervision Report |
| **14** | 01/02/00 | ROBERT H. FRANK | United States Probation Office Monthly Supervision Report |
| **15** | 01/10/00 | ROBERT H. FRANK | A motor vehicle title for a 1995 Dodge Dakota pick-up mailed from Simmons Auto Sales to KW Sales in Dubuque, Iowa. |
| **16** | 01/24/00 | ROBERT H. FRANK<br>LORIN A. AHLERS | Letter received 01/27/00 by the U.S. Attorney's Office from "Irvin Valentine" |
| **17** | January, 2000 | ROBERT H. FRANK<br>KIMBERLY K. WELCH | A motor vehicle title for a 1977 Oldsmobile Cutlass mailed from Tri-State Auto Auction to Cross Creek Stables in Fairfax, Iowa |
| **18** | 03/02/00 | ROBERT H. FRANK | United States Probation Office Monthly Supervision Report |
| **19** | 04/03/00 | ROBERT H. FRANK | United States Probation Office Monthly Supervision Report |
| **20** | 05/02/00 | ROBERT H. FRANK | United States Probation Office Monthly Supervision Report |
| **21** | 05/31/00 | ROBERT H. FRANK | United States Probation Office Monthly Supervision Report |
| **22** | 07/10/00 | ROBERT H. FRANK | United States Probation Office Monthly Supervision Report |

This in violation of Title 18, United States Code, Sections 2 and 1341.

## F. WIRE FRAUD

### COUNT 23

Between about at least March 23,1999, and July 8, 1999, in the Northern District of Iowa and elsewhere, defendants, ROBERT H. FRANK, a/k/a "Butch" Frank, LORIN A. AHLERS and KIMBERLY K. WELCH, having devised and participated in the above-described scheme and artifice to defraud, for the purpose of executing and attempting to execute the scheme and artifice, did transmit and cause to be transmitted in interstate commerce by means of a wire communication, certain signs and signals, (regarding a 1954 Corvette located in the Northen District of Iowa), that were viewed by Roger Ludwig in California, law enforcement officers in The Northern District of Iowa, and others, that being, an Internet advertisement on the "www.vettefinders.com" website, which stated:

> **1954** Convertible. 6 cylinder, 42,000 Miles. White with red coves. Car has been in storage a number of years, I am second owner, it is in need of restoration, all parts are here, not disassembled. $16,000/firm.
> Kim 319-588-2358 Email: dbq2ptsi@pcii.net
> 3/23/99

This in violation of Title 18, United States Code, Sections 2 and 1343.

### COUNT 24

On or about April 29, 1999, defendants, ROBERT H. FRANK, a/k/a "Butch" Frank, and LORIN A. AHLERS, having devised and participated in the above-described scheme and artifice to defraud, for the purpose of executing and attempting to execute

the scheme and artifice, did transmit and cause to be transmitted in interstate commerce, by means of a wire communication, certain signs and signals, (regarding a 1954 Corvette located in the Northen District of Iowa), that is, an e-mail communication transmitted via the Internet from Potosi, Wisconsin, to Roger Ludwig in California, which stated in part:

> Make the check out to "Lorin Ahlers." I will have the title and will be able to write out the receipt. If it's not too much trouble can you make out 4 different checks, if it is don't (It just makes them easier to cash).

This in violation of Title 18, United States Code, Sections 2 and 1343.

**COUNT 25**

On or about April 30, 1999, defendants, ROBERT H. FRANK, a/k/a "Butch" Frank, KIMBERLY K. WELCH and LORIN A. AHLERS, having devised and participated in the above-described scheme and artifice to defraud, for the purpose of executing and attempting to execute the scheme and artifice, did transmit and cause to be transmitted in interstate commerce to the Northern District of Iowa, by means of a wire communication, certain signs and signals,(regarding a 1954 Corvette located in the Northen District of Iowa), that is, an e-mail communication transmitted via the Internet from Potosi, Wisconsin, to Roger Ludwig in California, which stated:

> Roger,
> I understand your concern. Kim is a she, she and I are selling the car for someone else who can't receive large sums of money due to circumstances I can't explain. This gentleman will be there to verify the sale. There is nothing illegal about this transaction. Sorry to make this any more difficult than it is.
> Lorin Ahlers

This in violation of Title 18, United States Code, Sections 2 and 1343.

