No. 06-73C
(Senior Judge Hodges)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ROBERT J. FRANK,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

APPENDIX VOLUME THREE
DEFENDANT'S MOTION TO DISMISS

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

PATRICIA M. McCARTHY
Assistant Director

OF COUNSEL:

LUCILLE C. ROBERTS
Deputy General Counsel
United States Marshals Service
Washington, D.C.

DAVID B. STINSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tele: (202) 307-0163
Fax: (202) 514-8624

MAY 25, 2006

Attorneys for Defendant

## INDEX TO APPENDIX


| | Page(s) |
|---|---|
| October 30, 2000 Indictment | 1 |
| January 31, 2003 Judgment | 50 |
| November 20, 2002 petition filed by Robert J. Frank (including exhibits 1-3) | 57 |
| July 9, 2003 letter to Dubuque County Recorder | 78 |
| Undated dismissal of petition filed by Robert J. Frank | 80 |
| Declaration of Richard L. Murphy | 82 |
| Declaration of Marty McLaughlin | 84 |
| Declaration of Charles W. Larson, Sr. | 86 |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT H. FRANK, a/k/a "Butch" Frank, KIMBERLY K. WELCH and LORIN A. AHLERS,<br><br>Defendants.<br><br>ROBERT J. FRANK,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | ) | NO. CR 00-1015<br><br>PETITIONER ROBERT J. FRANK'S PETITION RE: FORFEITURE (JURY DEMANDED) |

Petitioner Robert J. Frank ("Bobby Frank"), pursuant to 21 U.S.C. § 853(n), submits his Petition asserting his rights, title and/or interests in certain property identified in this Court's Preliminary Order of Forfeiture, filed November 1, 2002.[1] Bobby Frank states:

[1]Petitioner Robert J. Frank makes no claim with respect to the property described in Paragraph 1(b) of the Preliminary Order of Forfeiture (482 Wyota Street) or Paragraph 1(d) (at least $50,000 in cash).

## GARDNER'S LANE PROPERTY

1. Bobby Frank claims a right, title and/or interest in the property described in Paragraph 1(a) of the Preliminary Order of Forfeiture, specifically described as:

> All that lot or parcel of land, together with its buildings, improvements, fixtures, attachments, and easements, described as:
>
> Section 2 LOT 1-2-2-1-1-2-28
> Section 2 LOT 1-2-2-1-1-2-29
> Section 2 LOT 1-1-2-30
>
> All located on Gardner's Lane, Dubuque, Iowa, and titled under the name of "Robert J. Frank."

2. Bobby Frank's right, title and/or interest in the Gardner's Lane property arises from a deed transferring said property from Defendant Robert H. Frank to Petitioner Robert J. Frank on January 6, 1987. See Exhibit "1." The transfer of the property occurred prior to the previous Indictment of Defendant Robert H. Frank on November 19, 1987, and the entry of the Criminal Judgment on April 4, 1988, imposing fines, restitution and other penalties, the avoidance of which forms the basis for the current Indictment of Defendant Robert H. Frank. The United States had constructive notice of the transfer as the January 6, 1987, deed was recorded. The United States was also actually aware of the transfer of property in March of 1988 when Defendant Robert H. Frank informed the United States Probation Office that he had transferred his assets to his son, Petitioner Robert J. Frank.

058



Y:\WP\WPDOCS\Frank\Gardners Lane\Frank Pet Forfeit.wpd\112202

3. In Count 50 of the Indictment, the United States alleges that the Gardner's Lane property is forfeitable as a result of criminal conduct by Defendant Robert H. Frank as set forth in Counts 46 to 49. Counts 46-49 of the Indictment allege conduct occurring in 1998 through 2000, more than ten (10) years after Petitioner Bobby Frank acquired legal title to the property.

4. Title 21, U.S.C. § 853(n)(6)(A) provides that:

> If, after the hearing, the court determines that the petition has established by a preponderance of the evidence that –
>
> > (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> . . .
>
> the court shall amend the order of forfeiture in accordance with its determination.

5. As Petitioner Robert J. Frank acquired legal title to the Gardner's Lane property more than ten (10) years prior to the commission of the offenses alleged against Defendant Robert J. Frank in Paragraphs 46-50 of the Indictment, Petitioner Robert J. Frank's rights, title and interests in the Gardner's Lane property are vested in Petitioner, rather than in Defendant Robert H. Frank, and are superior to any right, title or interest of

059

Defendant Robert H. Frank in the property at the time of the commission of the offense(s) and are superior to any right, title or interest claimed by the United States.

6. The Gardner's Lane property is not subject to forfeiture pursuant to 21 U.S.C. § 853 as the property does not fall within the definition of forfeitable property set forth in § 853(a).

7. Petitioner Robert J. Frank requests an award of his attorneys' fees and expenses incurred in asserting his claim to the Gardner's Lane property pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). The position of the United States that property legally transferred to Petitioner Robert J. Frank more than ten (10) years prior to the offenses committed by Defendant Robert H. Frank, which transfer has been constructively and/or actually known to the United States since the transfer or within a year and a half thereafter, is not substantially justified.

## VEHICLES

8. Paragraph 1(c) of the Preliminary Order of Forfeiture seeks forfeiture of various vehicles. With the exception of 1963 Falcon Convertible,[2] the specifically identified vehicles are stored on the Gardner's Lane property. Between eight and twelve other vehicles not specifically identified in Paragraph 1(c) are also stored on the property. The vehicles

[2]Which was previously removed from the property by Defendant Robert J. Frank or another person(s).

were present on the property at the time of the legal transfer of the property from Defendant Robert H. Frank to Petitioner Robert J. Frank in 1987.

9. On September 16, 2002, Petitioner Robert J. Frank, through counsel, forwarded a letter to Defendant Robert H. Frank (through his counsel) and to the United States revoking any prior consent to store the vehicles on the Gardner's Lane property without charge and stating that a storage charge of $10 per vehicle per day would be imposed commencing October 1, 2002. See Exhibit "2." The vehicles have not been removed and remain on the property.[3]

10. Because "[a]ll right, title, and interest in [forfeitable] property . . . vests in the United States upon the commission of the act giving rise to forfeiture under this section," 21 U.S.C. § 853(c), and because the United States was given written notice of Petitioner Robert J. Frank's intent to impose a storage fee upon the vehicles and an opportunity to remove the vehicles prior to any storage fee accruing, the United States is liable for the storage fees imposed. The storage charges are a lien upon the vehicles pursuant to Iowa Code § 579.1(2).

[3]In the September 16, 2002, letter, Petitioner also indicated his intent to have the vehicles declared abandoned and removed. However, after receipt of a September 19, 2002, letter from Assistant United States Attorney Richard L. Murphy threatening Petitioner with potential criminal charges if he did so, see Exhibit "3," Petitioner elected to not exercise his rights under Iowa law to declare the vehicles abandoned and remove them.