## COUNT 26

On or about June 28, 1999, defendants, ROBERT H. FRANK, a/k/a "Butch" Frank, and LORIN A. AHLERS, having devised and participated in the above-described scheme and artifice to defraud, for the purpose of executing and attempting to execute the scheme and artifice, did transmit and cause to be transmitted in interstate commerce to the Northern District of Iowa, by means of a wire communication, certain signs and signals, that is, an e-mail communication transmitted via the Internet from Potosi, Wisconsin, to Pat Cobb in Cedar Rapids, Iowa, which stated:

> Pat,
> I talked to the owner (Butch) about your offer. He said the minimum he would take for the Vette is $15,000. He said that is his bottom dollar. If this works for you let me know, if not sorry.
> Lorin

This in violation of Title 18, United States Code, Sections 2 and 1343.

## COUNT 27

On or about June 30, 1999, defendants, ROBERT H. FRANK, a/k/a "Butch" Frank, and LORIN A. AHLERS, having devised and participated in the above-described scheme and artifice to defraud, for the purpose of executing and attempting to execute the scheme and artifice, did transmit and cause to be transmitted in interstate commerce to the Northern District of Iowa, by means of a wire communication, certain signs and signals, that is, an e-mail communication transmitted via the Internet from Potosi, Wisconsin, to Pat Cobb in Cedar Rapids, Iowa, which stated:

> Pat,
> Thursday after 3p.m. will work for Butch and I. As to payment, It needs to be cash or cashiers checks (5 of them at $3,000, made out to me: Lorin

Ahlers) $15,000 is the agreed upon price. Both of us will be there with the title if you want to be there Thursday afternoon. Call me or e-mail me. Thanks.

Lorin

This in violation of Title 18, United States Code, Sections 2 and 1343.

**CONSPIRACY TO DEFRAUD THE UNITED STATES**

**COUNT 28**

Between about February,1998, and the present, in the Northern District of Iowa and elsewhere, the defendants, ROBERT H. FRANK, a/k/a "Butch" Frank, KIMBERLY K. WELCH, and LORIN A. AHLERS, knowingly and willfully combined, conspired, confederated and agreed with each other, and with other persons known and unknown to the grand jury, to defraud the United States of and concerning its governmental functions and rights, hereafter described, that is:

(a) of and concerning its right to have its business and its affairs, and particularly the supervision of parolees by the United States Parole Commission and the United States Probation Office, conducted free from corruption, fraud, dishonesty, unlawful impairment and obstruction;

(b) of and concerning its right to enforce, execute, and implement the lawful judgment and sentence of the United States District Court, free from corruption, fraud, dishonesty, unlawful impairment and obstruction;

(c) of and concerning its right to have its business and its affairs, and particularly the collection of financial judgments by the Department of Justice, Office of United States Attorney, and proceedings related thereto,

conducted free from corruption, fraud, dishonesty, unlawful impairment and obstruction;

At all times relevant to the foregoing allegation, the United States and agencies of the United States performed the functions set out above at paragraphs A(2)(c) through A(2)(i) of this indictment, each of which is incorporated as is set out herein.

MANNER AND MEANS OF THE CONSPIRACY

1. It was a part of the conspiracy that the defendants would by deceit, craft, trickery and dishonest means, defraud the United States by interfering with and obstructing the lawful governmental functions of the United States Courts, United States Parole Commission, United States Probation Office, and the Department of Justice.

2. It was a part of the conspiracy that defendant, ROBERT H. FRANK, transferred or gave assets in which he had an ownership interest, to others, for little or no consideration.

3. It was part of the conspiracy that defendant, ROBERT H. FRANK, enlisted the services and assistance of LORIN A. AHLERS, KIMBERLY K. WELCH and others to conduct personal and business transactions, including financial transactions, in a manner that concealed defendant ROBERT H. FRANK's true personal involvement and financial interest in those transactions.

4. It was part of the conspiracy that defendants, ROBERT H. FRANK, LORIN A. AHLERS, KIMBERLY K. WELCH and others, made false, misleading and incomplete statements and reports, to the United States and others, regarding defendant ROBERT

H. FRANK's income, assets, earning potential and true financial interest in a variety of personal and business transactions and assets.

5. It was part of the conspiracy that defendant ROBERT H. FRANK made no payments or only nominal payments on his court-ordered financial judgment despite being financially able and obligated to pay more.

6. It was part of the conspiracy that defendant ROBERT H. FRANK would acquire assets using straw purchasers or nominee names to conceal his true ownership interest in those assets.

7. It was part of the conspiracy that ROBERT H. FRANK and KIMBERLY K. WELCH formed a shell business called "K.W. Sales," in an attempt to legitimize their fraudulent dealings and to conceal ROBERT H. FRANK's income and true financial interest in numerous "business" transactions of K.W. Sales.

8. It was part of the conspiracy that KIMBERLY K. WELCH used her checking account at EDSB through which to launder income and financial proceeds attributable to ROBERT H. FRANK.