For the above stated reasons, Petitioner Robert J. Frank, respectfully requests the Court to:

a. Hold a hearing on Petitioner Robert J. Frank's Petition, pursuant to 21 U.S.C. § 853(n)(3);

b. Declare that the rights, title and/or interests of Petitioner Robert J. Frank to the property described in Paragraph 1(a) of the Preliminary Order of Forfeiture (Gardner's Lane) are superior to any right, title or interest of Defendant Robert H. Frank or of the United States and that the Preliminary Order of Forfeiture is invalid with respect to that property;

c. Direct the United States to file appropriate documentation in the county where the Gardner's Lane property is located releasing any claim or interest of the United States in the property;

d. Find that the position of the United States with respect to the claimed forfeiture of the Gardner's Lane property is not substantially justified and award Robert J. Frank his attorneys' fees and expenses incurred in contesting said forfeiture pursuant to 28 U.S.C. § 2412(d)(1)(A);

e. Find that Robert J. Frank has a valid claim and lien for storage fees with respect to the vehicles identified in Section 1(c) of the Preliminary Order of Forfeiture (with the exception of the 1963 Falcon Convertible) and any other vehicles on the Gardner's Lane property not owned by Petitioner Robert J. Frank which the United States claims is included in the Preliminary Order of Forfeiture, and direct the United States to pay said storage fees in the amount of $10 per day per vehicle commencing October 1, 2002 until such time as the vehicles are removed from the property; and

f. Award Robert J. Frank such further and other relief as is just and equitable.

## JURY DEMAND

Petitioner Robert J. Frank demands trial by jury of all issues so triable pursuant to the Seventh Amendment to the Constitution of the United States.

## VERIFICATION

I am the Petitioner, Robert J. Frank. I have read the contents of the foregoing Petition and the statements contained therein are true to the best of my knowledge and belief. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 20th day of November, 2002.

ROBERT J. FRANK

Subscribed and sworn to before me this 20 day of November, 2002.

NOTARY PUBLIC IN AND FOR THE STATE OF IOWA

My Commission Expires: 10/11/04

Respectfully submitted,

WEBB L. WASSMER
SIMMONS, PERRINE, ALBRIGHT
& ELLWOOD, P.L.C.
115 3RD STREET S.E., SUITE 1200
CEDAR RAPIDS, IOWA 52401
(319) 366-7641 (telephone)
(319) 366-1917 (facsimile)
wwassmer@simmonsperrine.com

ATTORNEYS FOR PETITIONER
ROBERT J. FRANK

064

Copy to:

Charles W. Larson, Sr.
United States Attorney
Richard L. Murphy
Martin J. McLaughlin
Assistant United States Attorneys
P.O. Box 74950
Cedar Rapids, IA 52407-4950

Wallace L. Taylor
118 3rd Avenue S.E., Suite 326
Cedar Rapids, IA 52401

Robert J. Murphy
3999 Pennsylvania Ave., Suite 3
Dubuque, IA 52002

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon an attorney of record of each party to the above-entitled cause at his respective address as disclosed by the pleadings on 11-22, 2002.

By ☒ U.S. Mail ☐ FAX
☐ Hand Delivered ☐ Overnight Courier
☐ Federal Express ☐ Other

Susan Bailey

065

IOWA STATE BAR ASSOCIATION
Official Form No. 106

FOR THE LEGAL EFFECT OF THE USE OF THIS FORM, CONSULT YOUR LAWYER

# QUIT CLAIM DEED

Know All Men by These Presents: That Robert J. Frank, Attorney-in-Fact for Robert H. Frank in consideration of the sum of Ten ($10.00) Dollars and other good and valuable consideration in hand paid do hereby Quit Claim unto Robert J. Frank

Grantees' Address:

all our right, title, interest, estate, claim and demand in the following described real estate situated in Dubuque County, Iowa, to-wit:

See Exhibit A, attached hereto and made a part hereof by this reference.

No Revenue Stamps or Declaration of Value required. Transfer is a gift from father to son without consideration.

STATE OF IOWA, DUBUQUE COUNTY, SS:
I, Kathy Flynn Thurlow, Recorder of said County hereby certify that the foregoing is a true and correct copy of the original instrument as shown by the records, recorded as Inst. No. #296-87 in said County
Dated this 21st day of November 2002
Kathy Flynn Thurlow
Dubuque County Recorder

'87 JAN 6 PM 2 31
296-87
... REYNOLDS
COUNTY RECORDER
DUBUQUE CO. IOWA FEES $10.00

Each of the undersigned hereby relinquishes all rights of dower, homestead and distributive share in and to the above described premises.

Words and phrases herein, including acknowledgment hereof, shall be construed as in the singular or plural number, and as masculine, feminine or neuter gender, according to the context.

Dated January 6 1987

Robert J. Frank, Attorney-in-Fact for Robert H. Frank

(Grantor's Address)
4600 JOHN DEERE RD, APT 12
DUBUQUE, IOWA

(Grantor's Address)

Dated 19

(Grantor's Address)

Dated 19

(Grantor's Address)

Please type or print names under signatures as per Code of Iowa Section 335.2

STATE OF IOWA, COUNTY OF DUBUQUE, ss:

On this 6TH day of January A. D. 1987, before me, the undersigned, a Notary Public in and for said County and State, personally appeared Robert J. Frank, Attorney-in-Fact for Robert H. Frank

066

to me known to be the identical persons named in and who executed the foregoing instrument, and acknowledged that they executed the same as their voluntary act and deed.

David F. Setter, Notary Public in and for said County and State

EXHIBIT 1

This Printing October, 1985

106 QUIT CLAIM DEED

EXHIBIT A TO FRANK DEED

Lot 1 of Lot 1 of Lot 2 of Lot 30, and Lot 1 of Lot 2 of Lot 2 of Lot 1 of Lot 1 of Lot 2 of Lot 29, in Section 2, Township 89 North, Range 2 East of 5th P.M., in Dubuque Township, Dubuque County, Iowa, according to the Plat thereof, recorded as Instrument No. 9302-73, records of Dubuque County, Iowa;

and

Lot 2 of Lot B and Lot 3 of Lot D both of Cooper's Subdivision in the City of Dubuque, Iowa, according to the recorded plat thereof;

and

Lot 1 of Lot G in East Cascade in the City of Cascade, Iowa, according to the recorded plat thereof;

and

Lot 7 of the SW¼ in Section 31, Township 87 North, Range 1 West in Whitewater Township, according to the recorded plat thereof;

and

Lot 2 of Lot 3 of Reclaimed Slough Land in the East ½ of the SE¼ of Section 36, Township 87 North, Range 2 West in the City of Cascade, Iowa, according to the recorded plat thereof;

and

Lot 28, Lot 29, Lot 30, Lot 13 and the easterly 40 feet of Lot 14 in "UNION ADDITION, DUBUQUE, IOWA," in the City of Dubuque, Iowa, according to the recorded plat thereof;

and

West ½ of Lot 106 in Union Addition in the City of Dubuque, Iowa, according to the recorded Plat thereof;

and

Lots 138, 139 and 140 in Glendale Addition No. 2 in the City of Dubuque, Iowa, according to the recorded plat thereof.