9. It was part of the conspiracy that financial transactions were frequently conducted with or converted to cash in an effort to conceal the transfer of the proceeds of fraudulent activity.

10. It was part of the conspiracy that vehicle sales receipts registrations were often falsified in an effort to conceal the actual purchase price of a vehicle.

<u>OVERT ACTS</u>

In furtherance of the conspiracy and to achieve the objects thereof, the



37

defendants and their co-conspirators, committed and caused to be committed one or more of the overt acts described above in section **D** of this indictment; each use of the mails described above in section **E** of this indictment; and each use of the wire described above in section **F** of this indictment, each of which is incorporated as if set forth herein.

This in violation of Title 18, United States Code, Section 371.

**FALSE STATEMENTS**

**COUNTS 29-44**

On or about each date specified below, in the Northern District of Iowa, in a matter within the jurisdiction of the United States District Court for the Northern District of Iowa, part of the judicial branch of the United States, the defendant, ROBERT H. FRANK, a/k/a "Butch" Frank, did knowingly and willfully: (1) make a materially false, fictitious and fraudulent statement and representation; and (2) make and use a false writing and document, knowing the same to contain a materially false, fictitious and fraudulent statement and entry. Specifically, defendant submitted monthly financial statements for the months specified below to the United States Probation Office for the Northern District of Iowa, which contained false statements, including those summarized below, which defendant knew were false at the time the statements were submitted.

Each count summarized below is in violation of Title 18, United States Code, Section 1001.

| COUNT | Date | Month | False Statement |
|---|---|---|---|
| **Count 29** | 10/01/98 | September 1998 | Defendant falsely reported no employment or income and reported owning only a 1994 Chevrolet Metro, when in fact defendant was working buying and repairing cars for resale and had sold one car to Kimberly Welch and one to Jacqueline Schoenauer. Defendant also falsely failed to report his ownership interest in a 1988 Pontiac Bonneville; 1988 Toyota Celica; 1986 Ford Bronco II; 1954 Chevrolet Corvette; 1987 Chevrolet Blazer; 1992 Chevrolet Blazer; 1986 Chevrolet Spectrum; 1988 Toyota Celica and other vehicles. |
| **Count 30** | 10/30/98 | October 1998 | Defendant falsely reported no employment or income and reported only owning a 1994 Chevrolet Metro, when in fact defendant was working buying and repairing cars for resale and had sold two cars to Chase Auto Parts. Defendant also falsely failed to report his ownership interest in a 1954 Chevrolet Corvette; 1987 Chevrolet Blazer; 1992 Chevrolet Blazer; 1986 Chevrolet Spectrum; 1988 Toyota Celica: 1987 Ford Bronco II and other vehicles. |
| **Count 31** | 12/01/98 | November 1998 | Defendant falsely reported no employment or income and reported only owning a 1994 Chevrolet Metro, when in fact defendant was working buying and repairing cars for resale and had sold the 1987 Chevrolet Blazer to Richard Langkamp. Defendant also falsely failed to report his ownership interest in a 1954 Chevrolet Corvette; 1992 Chevrolet Blazer; 1986 Chevrolet Spectrum; 1988 Toyota Celica; 1987 Ford Bronco II and other vehicles. |

| | | | |
|---|---|---|---|
| **Count 32** | 12/29/98 | December 1998 | Defendant falsely reported no employment and reported only owning a 1994 Chevrolet Metro, when in fact defendant was working buying and repairing cars for resale. Defendant also falsely failed to report his ownership interest in a 1954 Chevrolet Corvette; 1992 Chevrolet Blazer; 1986 Chevrolet Spectrum; 1988 Toyota Celica; 1987 Ford Bronco II; 1986 Ford Aerostar and other vehicles. |
| **Count 33** | 05/01/99 | April 1999 | Defendant falsely reported a total of only $200.00 in income for the month. However, defendant's 1987 Ford Bronco II was sold for $1,700.00 and Chase Auto paid defendant $4,425.00 for work done on two cars by defendant. Defendant falsely failed to report money received for work done for Sproule Construction, totaling about $1,553.68 for the month. Defendant also falsely failed to report his ownership interest in a 1954 Chevrolet Corvette; 1992 Chevrolet Blazer; 1986 Chevrolet Spectrum; and other vehicles. |
| **Count 34** | 07/03/99 | June 1999 | Defendant falsely reported a total of only $200.00 in income for the month. Defendant falsely failed to report money received for work done for Sproule Construction, totaling about $3,468.92 for the month. Defendant falsely failed to report his ownership interest in a 1954 Chevrolet Corvette; 1992 Chevrolet Blazer; 1986 Chevrolet Spectrum; 1993 Chevrolet S10 Blazer and other vehicles. |