**Simmons, Perrine, Albright & Ellwood, P.L.C.**

Attorneys and Counselors
Cedar Rapids and Iowa City

■ 115 Third Street S.E.
Suite 1200
Cedar Rapids, IA 52401-1266
Telephone: (319) 366-7641
Fax: (319) 366-1917

☐ 22 South Linn Street
Third Floor Tower Place
Iowa City, IA 52240
Telephone: (319) 887-1368
Fax: (319) 887-1372

website: www.simmonsperrine.com

Darrel A. Morf
James E. Shipman
Stephen J. Holtman
Iris E. Muchmore
Gregory M. Lederer
James A. Gerk
Roger W. Stone
David A. Hacker
David W. Kubicek
Matthew J. Petrzelka
Matthew J. Brandes
James M. Peters
Leonard T. Strand
Mark H. Ogden
Webb L. Wassmer
Mark A. Roberts

Chad M. VonKampen
Gregory G. Williams
Nicolas Abou-Assaly
Allison M. Heffern
Lynn W. Hartman
Kathleen A. Kleiman
Philip A. Burian
Michael F. Williams
Paul P. Morf
Christine L. Conover
Elizabeth V. Croco
Matt M. Dummermuth
Todd A. Slagter
Patsy A. Thimmig
Richard G. Hileman, Counsel

Haven Y. Simmons (1888-1975)
Beahl T. Perrine (1902-1989)
William P. Ellwood (1909-1998)

REGISTERED PATENT ATTORNEYS
Gregory G. Williams
Michael F. Williams

OF COUNSEL
James R Snyder
Robert M. Jilek

RETIRED
Justin W. Albright
John R. Carpenter

Writer's e-mail address: wwassme@simmonsperrine.com

Writer's Voice Mail Ext.: 234

FILE COPY

September 16, 2002

Robert H. Frank
c/o Wallace Taylor
118 - 3rd Avenue SE, Suite 326
Cedar Rapids, IA 52401-1408

United States of America
c/o Richard Murphy
Assistant United States Attorney
P.O. Box 74950
Cedar Rapids, IA 52407-4950

**RE: Notice of Withdrawal of Consent to Store Motor Vehicles and Intent to Declare Vehicles Abandoned Pursuant to Iowa Code Chapter 556B and Iowa Code §§ 321.89 - 321.91**

Dear Mr. Taylor and Mr. Murphy:

You are hereby notified that Robert J. Frank hereby withdraws any and all consent given to Robert H. Frank to store any vehicles on property owned by Robert J. Frank located at 17301 (formerly 4713) Gardner's Lane, in Dubuque, Iowa. Said notice is also being provided to the United States of America as the United States may claim some right, title or interest in said vehicles.

If said vehicles have not been removed by September 30, 2002, it is the intent of Robert J. Frank to have such vehicles declared abandoned and removed and/or disposed of pursuant to the provisions of Iowa Code Chapter 556B and Iowa Code §§ 321.89 - 321.91, a copy of which is enclosed. Further, a storage charge of $10 per day per vehicle will be imposed on any vehicle(s) remaining on the property on or after September 30, 2002, until such disposal.



EXHIBIT 2

Simmons, Perrine, Albright & Ellwood, P.L.C.

September 16, 2002
Page 2

Questions regarding this notice may be directed to the undersigned.

Sincerely yours,

Webb L. Wassmer

WLW/tme
Enclosure

cc: Robert J. Frank (via regular mail)

; attorney's
on. Any ex-
on may not
ubject to the
r.

ation.
is to effectu-
m the law of

Uniform Dis-

on on ac-
1295, § 25.

tate escheat.

7 84 Acts, ch

sit of funds.

the United
1295, § 25.

l by 84 Acts, ch

id in any action
any action for
a complete de-
voluntarily and
lly order or re-
in writing.
]

# CHAPTER 556B

## ABANDONED MOTOR VEHICLES OR OTHER PROPERTY

556B.1 Removal — notice to sheriff.

---

### 556B.1 Removal — notice to sheriff.

1. The owner or other lawful possessor of real property may remove or cause to be removed any motor vehicle or other personal property which has been unlawfully parked or placed on that real property, and may place or cause such personal property to be placed in storage until the owner of the same pays a fair and reasonable charge for the towing, storage or other expense incurred. The real property owner or possessor, or the owner's or possessor's agent, shall not be liable for damages caused to the personal property by the removal or storage unless the damage is caused willfully or by gross negligence.

2. The real property owner or possessor shall notify the sheriff of the county where the real property is located of the removal of the motor vehicle or other personal property. If the owner of the motor vehicle or other pe[illegible]er-mined, the owner shall be notified of the removal by the sheriff by certified mail, return receipt requested. If the owner cannot be identified, notice by one publication in one newspaper of general circulation in the area where the personal property was parked or placed is sufficient to meet all notice requirements under this section. If the personal property has not been reclaimed by the owner within six months after notice has been effected, it may be sold by the sheriff at public or private sale. The net proceeds after deducting the cost of sale shall be applied to the cost of removal and storage of the property, and the remainder, if any, shall be paid to the county treasurer.

[C75, 77, 79, 81, §556B.1]
83 Acts, ch 123, §190, 209

# CHAPTER 556C

## RIGHTS TO DIES, MOLDS AND FORMS

556C.1 Definitions.
556C.2 Rights to dies, molds, or forms.

---

### 556C.1 Definitions.

As used in this chapter unless the context requires otherwise:

1. *"Customer"* means a person who causes a molder to fabricate, cast, or otherwise make a die, mold, or form to be used for the manufacture of plastic products.

2. *"Molder"* means a person, including but not limited to a tool or die maker, who fabricates, casts, or otherwise makes a die, mold, or form to be used for the manufacture of plastic products.

84 Acts, ch 1066, §1

### 556C.2 Rights to dies, molds, or forms.

1. In the absence of an agreement to the contrary, the customer has all rights and title to a die, mold, or form in the possession of the molder as provided in this section.

2. If a customer does not claim possession from a molder of a die, mold, or form within three years following the last use of the die, mold, or form, all rights and title to the die, mold, or form are transferred to the molder for the purpose of destroying or disposing of the die, mold, or form.