| | | | |
|---|---|---|---|
| **Count 35** | 07/31/99 | July 1999 | Defendant falsely reported a total of only $200.00 in income for the month. Defendant falsely failed to report money received for work done for Sproule Construction, totaling about $3,540.46 for the month. Defendant also sold the1986 Chevrolet Spectrum for $1,800.00; sold the 1992 Chevrolet Blazer for $3,100.00; and sold the 1954 Chevrolet Corvette for $15,000.00. Defendant also falsely failed to report his ownership interest in a 1984 Ford Bronco and other vehicles. |
| **Count 36** | 10/05/99 | September 1999 | Defendant falsely reported a total of only $200.00 in income for the month. Defendant failed to report money received for work done for Sproule Construction, totaling about $4,062.48 for the month. Defendant also falsely failed to report his ownership interest in a 1984 Chevy Blazer; 1984 Ford Bronco; and other vehicles. |
| **Count 37** | 11/03/99 | October 1999 | Defendant falsely reported a total of only $200.00 in income for the month. Defendant falsely failed to report money received for work done for Sproule Construction, totaling about $2,280 for the month. Defendant also falsely failed to report his ownership interest in a 1984 Chevy Blazer; 1984 Ford Bronco; and other vehicles. |
| **Count 38** | 12/03/99 | November 1999 | Defendant falsely reported a total of only $200.00 in income for the month. Defendant falsely failed to report money received for work done for Sproule Construction, totaling about $1,562.92 for the month. Defendant also falsely failed to report his ownership interest in a 1984 Chevy Blazer; 1984 Ford Bronco and other vehicles. |

| | | | |
|---|---|---|---|
| **Count 39** | 01/02/00 | December 1999 | Defendant falsely reported a total of only $200.00 in income for the month. Defendant falsely failed to report money received for work done for Sproule Construction, totaling about $1,562.92 for the month. Defendant also falsely failed to report his ownership interest in a 1984 Chevy Blazer; 1984 Ford Bronco; 1994 Dodge Grand Caravan; 1995 Dodge Dakota pick-up truck; and other vehicles. |
| **Count 40** | 03/02/00 | February 2000 | Defendant falsely reported a total of only $50.00 in income for the month. Defendant falsely failed to report money received for work done for Sproule Construction, totaling about $2,995.56 for the month. Defendant also falsely failed to report his ownership interest in a 1984 Chevy Blazer; 1984 Ford Bronco; 1994 Dodge Grand Caravan; 1977 Oldsmobile Cutlass; and other vehicles. |
| **Count 41** | 04/03/00 | March 2000 | Defendant falsely reported no income for the month. Defendant falsely failed to report he sold the 1984 Chevy Blazer for $2,300 and a car in trade. Defendant falsely failed to report $2,500 received for the sale of the 1984 Ford Bronco. Defendant falsely failed to report $3,800.00 received for the sale of the 1994 Dodge Grand Caravan. Defendant also falsely failed to report his ownership interest in a 1987 Pontiac Grand Am; 1977 Oldsmobile Cutlass; and other vehicles. |
| **Count 42** | 05/02/00 | April 2000 | Defendant falsely failed to report his ownership interest in a 1987 Pontiac Grand Am; 1988 Buick Century; 1988 Chrysler Lebaron; 1977 Oldsmobile Cutlass; and other vehicles. |

| | | | |
|---|---|---|---|
| **Count 43** | 05/31/00 | May 2000 | Defendant falsely failed to report his ownership interest in a 1987 Pontiac Grand Am; 1988 Buick Century; 1988 Chrysler Lebaron; 1977 Oldsmobile Cutlass; 1984 Oldsmobile Cutlass and other vehicles. |
| **Count 44** | 07/10/00 | June 2000 | Defendant falsely failed to report his ownership interest in a 1987 Pontiac Grand Am; 1988 Buick Century; 1988 Chrysler Lebaron; 1984 Oldsmobile Cutlass; 1982 Oldsmobile Cutlass and other vehicles. |

## OBSTRUCTION OF JUSTICE (AIDING AND ABETTING)

## COUNT 45

Beginning in about 1998 and continuing through about the present date in 2000, in the Northern District of Iowa and elsewhere, defendants, ROBERT H. FRANK, a/k/a "Butch Frank", KIMBERLY K. WELCH, and LORIN A. AHLERS, did corruptly influence, obstruct, impede, and endeavor to corruptly influence, obstruct and impede, the due administration of justice in the administration, supervision, and execution of the criminal judgment imposed in the case of United States of America v. Robert Frank, No. CR 87-1010, in the United States District Court for the Northern District of Iowa, by engaging in false, fraudulent and deceptive conduct designed to prevent, hinder, deter and minimize the efforts of the United States to collect on the criminal judgment and to otherwise supervise and execute the sentence imposed in the above-referenced matter.