3. The molder shall notify the customer by certified mail sent to the customer's last known address at least ninety days prior to the transfer provided in subsection 2. The notice shall indicate that all rights and title to the die, mold, or form will be transferred pursuant to this section.

4. If the customer does not respond in person or by mail within ninety days following the date the notice was sent or does not make other contractual arrangements with the molder for storage of the die, mold, or form the rights and title of the customer to the die, mold, or form shall transfer to the molder. After a transfer has occurred the

vent identifi-
part, shall be
ich vehicle or

3.10; C46, 50,
§321.81]

y 76 Acts, ch

icer who finds
icle identifica-
mber of which
ered with, and
e that the pos-
art wrongfully
with or with-
sheriff of the

6.13; C46, 50,
, §321.84]

component

rt is seized un-
bezzled, and is
e date on which
or embezzling
vehicle or com-
y shall, on that
epartment that
nent part in the
nd complete de-
e identification
bers. If there is
vehicle or com-
the vehicle or
an evidentiary

-b2, 12222; C39,
1, 73, 75, 77, 79,

appears of record
owner of the fact
t is in the custo-
l in the director's
escription to the

5006.15; C46, 50,
81, §321.86]

the owner of the
urs and properly
e vehicle or com-
er it to such own-
of the costs in-



curred incident to the apprehension of the vehicle or component part and the location of the owner.

[C24, §12224; C27, 31, 35, §5083-b3, 12224; C39, **§5006.16;** C46, 50, 54, 58, 62, 66, 71, 73, 75, 77, 79, 81, §321.87]

**321.88 Failure of owner to claim.**

If the owner does not appear within forty days, the motor vehicle shall be deemed abandoned and the officer having possession of the motor vehicle shall proceed as provided in section 321.89, subsections 3 and 4.

[C24, §12225; C27, 31, 35, §5083-b3, 12225; C39, **§5006.17;** C46, 50, 54, 58, 62, 66, 71, 73, 75, 77, 79, 81, §321.88]

**321.89 Abandoned vehicles.**

1. *Definitions.* As used in this section and sections 321.90 and 321.91 unless the context otherwise requires:

*a.* *"Abandoned vehicle"* means any of the following:

(1) A vehicle that has been left unattended on public property for more than twenty-four hours and lacks current registration plates or two or more wheels or other parts which renders the vehicle totally inoperable.

(2) A vehicle that has remained illegally on public property for more than twenty-four hours.

(3) A vehicle that has been unlawfully parked on private property or has been placed on private property without the consent of the owner or person in control of the property for more than twenty-four hours.

(4) A vehicle that has been legally impounded by order of a police authority and has not been reclaimed for a period of ten days. However, a police authority may declare the vehicle abandoned within the ten-day period by commencing the notification process in subsection 3.

(5) Any vehicle parked on the highway determined by a police authority to create a hazard to other vehicle traffic.

(6) A vehicle that has been impounded pursuant to section 321J.4B by order of the court and whose owner has not paid the impoundment fees after notification by the person or agency responsible for carrying out the impoundment order.

*b.* *"Demolisher"* means any person whose business it is to convert a vehicle to junk, processed scrap, or scrap metal, or otherwise to wreck or dismantle vehicles.

*c.* *"Police authority"* means the Iowa state patrol, any law enforcement agency of a county or city, or any special security officer employed by the state board of regents under section 262.13.

2. *Authority to take possession of abandoned vehicles.* A police authority, upon the authority's own initiative or upon the request of any other authority having the duties of control of highways or traffic, shall take into custody an abandoned vehicle on public property and may take into custody an abandoned vehicle on private property. A police authority taking into custody an abandoned vehicle which has been determined to create a traffic hazard shall report the reasons constituting the hazard in writing to the appropriate authority having duties of control of the highway. The police authority may employ its own personnel, equipment, and facilities, or hire a private entity, equipment, and facilities for the purpose of removing, preserving, storing, or disposing of abandoned vehicles. If a police authority employs a private entity to dispose of abandoned vehicles, the police authority shall provide the private entity with the names and addresses of the registered owners, all lienholders of record, and any other known claimant to the vehicle or the personal property found in the vehicle. The owners, lienholders, or other claimants of the abandoned vehicle shall not have a cause of action against a private entity for action taken under this section, if the private entity provides notice as required by subsection 3, paragraph *"a"*, to those persons whose names were provided by the police authority.

3. *Notification of owner, lienholders, and other claimants.*

*a.* A police authority or private entity which takes into custody an abandoned vehicle shall notify, within twenty days, by certified mail, the last known registered owner of the vehicle, all lienholders of record, and any other known claimant to the vehicle or to personal property found in the vehicle, addressed to their last known addresses of record, that the abandoned vehicle has been taken into custody. Notice shall be deemed given when mailed. The notice shall describe the year, make, model, and serial number of the vehicle, describe the personal property found in the vehicle, set forth the location of the facility where the vehicle is being held, and inform the persons receiving the notice of their right to reclaim the vehicle and personal property within ten days after the effective date of the notice upon payment of all towing, preservation, and storage charges resulting from placing the vehicle in custody and upon payment of the costs of notice required pursuant to this subsection. The notice shall also state that the failure of the owner, lienholders, or claimants to exercise their right to reclaim the vehicle or personal property within the time provided shall be deemed a waiver by the owner, lienholders, and claimants of all right, title, claim, and interest in the vehicle or personal property and that failure to reclaim the vehicle or personal property is deemed consent to the sale of the vehicle at a public auction or disposal of the vehicle to a demolisher and to disposal of the personal property by sale or destruction. The notice shall state that any person claiming rightful possession of the vehicle or personal property who disputes the planned disposition of the vehicle or property by the police author-

ity or private entity or of the assessment of fees and charges provided by this section may ask for an evidentiary hearing before the police authority to contest those matters. If the persons receiving the notice do not ask for a hearing or exercise their right to reclaim the vehicle or personal property within the ten-day reclaiming period, the owner, lienholders, or claimants shall no longer have any right, title, claim, or interest in or to the vehicle or the personal property. A court in any case in law or equity shall not recognize any right, title, claim, or interest of the owner, lienholders, or claimants, after the expiration of the ten-day reclaiming period.

*b.* If the identity of the last registered owner cannot be determined, or if the registration contains no address for the owner, or if it is impossible to determine with reasonable certainty the identity and addresses of all lienholders, notice by one publication in one newspaper of general circulation in the area where the vehicle was abandoned shall be sufficient to meet all requirements of notice under this section. The published notice may contain multiple listings of abandoned vehicles and personal property but shall be published within the same time requirements and contain the same information as prescribed for mailed notice in paragraph *"a"*.

*c.* The owner, lienholders, or claimants may, by written request delivered to the police authority or private entity prior to the expiration of the ten-day reclaiming period, obtain an additional five days within which the vehicle or personal property may be reclaimed.