This in violation of Title 18, United States Code, Sections 2 and1503.

## MONEY LAUNDERING
## (AIDING AND ABETTING)

### COUNT 46

Between about March 23, 1999 and about September 14, 1999, in the Northern District of Iowa and elsewhere, defendants ROBERT H. FRANK, a/k/a "Butch" Frank, KIMBERLY K. WELCH, and LORIN A. AHLERS, did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate commerce, to wit, the sale and transfer of title to a 1954 Corvette from ROBERT H. FRANK to another individual, which transaction involved the proceeds of specified unlawful activity (obstruction of justice, in violation of Title 18, United States Code, Section 1503; mail fraud, in violation of Title 18, United States Code, Section 1341; and wire fraud, in violation of Title 18, United States Code, Section 1343), knowing that the transaction was designed in whole and in part to conceal and disguise, the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is, a 1954 Corvette and five $3,000 cashier's checks, represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

### COUNT 47

Between about December 29, 1999 and about February 9, 2000, in the Northern District of Iowa and elsewhere, defendants ROBERT H. FRANK, a/k/a "Butch" Frank, and KIMBERLY K. WELCH, did knowingly and willfully conduct and attempt to conduct

a financial transaction affecting interstate commerce, to wit: the purchase of a 1995 Dodge Dakota pick-up truck from Simmons Auto Sales, Lewiston, Illinois, and the transfer of title to that vehicle to K.W. Sales, Dubuque, Iowa, which transaction involved the proceeds of specified unlawful activity (obstruction of justice, in violation of Title 18, United States Code, Section 1503; mail fraud, in violation of Title 18, United States Code, Section 1341; and wire fraud, in violation of Title 18, United States Code, Section 1343), knowing that the transaction was designed in whole and in part to conceal and disguise, the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is, a 1995 Dodge Dakota pick-up and approximately $2,600.00, represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

**COUNT 48**

Between about December 30, 1999 and about May 5, 2000, in the Northern District of Iowa and elsewhere, defendants ROBERT H. FRANK, a/k/a "Butch" Frank, and KIMBERLY K. WELCH did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate commerce, to wit: the purchase of a 1977 Oldsmobile Cutlass from Tri-State Auto Auction in Cuba City, Wisconsin, and the transfer of title to that vehicle to Cross Creek Stables, Fairfax, Iowa, which transaction involved the proceeds of specified unlawful activity (obstruction of justice, in violation of Title 18, United States Code, Section 1503; mail fraud, in violation of Title 18, United

States Code, Section 1341; and wire fraud, in violation of Title 18, United States Code, Section 1343), knowing that the transaction was designed in whole and in part to conceal and disguise, the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is, a 1977 Oldsmobile and approximately $1,685.00, represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

**COUNT 49**

During about 1998, 1999, and 2000, in the Northern District of Iowa and elsewhere, defendants, ROBERT H. FRANK, a/k/a "Butch" Frank, KIMBERLY K. WELCH, and LORIN A. AHLERS, did knowingly and unlawfully combine, conspire, confederate and agree with persons whose names are known and unknown to the Grand Jury to commit the following crimes against the United States:

(1) to conduct and attempt to conduct one or more financial transactions involving proceeds of specified unlawful activity (obstruction of justice, in violation of Title 18, United States Code, Section 1503; mail fraud, in violation of Title 18, United States Code, Section 1341; and wire fraud, in violation of Title 18, United States Code, Section 1343), knowing that the property involved in any such financial transaction involved the proceeds of some form of unlawful activity, in an effort to conceal or disguise the nature, location, source, ownership, or control of said proceeds, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(2) to knowingly engage in, attempt to engage in, cause, and aid and abet others in engaging in, monetary transactions in criminally derived property having a value greater than $10,000, in violation of 18 U.S.C. §1957.

OVERT ACTS

In furtherance of the conspiracy and to achieve the objects thereof, the defendants and their co-conspirators, committed and caused to be committed one or more of the overt acts described in section **D** of this indictment, each of which is incorporated as if set forth herein.

This in violation of Title 18, United States Code, Section 1956(h).