4. *Auction of abandoned vehicles.* If an abandoned vehicle has not been reclaimed as provided for in subsection 3, the police authority or private entity shall make a determination as to whether or not the vehicle shall be sold for use upon the highways. If the vehicle is not sold for use upon the highways, it shall be sold for junk, or demolished and sold as scrap. The police authority or private entity shall sell the vehicle at public auction. Notwithstanding any other provision of this section, a police authority or private entity, which has taken into possession any abandoned vehicle which lacks an engine, two or more wheels, another part which renders the vehicle totally inoperable, or which has a fair market value of less than five hundred dollars as determined by the police authority or private entity, may dispose of the vehicle to a demolisher for junk without public auction after complying with the notification procedures in subsection 3. The purchaser of the vehicle takes title free and clear of all liens and claims of ownership, shall receive a sales receipt from the police authority or private entity, and is entitled to register the vehicle and receive a certificate of title if sold for use upon the highways. If the vehicle is sold or disposed of to a demolisher for junk, the demolisher shall make application for a junking certificate to the county treasurer within thirty days of purchase and shall surrender the sales receipt in lieu of the certificate of title.

From the proceeds of the sale of an abandoned vehicle the police authority, if the police authority did not hire a private entity, shall reimburse itself for the expenses of the auction, the costs of towing, preserving, and storing which resulted from placing the abandoned vehicle in custody, all notice and publication costs incurred pursuant to subsection 3, the cost of inspection, and any other costs incurred except costs of bookkeeping and other administrative costs. Any remainder from the proceeds of a sale shall be held for the owner of the vehicle or entitled lienholder for ninety days, and shall then be deposited in the road use tax fund. The costs to police authorities of auction, towing, preserving, storage, and all notice and publication costs, and all other costs which result from placing abandoned vehicles in custody, whenever the proceeds from a sale of the abandoned vehicles are insufficient to meet these expenses and costs, shall be paid from the road use tax fund and are the obligation of the last owner or owners, jointly and severally.

The director of transportation shall establish by rule a claims procedure to be followed by police authorities in obtaining expenses and costs from the fund. If a private entity has been hired, the police authority may file a claim with the department for reimbursement of towing fees which shall be paid from the road use tax fund.

[C73, 75, 77, 79, 81, §321.89]

84 Acts, ch 1305, §59; 85 Acts, ch 64, §2; 87 Acts, ch 123, §1; 88 Acts, ch 1158, §66; 92 Acts, ch 1238, §31; 95 Acts, ch 48, §3; 95 Acts, ch 118, §13; 96 Acts, ch 1126, §4; 98 Acts, ch 1074, §22; 2000 Acts, ch 1016, §11

Subsection 4, unnumbered paragraph 1 amended

**321.90 Disposal of abandoned motor vehicles.**

1. *Garagekeepers and abandoned motor vehicles.* Any motor vehicle left in a garage operated for commercial purposes after the period for which the vehicle was to remain on the premises shall, after notice by certified mail to the last known registered owner of the vehicle addressed to the owner's last known address of record to reclaim the vehicle within ten days of the date of the notice, be deemed an abandoned motor vehicle unless reclaimed by the owner within such ten-day period or the owner notifies the garagekeeper in writing within such period of time that such vehicle is not an abandoned motor vehicle and shall be reported by the garagekeeper to the police authority. If the identity or address of the last registered owner of the motor vehicle cannot be determined, the vehicle shall be deemed an abandoned motor vehicle on the eleventh day after the period for which the vehicle was to remain on the prem-

thirty days
ales receipt

abandoned
ce authority
ıburse itself
ts of towing,
d from plac-
y, all notice
nt to subsec-
, other costs
nd other ad-
om the pro-
ner of the ve-
y days, and
ise tax fund.
tion, towing,
l publication
from placing
ever the pro-
hicles are in-
d costs, shall
id are the ob-
, jointly and

l establish by
by police au-
osts from the
ed, the police
partment for
shall be paid

4, §2; 87 Acts,
Acts, ch 1238,
, §13; 96 Acts,
2000 Acts, ch

d motor ve-

ed motor ve-
garage oper-
the period for
the premises
il to the last
cle addressed
f record to re-
he date of the
or vehicle un-
such ten-day
agekeeper in
that such ve-
icle and shall
the police au-
the last regis-
not be deter-
n abandoned
ter the period
on the prem-



ises unless reclaimed by the owner within the ten-day period or the owner notifies the garagekeeper in writing within such period of time that such vehicle is not an abandoned motor vehicle and shall be reported by the garagekeeper to the police authority. All abandoned motor vehicles left in garages may be taken into custody by a police authority upon the request of the garagekeeper and sold in accordance with the procedures set forth in section 321.89, subsection 4, unless the motor vehicle is reclaimed. The proceeds of the sale shall be first applied to the garagekeeper's charges for towing and storage, and any surplus proceeds shall be distributed in accordance with section 321.89, subsection 4. Nothing in this section shall be construed to impair any lien of a garagekeeper under the laws of this state, or the right of a garagekeeper to foreclose the garagekeeper's lien, provided that a garagekeeper shall be deemed to have abandoned the garagekeeper's artisan lien when such vehicle is taken into custody by the police authority. For the purposes of this section "garagekeeper" means any operator of a parking place or establishment, motor vehicle storage facility, or establishment for the servicing, repair, or maintenance of motor vehicles.

2. *Disposal to demolisher.*

*a.* Any person, firm, corporation, or unit of government upon whose property or in whose possession is found any abandoned motor vehicle, or any person being the owner of a motor vehicle whose title certificate is faulty, lost, or destroyed and is thereby unable to transfer title to the motor vehicle, may apply to the police authority of the jurisdiction in which the motor vehicle is situated for authority to sell, give away, or otherwise dispose of the motor vehicle to a demolisher.

*b.* The application shall set out the name and address of the applicant, and the year, make, model, and serial number of the motor vehicle, if ascertainable, together with any other identifying features, and shall contain a concise statement of the facts surrounding the abandonment, or a statement that the title of the motor vehicle is lost or destroyed, or the reasons for the defect of title in the owner. The applicant shall execute an affidavit stating that the facts alleged are true and that no material fact has been withheld. An order for disposal obtained pursuant to section 555B.8, subsection 3, satisfies the application requirements of this paragraph.

*c.* If the police authority finds that the application is executed in proper form, and shows that the motor vehicle has been abandoned upon the property of the applicant, or if it shows that the motor vehicle is not abandoned but that the applicant appears to be the rightful owner, the police authority shall follow appropriate notification procedures as set forth in section 321.89, subsection 3, except that in the case of an order for disposal obtained pursuant to section 555B.8, subsection 3, no notification is required.