**FORFEITURE**

**COUNT 50**

In committing one or more of the felony offenses alleged in Counts 46 through 49 of this Indictment, any property of the defendants ROBERT H. FRANK, LORIN A. AHLERS and KIMBERLY K. WELCH, real or personal, or any property traceable to such property, involved in the commission of one or more of the felony offenses alleged in Counts 46 through 49 of this Indictment, shall be forfeited to the United States as a result of the commission of the aforesaid violations of 18 U.S.C. §§ 1341, 1343, 1503 and 1956, including but not limited to the following:

1. REAL PROPERTY

All that lot or parcel of land, together with its buildings, improvements, fixtures, attachments and easements, described as:

A. Section 2 LOT 1-2-2-1-1-2-28
Section 2 LOT 1-2-2-1-1-2-29
Section 2 LOT 1-1-2-30

All located on Gardner's Lane, Dubuque, Iowa and titled under the name "Robert J. Frank."

B. 482 Wyota Street, East Dubuque, Illinois, titled in the name of "Kimberly K. Welch," further described as:

The easterly 2/3rds of Lot Number twelve (12) and the westerly 2/3rds of lot number thirteen (13) in block number twenty (20) in the city of East Dubuque, (formerly Dunleith) and as according to the recorded plat thereof.

2. VEHICLES

Any and all motor vehicles in which ROBERT H. FRANK or KIMBERLY K. WELCH currently have a financial interest, including but not limited to the following: 1967 Chevrolet truck; 1988 Chrysler Lebaron; 1990 Pontiac Grand Am; 1983 Chevrolet S-10 pickup; 1958 El Dorado convertible;1963 Bonneville convertible; 1962 SS Super Sport; 1963 Falcon convertible, two 1966 Buick Skylark convertibles, a 1968 or 1969 Cutlass convertible; 1969 Firebird convertible; 1958 Buick Century two-door hard-top; a 1956 and a 1957 Coupe de Ville; 1970 Mustang convertible; and a 1966 Studebaker.

3. CASH PROCEEDS

At least $50,000 in United States currency, which are proceeds or are traceable to proceeds involved in the violations stated in Counts 46-49 or property traceable to such proceeds.

By virtue of the commission of one or more of the felony offenses charged in Counts 46-49 of this Indictment by the defendants, ROBERT H. FRANK, LORIN A.

AHLERS and KIMBERLY K. WELCH, any and all interest they have in the above-described property is forfeited to the United States pursuant to 18 U.S.C. § 982(a)(1).

A TRUE BILL

Foreman

10/30/2000

Date

STEPHEN J. RAPP
United States Attorney

By:

RICHARD L. MURPHY
Assistant United States Attorney

AO 245B (Rev. 3/01) Judgment in a Crimi ase
Sheet 1

FILED
U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA
2003 FEB -3 PM 12:54
CEDAR RAPIDS HDQTRS. OFFICE

# United States District Court

## NORTHERN DISTRICT OF IOWA

UNITED STATES OF AMERICA
V.
ROBERT H. FRANK, a/k/a "Butch" Frank

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: **CR 00-1015-1-RTD & CR 01-1005-RTD**

**Wallace L. Taylor, Attorney at Law**
Defendant's Attorney

**THE DEFENDANT:**

☐ pleaded guilty to count(s) ______

☐ pleaded nolo contendere to count(s) ______ which was accepted by the court.

■ was found guilty on count(s) **1-22, 23-27, 28, 29-44, 45, 46, and 49 of the 50-count 10/30/2000 Indictment (CR 00-1015-1) and counts 1 and 2 of the two-count 03/21/2001 Indictment (CR 01-1005)** after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

**CR 00-1015-1-RTD**

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§ 2 and 1341 | Mail Fraud | 07/02/1998 | 1 |
| 18 U.S.C. §§ 2 and 1341 | Mail Fraud | 10/01/1998 | 2 |
| 18 U.S.C. §§ 2 and 1341 | Mail Fraud | 10/30/1998 | 3 |
| 18 U.S.C. §§ 2 and 1341 | Mail Fraud | 12/01/1998 | 4 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment, along with an attachment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

■ The defendant has been found not guilty on count(s) **47 and 48 of the 50-count 10/30/2000 Indictment (CR 00-1015-1)**

☐ Count(s) ______ are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: [redacted]

Defendant's Date of Birth: [redacted]

Defendant's USM No.: [redacted]

Defendant's Residence Address:

[redacted]

Defendant's Mailing Address:

Same as above

**January 30, 2003**
Date of Imposition of Judgment

Signature of Judicial Officer

**Robert T. Dawson**
**U.S. District Court Judge**
Name and Title of Judicial Officer

January 31, 2003
Date

Copies mailed on 2/3/03 to counsel of record, pro se parties and others as shown on this docket sheet.
Deputy Clerk USM, USP