*d.* If the abandoned motor vehicle is not reclaimed in accordance with section 321.89, subsection 3, or no lienholder objects to the disposal in the case of an owner-applicant, the police authority shall give the applicant a certificate of authority allowing the applicant to obtain a junking certificate for the motor vehicle. The applicant shall make application for a junking certificate to the county treasurer within fifteen days of purchase and surrender the certificate of authority in lieu of the certificate of title. The demolisher shall accept the junking certificate in lieu of the certificate of title to the motor vehicle.

*e.* Notwithstanding any other provisions of this section and sections 321.89 and 321.91, any person, firm, corporation, or unit of government upon whose property or in whose possession is found any abandoned motor vehicle, or any person being the owner of a motor vehicle whose title certificate is faulty, lost, or destroyed, may dispose of such motor vehicle to a demolisher for junk without a title and without the notification procedures of section 321.89, subsection 3, if the motor vehicle lacks an engine or two or more wheels or other structural part which renders the vehicle totally inoperable. The police authority shall give the applicant a certificate of authority. The owner shall apply to the county treasurer for a junking certificate within fifteen days of purchase and shall surrender the certificate of authority in lieu of the certificate of title.

*f.* The owner of an abandoned motor vehicle and all lienholders shall no longer have any right, title, claim, or interest in or to the motor vehicle; and no court in any case in law or equity shall recognize any right, title, claim, or interest of any owner or lienholders after the disposal of the motor vehicle to a demolisher.

*g.* Any proceeds from the sale of an abandoned motor vehicle to a demolisher under this section, except the sale of a vehicle pursuant to an order for disposal obtained pursuant to section 555B.8, subsection 3, by one other than the owner of the vehicle, shall first be applied to that person's expenses in effecting the sale, including storage, towing, and disposal charges, and any surplus shall be distributed in accordance with section 321.89, subsection 4. The proceeds from the sale of a vehicle disposed of pursuant to section 555B.8, subsection 3, shall be distributed in accordance with section 555B.9.

3. *Duties of demolishers.*

*a.* Any demolisher who purchases or otherwise acquires an abandoned motor vehicle for junk under the provisions of this section shall junk, scrap, wreck, dismantle, or demolish such motor vehicle. A demolisher shall not junk, scrap, wreck, dismantle, or demolish a vehicle until the demolisher has obtained the junking certificate issued for the vehicle.

*b.* A demolisher shall keep an accurate and complete record of all motor vehicles purchased or

received by the demolisher in the course of the demolisher's business. These records shall contain the name and address of the person from whom each motor vehicle was purchased or received and the date when the purchases or receipts occurred. The records shall be open for inspection by any police authority at any time during normal business hours. Any record required by this section shall be kept by the demolisher for at least one year after the transaction to which it applies.

[C73, 75, 77, 79, 81, §321.90]

88 Acts, ch 1138, §12–14; 95 Acts, ch 118, §14, 15

**321.91 Limitation on liability — penalty for abandonment.**

1. No person, firm, corporation, unit of government, garagekeeper or police authority upon whose property an abandoned vehicle is found or who disposes of such abandoned vehicle in accordance with sections 321.89 and 321.90 shall be liable for damages by reason of the removal, sale, or disposal of such vehicle.

2. A person convicted of a violation of this section is guilty of a simple misdemeanor punishable as a scheduled violation under section 805.8, subsection 2, paragraph *"m"*.

[C73, 75, 77, 79, 81, §321.91]

2000 Acts, ch 1203, §3

Subsection 2 amended

**321.92 Altering or changing numbers.**

1. *Fraudulent intent.* No person shall with fraudulent intent, deface, destroy, or alter the vehicle identification number or component part number or other distinguishing number or identification mark of a vehicle or component part, including a rebuilt identification, nor shall a person place or stamp a serial, engine, or other number or mark upon a vehicle or component part, except one assigned thereto by the department. A violation of this provision is a felony punishable as provided in section 321.483.

This subsection does not prohibit the restoration of an original vehicle identification number, component part number, or other number or mark when the restoration is made by the department, nor prevent a manufacturer from placing, in the ordinary course of business, numbers or marks upon vehicles or component parts.

2. *Vehicles without identification numbers.* A person who knowingly buys, receives, disposes of, sells, offers for sale, or has in the person's possession a vehicle, or a component part of a vehicle, from which the vehicle identification number, rebuilt identification, or component part number has been removed, defaced, covered, altered, or destroyed for the purpose of concealing or misrepresenting the identity of the vehicle or component part is guilty of a simple misdemeanor.

[SS15, §1571-m12a; C24, 27, 31, 35, §5080; C39, §**5006.09**, **5006.21**; C46, 50, 54, 58, 62, 66, 71, 73, 75, 77, §321.80, 321.92; C79, 81, §321.92]

88 Acts, ch 1089, §7

Similar provisions, §714.8(5)

**321.93 Defense.**

Under a charge of possessing a vehicle or component part, the vehicle identification number or component part number of which is defaced, altered, or tampered with, it shall be a complete defense that the accused at the time of such possession had in the accused's possession a certificate of title from the officer whose duty it is to register vehicles and component parts in the state in which the vehicle or component part is registered, showing good and sufficient reason why numbers are defaced, changed, or tampered with, the original vehicle identification number or component part number, and the ownership of the vehicle or component part.

[C24, 27, 31, 35, §5083; C39, §**5006.22**; C46, 50, 54, 58, 62, 66, 71, 73, 75, 77, 79, 81, §321.93]

**321.94 Test to determine true number.**

Where it appears that a vehicle identification number or component part number has been altered, defaced or tampered with, any peace officer, or any other person acting under a peace officer's direction, may apply any recognized process or test to the part containing the number for the purpose of determining the true number.

[C27, 31, 35, §5083-b5; C39, §**5006.23**; C46, 50, 54, 58, 62, 66, 71, 73, 75, 77, 79, 81, §321.94; 81 Acts, ch 103, §2]

**321.95 Right of inspection.**

Peace officers shall have the authority to inspect any vehicle or component part in possession of a vehicle rebuilder, vehicle salvager, used vehicle parts dealer or any person licensed under chapter 322, or found upon the public highway or in any public garage, enclosure or property in which vehicles or component parts are kept for sale, storage, hire or repair and for that purpose may enter any such public garage, enclosure or property. Every vehicle rebuilder, vehicle salvager, used vehicle parts dealer, or any person licensed under chapter 322, or a person having used engines or transmissions which are component parts for sale shall keep an accurate and complete record of all vehicles demolished and of such component parts purchased or received for resale as component parts in the course of business. These records shall contain the name and address of the person from whom each such vehicle or component part was purchased or received and the date when the purchase or receipt occurred or the junking certificate if required for the vehicle. These records shall be open for inspection by any peace officer at any time

**321.71A Nonoperative air bags.**

A person shall not install or reinstall for compensation, distribute, or sell a nonoperative air bag that is part of an inflatable restraint system for a motor vehicle if the person knows that the air bag is nonoperative. A violation of this section is an aggravated misdemeanor punishable by confinement for up to one year and a fine of at least five hundred dollars but not more than five thousand dollars.