050

I, the undersigned Clerk of the United States District court for the Northern District of Iowa, do certify that the foregoing is a true copy of an original document remaining on file and record in my office.
WITNESS my hand and seal of said Court this 3 day of Feb, 2003
James D. Hodges, Jr., Clerk
By: ______ Deputy

AO 245B (Rev. 9/00) Judgment in a Criminal Case
Sheet 1 — Reverse



DEFENDANT: ROBERT H. FRANK, a/k/a "Butch" Frank
CASE NUMBER: CR 00-1015-1-RTD & CR 01-1005-RTD

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numb |
|---|---|---|---|
| **CR 00-1015-1-RTD (cont'd)** | | | |
| 18 U.S.C. §§ 2 and 1341 | Mail Fraud | 12/29/1998 | 5 |
| 18 U.S.C. §§ 2 and 1341 | Mail Fraud | 01/12/1999 | 6 |
| 18 U.S.C. §§ 2 and 1341 | Mail Fraud | 05/01/1999 | 7 |
| 18 U.S.C. §§ 2 and 1341 | Mail Fraud | 07/03/1999 | 8 |
| 18 U.S.C. §§ 2 and 1341 | Mail Fraud | 07/08/1999 | 9 |
| 18 U.S.C. §§ 2 and 1341 | Mail Fraud | 07/31/1999 | 10 |
| 18 U.S.C. §§ 2 and 1341 | Mail Fraud | 10/05/1999 | 11 |
| 18 U.S.C. §§ 2 and 1341 | Mail Fraud | 11/03/1999 | 12 |
| 18 U.S.C. §§ 2 and 1341 | Mail Fraud | 12/03/1999 | 13 |
| 18 U.S.C. §§ 2 and 1341 | Mail Fraud | 01/02/2000 | 14 |
| 18 U.S.C. §§ 2 and 1341 | Mail Fraud | 01/10/2000 | 15 |
| 18 U.S.C. §§ 2 and 1341 | Mail Fraud | 01/24/2000 | 16 |
| 18 U.S.C. §§ 2 and 1341 | Mail Fraud | 01/2000 | 17 |
| 18 U.S.C. §§ 2 and 1341 | Mail Fraud | 03/02/2000 | 18 |
| 18 U.S.C. §§ 2 and 1341 | Mail Fraud | 04/03/2000 | 19 |
| 18 U.S.C. §§ 2 and 1341 | Mail Fraud | 05/02/2000 | 20 |
| 18 U.S.C. §§ 2 and 1341 | Mail Fraud | 05/31/2000 | 21 |
| 18 U.S.C. §§ 2 and 1341 | Mail Fraud | 07/10/2000 | 22 |
| 18 U.S.C. §§ 2 and 1343 | Wire Fraud | 07/08/1999 | 23 |
| 18 U.S.C. §§ 2 and 1343 | Wire Fraud | 04/29/1999 | 24 |
| 18 U.S.C. §§ 2 and 1343 | Wire Fraud | 04/30/1999 | 25 |
| 18 U.S.C. §§ 2 and 1343 | Wire Fraud | 06/28/1999 | 26 |
| 18 U.S.C. §§ 2 and 1343 | Wire Fraud | 06/30/1999 | 27 |
| 18 U.S.C. § 371 | Conspiracy to Defraud the United States | 10/30/2000 | 28 |
| 18 U.S.C. § 1001 | Making False Statements | 10/01/1998 | 29 |
| 18 U.S.C. § 1001 | Making False Statements | 10/30/1998 | 30 |
| 18 U.S.C. § 1001 | Making False Statements | 12/01/1998 | 31 |
| 18 U.S.C. § 1001 | Making False Statements | 12/29/1998 | 32 |
| 18 U.S.C. § 1001 | Making False Statements | 05/01/1999 | 33 |
| 18 U.S.C. § 1001 | Making False Statements | 07/03/1999 | 34 |
| 18 U.S.C. § 1001 | Making False Statements | 07/31/1999 | 35 |
| 18 U.S.C. § 1001 | Making False Statements | 10/05/1999 | 36 |
| 18 U.S.C. § 1001 | Making False Statements | 11/03/1999 | 37 |
| 18 U.S.C. § 1001 | Making False Statements | 12/03/1999 | 38 |
| 18 U.S.C. § 1001 | Making False Statements | 01/02/2000 | 39 |
| 18 U.S.C. § 1001 | Making False Statements | 03/02/2000 | 40 |
| 18 U.S.C. § 1001 | Making False Statements | 04/03/2000 | 41 |
| 18 U.S.C. § 1001 | Making False Statements | 05/02/2000 | 42 |
| 18 U.S.C. § 1001 | Making False Statements | 05/31/2000 | 43 |
| 18 U.S.C. § 1001 | Making False Statements | 07/10/2000 | 44 |
| 18 U.S.C. §§ 2 and 1503 | Obstruction of Justice | 10/30/2000 | 45 |
| 18 U.S.C. §§ 2 and 1956(a)(1)(B)(i) | Money Laundering (Aiding and Abetting) | 09/14/1999 | 46 |
| 18 U.S.C. §§ 1956(a)(1)(B)(i), 1956(h), and 1957 | Conspiracy to Commit Money Laundering by Engaging in a Financial Transaction to Conceal the Proceeds of Unlawful Activity | 2000 | 47 |
| **CR 01-1005-RTD** | | | |
| 18 U.S.C. § 2232 | Removal of a 1988 Chrysler LeBaron to Prevent Seizure by U.S. Government | 06/15/2000 | 1 |
| 18 U.S.C. § 1503 | Obstruction of Justice | 06/2000 | 2 |