For purposes of this section, *"nonoperative air bag"* includes an air bag that has been previously deployed, is nonfunctional, or is otherwise defective. *"Nonoperative air bag"* also includes anything that is inserted, or is intended to be inserted, in place of an air bag, which would prohibit an inflatable restraint system from functioning properly.

2001 Acts, ch 94, §1
NEW section

**321.91 Limitation on liability — penalty for abandonment.**

1. No person, firm, corporation, unit of government, garagekeeper or police authority upon whose property an abandoned vehicle is found or who disposes of such abandoned vehicle in accordance with sections 321.89 and 321.90 shall be liable for damages by reason of the removal, sale, or disposal of such vehicle.

2. A person convicted of a violation of this section is guilty of a simple misdemeanor punishable as a scheduled violation under section 805.8A, subsection 14, paragraph *"b"*.

2001 Acts, ch 137, §5
Internal reference change applied

**321.98 Operation without registration.**

A person shall not operate, and an owner shall not knowingly permit to be operated upon any highway any vehicle required to be registered and titled hereunder unless there shall be attached thereto and displayed thereon when and as required by this chapter a valid registration card and registration plate or plates issued therefor for the current registration year and unless a certificate of title has been issued for such vehicle except as otherwise expressly permitted in this chapter. Any violation of this section is a simple misdemeanor punishable as a scheduled violation under section 805.8A, subsection 2, paragraph *"b"*.

2001 Acts, ch 176, §50, 59
Section amended

**321.99 Fraudulent use of registration.**

A person shall not knowingly lend to another a registration card, registration plate, special plate, or permit issued to the person if the other person desiring to borrow the card, plate, or permit would not be entitled to the use of it. A person shall not knowingly permit the use of a registration card, registration plate, special plate, or permit issued to the person by one not entitled to it, nor shall a person knowingly display upon a vehicle a registration card, registration plate, special plate, or permit not issued for that vehicle under this chapter. A person convicted of a violation of this section is guilty of a simple misdemeanor punishable as a scheduled violation under section 805.8A, subsection 2, paragraph *"d"*.

2001 Acts, ch 137, §5
Internal reference change applied

**321.101 Suspension or revocation of registration or cancellation of certificate of title by department.**

1. The department is hereby authorized to suspend or revoke the registration of a vehicle, registration card, registration plate, or any nonresident or other permit in any of the following events:

*a.* When the department is satisfied that such registration card, plate, or permit was fraudulently or erroneously issued.

*b.* When the department determines that a registered vehicle is mechanically unfit or unsafe to be operated or moved upon the highways.

*c.* When a registered vehicle has been dismantled or wrecked.

*d.* When the department determines that the required fee has not been paid and the fee is not paid upon reasonable notice and demand.

*e.* When a registration card, registration plate, or permit is knowingly displayed upon a vehicle other than the one for which issued.

*f.* When the department determines that the owner has committed any offense under this chapter involving the registration card, plate, or permit to be suspended or revoked.

*g.* When the department is so authorized under any other provision of law.

*h.* If a commercial motor vehicle has been assigned to be operated by a commercial motor carrier whose ability to operate has been terminated or denied by a federal agency.

2. The department shall cancel a certificate of title that appears to have been improperly issued or fraudulently obtained or, in the case of a mobile home or manufactured home, if taxes were owing under chapter 435 at the time the certificate was issued and have not been paid. However, before the certificate to a mobile home or manufactured home for which taxes were owing can be canceled, notice and opportunity to pay the taxes must be given to the person to whom the certificate was issued. Upon cancellation of any certificate of title the department shall notify the county treasurer who issued it, who shall enter the cancellation upon the records. The department shall also notify the person to whom the certificate of title was issued, as well as any lienholders appearing on the certificate of title, of the cancellation and shall demand the surrender of the certificate of title, but the cancellation shall not affect the valid-

U. S. Department of Justice

*United States Attorney*
*Northern District of Iowa*

*Mailing Address:*
*P.O. Box 74950*
*Cedar Rapids, Iowa 52407-4950*
*(319) 363-6333*

*Shipping Address:*
*401 First Street S.E.*
*Suite 400*
*Cedar Rapids, Iowa 52401-1825*
*FAX (319) 363-1990*
*TTY (319) 286-9258*

September 19, 2002

Webb Wassmer
Attorney at Law
115 3rd Street SE, Suite 1200
Cedar Rapids, IA 52401-1266

Re: Notice of Intent to Declare Vehicles Abandoned

Dear Mr. Wassmer:

This is to acknowledge receipt of your letter dated September 16, 2002. Your letter is in reference to vehicles stored on the property located at 17301 Gardner's Lane in Dubuque, Iowa.

As you and your client both know, the Gardner's Lane property and several vehicles stored there are currently the subject of a criminal forfeiture action in the case of *United States of America v. Robert H. Frank*, et al, CR00-1015 MJM. Because your letter is not specific as to which vehicles you intend to declare abandoned, I request that you immediately provide me with descriptions and photographs of said vehicles. The descriptions should include the VIN for each vehicle. In addition, I request that you inform me as to where each of these vehicles is located on the property so that steps may be taken to retrieve same, if necessary.

Given the pending forfeiture proceeding, you are requested to take no action with regard to the vehicles and property which are subject to the pending forfeiture indictment without first obtaining approval of the United States. Any action to transfer the property or any other action which could result in damage to or diminution in value of the property subject to the forfeiture indictment, could constitute a violation of Title 18, U.S. C. §2232. Further, such actions could result in the obstruction of the due administration of justice.



PENGAD-Bayonne, N. J.
EXHIBIT
3

Webb Wassmer
September 19, 2002
Page 2

If you have any questions or would like to discuss this matter further, please do not hesitate to let me know.

Sincerely,

CHARLES W. LARSON, SR.
United States Attorney

By:

RICHARD L. MURPHY
Assistant United States Attorney

RLM/mlk

U. S. Departm[illegible] of Justice

COPY

*United States Attorney*
*Northern District of Iowa*

*Mailing Address:*
*P.O. Box 74950*
*Cedar Rapids, Iowa 52407-4950*
*(319) 363-6333*

*Shipping Address*
*401 First Street S.E*
*Suite 400*
*Cedar Rapids, Iowa 52401-1825*
*FAX (319) 363-1990*
*TTY (319) 286-9258*

July 9, 2003

Kathy Flynn Thurlow
Dubuque Co. Recorder
Courthouse
720 Central Avenue
Dubuque, IA 52001

Re: *United States v. Robert H. Frank, et al.* - No. CR 00-1015

Dear Recorder:

Enclosed is a release of Lis Pendens regarding property located in Dubuque, Iowa. The Lis Pendens was recorded on November 15, 2000 at 13245-00. Please record the release and send it back to me in the enclosed prepaid self-addressed envelope. Please also enclose a bill for your services.