DEFENDANT: **ROBERT H. FRANK, a/k/a "Butch" Frank**
CASE NUMBER: **CR 00-1015-1-RTD & CR 01-1005-RTD**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **100 months. This term of imprisonment consists of a 60-month term imposed on each of Counts 1 through 45, and a 100-month term imposed on each of Counts 46 and 49 in CR 00-1015-1, and a 60-month term imposed on each of Counts 1 and 2 in CR 01-1005, with all terms of imprisonment to run concurrently with each other.**

☐ The court makes the following recommendations to the Bureau of Prisons:

■ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

- ☐ at ______________ ☐ a.m. ☐ p.m. on ______________________ .
- ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

- ☐ before 2 p.m. on ____________________ .
- ☐ as notified by the United States Marshal.
- ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_______________________________________________

_______________________________________________

_______________________________________________

Defendant delivered on ______________________ to ______________________

at ______________________ , with a certified copy of this judgment.

______________________________
UNITED STATES MARSHAL

By ______________________________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: ROBERT H. FRANK, a/k/a "Butch" Frank
CASE NUMBER: CR 00-1015-1-RTD & CR 01-1005-RTD

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 3 years. **This term of supervised release consists of a 3-year term of supervised release imposed on Counts 1-22, 23-27, 29-44, 45, 46, and 49 of CR 00-1015-1 and Counts 1 and 2 of CR 01-1005, with all terms of supervised release to run concurrently with each other.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994*:

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

■ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

■ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **ROBERT H. FRANK, a/k/a "Butch" Frank**
CASE NUMBER: **CR 00-1015-1-RTD & CR 01-1005-RTD**

## SPECIAL CONDITIONS OF SUPERVISION

1) You shall pay any financial penalty that is imposed by this judgment, as well as any financial penalty remaining to be paid in Northern District of Iowa Case No. CR 87-1010-001-DRH.

2) You shall provide the probation officer with access to any requested financial information.

3) You shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless you are in compliance with the installment payment schedule.

DEFENDANT: ROBERT H. FRANK, a/k/a "Butch" Frank
CASE NUMBER: CR 00-1015-1-RTD & CR 01-1005-RTD

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 4,900 | $ 5,000 | $ 0 |

☐ The determination of restitution is deferred until ______. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| **TOTALS** | $______ | $______ | |

☐ If applicable, restitution amount ordered pursuant to plea agreement $ ______

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

■ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

■ the interest requirement is waived for the ■ fine and/or ☐ restitution.

☐ the interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

055

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: **ROBERT H. FRANK, a/k/a "Butch" Frank**
CASE NUMBER: **CR 00-1015-1-RTD & CR 01-1005-RTD**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ Lump sum payment of $ ____________ due immediately, balance due

☐ not later than ____________________, or
☐ in accordance with ☐ C, ☐ D, or ☐ E below; or

B ■ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ■ E below); or

C ☐ Payment in ________ (e.g., equal, weekly, monthly, quarterly) installments of $ __________ over a period of ________ (e.g., months or years), to commence ________ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in ________ (e.g., equal, weekly, monthly, quarterly) installments of $ __________ over a period of ________ (e.g., months or years), to commence ________ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ■ Special instructions regarding the payment of criminal monetary penalties:

**While incarcerated, the defendant shall make monthly payments of $25 or 10% of his quarterly prison earnings, whichever is greater.**

**While on supervised release, the defendant shall make monthly payments of at least 10% of his monthly income or not less than $50 per month, whichever is greater.**

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant Name, Case Number, and Joint and Several Amount:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

■ The defendant shall forfeit the defendant's interest in the following property to the United States:
**As set forth in the Preliminary Order of Forfeiture filed in the Northern District of Iowa on November 1, 2002.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.