Thank you.

Sincerely,

CHARLES W. LARSON, SR.
United States Attorney

By: Brenda Nietert

Brenda Nietert
Legal Assistant

Enclosures:

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT H. FRANK, aka "Butch" Frank,<br>KIMBERLY K. WELCH, and<br>LORIN A. AHLERS,<br><br>Defendants. | No. CR 00-1015 |

**RELEASE OF LIS PENDENS**

Notice is hereby given that a certain lis pendens recorded in the Dubuque County land records on November 15, 2000, at 13245-00, giving notice of the pendency of a forfeiture action in the United States District Court for the Northern District of Iowa entitled United States of America v. Robert Frank, et al, Criminal Action No. CR 00-1015, is hereby released and discharged.

The property affected by this release is described as follows:

Section 2 LOT 1-2-2-1-1-2-28
Section 2 LOT 1-2-2-1-1-2-29
Section 2 LOT 1-1-2-30

All located on Gardner's Lane, Dubuque, Dubuque County, Iowa.

Dated at Cedar Rapids, Iowa, this 9th day of July, 2003.

CHARLES W. LARSON, SR.
United States Attorney

By: [signature]

MARTIN J. McLAUGHLIN
Assistant United States Attorney
PO Box 74950
Cedar Rapids, IA 52407-4950
(319) 363-0091
(319) 363-1990 - fax
marty.mclaughlin@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT H. FRANK, a/k/a "Butch" Frank, KIMBERLY K. WELCH and LORIN A. AHLERS,<br><br>Defendants.<br><br>ROBERT J. FRANK,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | ) | NO. CR 00-1015<br><br>DISMISSAL OF PETITIONER ROBERT J. FRANK'S PETITION RE: FORFEITURE |

Petitioner Robert J. Frank, dismisses his Petition Re: Forfeiture as follows:

1. Petitioner dismisses Paragraphs 1-7 of the Petition and paragraphs (a) through (d) of the relief requested regarding the Gardner's Lane Property with prejudice pursuant to the settlement agreement between Petitioner and the United States of America and in consideration of the release of the lis pendens filed by the United States with respect to the Gardner's Lane Property;

2. Petitioner dismisses Paragraphs 8-10 of the Petition and Paragraphs (e) and (f) of the relief requested regarding the Vehicles without prejudice to refiling of a claim against the United States of America for storage costs for the vehicles.

As no issue pertaining to Petitioner Robert J. Frank remains pending in this matter, the undersigned counsel requests removal from the service list in this case.

Respectfully submitted,

/S/

WEBB L. WASSMER
SIMMONS, PERRINE, ALBRIGHT
& ELLWOOD, P.L.C.
115 3RD STREET S.E., SUITE 1200
CEDAR RAPIDS, IOWA 52401
(319) 366-7641 (telephone)
(319) 366-1917 (facsimile)
wwassmer@simmonsperrine.com

ATTORNEYS FOR PETITIONER
ROBERT J. FRANK

Copy to:

Charles W. Larson, Sr.
United States Attorney
Richard L. Murphy
Martin J. McLaughlin
Assistant United States Attorneys
P.O. Box 74950
Cedar Rapids, IA 52407-4950

Wallace L. Taylor
118 3rd Avenue S.E., Suite 326
Cedar Rapids, IA 52401

Robert J. Murphy
3999 Pennsylvania Ave., Suite 3
Dubuque, IA 52002

**CERTIFICATE OF SERVICE**

**The undersigned certifies that the foregoing instrument was served upon an attorney of record of each party to the above-entitled cause at his respective address as disclosed by the pleadings on__________________, 2002.**

**By** ☐ **U.S. Mail** ☐ **Hand Delivered** ☐ **Federal Express** ☐ **FAX** ☐ **Overnight Courier** ☐ **Other**

____________________________

081

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROBERT J. FRANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-73C |
| | ) | (Senior Judge Hodges) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF RICHARD L. MURPHY**

I, Richard L. Murphy, hereby declare as follows:

1. I am currently employed by the Department of Justice as an Assistant United States Attorney in the Office of the United States Attorney, Northern District of Iowa. I have held this position since July 1984.

2. I have reviewed the allegations contained in plaintiff's complaint in the above captioned case.

3. I have never held any appointment as Contracting Officer on behalf of the United States.

4. I have only limited authority to procure litigation expenses through the Department's Certified Invoice Procedure ("CIP"). My authority to acquire litigation supplies or services pursuant to CIP is limited to $2,500. Litigation expenses greater than $2,500, up to $25,000, must be acquired through district administrative personnel who have been appointed as Contracting Officers.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of May 2006.

Richard L. Murphy

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROBERT J. FRANK, Plaintiff, | ) | |
| v. | ) | No. 06-73C (Senior Judge Hodges) |
| THE UNITED STATES, Defendant. | ) | |

**DECLARATION OF MARTY McLAUGHLIN**

I, Marty McLaughlin, hereby declare as follows:

1. I am currently employed by the Department of Justice as an Assistant United States Attorney in the Office of the United States Attorney, Northern District of Iowa. I have held this position since September 1987.

2. I have reviewed the allegations contained in plaintiff's complaint in the above captioned case.

3. I have never held any appointment as Contracting Officer on behalf of the United States.

4. I have only limited authority to procure litigation expenses through the Department's Certified Invoice Procedure ("CIP"). My authority to acquire litigation supplies or services pursuant to CIP is limited to $2,500. Litigation expenses greater than $2,500, up to $25,000, must be acquired through district administrative personnel who have been appointed as Contracting Officers.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of May 2006.

Marty McLaughlin

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROBERT J. FRANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-73C |
| | ) | (Senior Judge Hodges) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF CHARLES W. LARSON, SR.**

I, Charles W. Larson, Sr., hereby declare as follows:

1. I am currently the United States Attorney for the Northern District of Iowa. Most recently, I have held this position since September 2001.

2. I have reviewed the allegations contained in plaintiff's complaint in the above captioned case.

3. I have never held any appointment as Contracting Officer on behalf of the United States.

4. I have only limited authority to procure litigation expenses through the Department's Certified Invoice Procedure ("CIP"). My authority to acquire litigation supplies or services pursuant to CIP is limited to $2,500. Litigation expenses greater than $2,500, up to $25,000, must be acquired through district administrative personnel who have been appointed as Contracting Officers.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of May 2006.

Charles W. Larson, Sr.