No. 06-73C
(Senior Judge Hodges)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ROBERT J. FRANK,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

# DEFENDANT'S REPLY BRIEF

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

PATRICIA M. McCARTHY
Assistant Director

OF COUNSEL:

LUCILLE C. ROBERTS
Deputy General Counsel
United States Marshals Service
Washington, D.C.

DAVID B. STINSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tele: (202) 307-0163
Fax: (202) 514-8624

SEPTEMBER 25, 2006

Attorneys for Defendant

# TABLE OF CONTENTS

Page


DEFENDANT'S REPLY BRIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

DEFENDANT'S BRIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I. The Court Lacks Jurisdiction To Consider Challenges To Criminal Forfeiture . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. Mr. Frank's Claim Should Be Dismissed For Failure To Plead And Prove Jurisdiction Because Mr. Frank Has Not Sufficiently Alleged The Existence Of An Express Or Implied-In-Fact Contract Between Plaintiff And The United States . . . . . . . . . . . . . . . . . . . . . . . . . 5

III. Mr. Frank Is Not Entitled To Discovery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

IV. Plaintiff's Taking Claim Should Be Dismissed . . . . . . . . . . . . . . . . . . . . . . . . . 15

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

TABLE OF AUTHORITIES

FEDERAL CASES

Page(s)

Aero-Abre, Inc. v. United States,
39 Fed. Cl. 654 (1997) . . . . . . . . . . 13

Algonac Manufacturing Co. v. United States,
192 Ct. Cl. 649, 428 F.2d 1241 (1970) . . . . . . . . . . 12

Awad v. United States,
61 Fed. Cl. 281 (2004) . . . . . . . . . . 10

Bernaugh v. United States,
38 Fed. Cl. 538 (1997),
aff'd, 168 F.3d 1319 (Fed. Cir. 1998) . . . . . . . . . . 2

Crocker v. United States,
37 Fed. Cl. 191,
aff’d 125 F.3d 1475 (1997) . . . . . . . . . . 1

Doe v. United States,
100 F.3d 1576 (Fed. Cir. 1996) . . . . . . . . . . 10

Eastport Steamship Corp. v. United States,
178 Ct. Cl. 599, 372 F.2d 1002 (1967) . . . . . . . . . . 1

Eversleigh v. United States,
24 Cl. Ct. 357 (1991) . . . . . . . . . . 2

Franklin Sav. Corp. v. United States,
56 Fed. Cl. 720 (2003) . . . . . . . . . . 5

Gadd v. United States,
55 Fed. Cl. 438 (2003) . . . . . . . . . . 1

Gary v. United States,
67 Fed. Cl. 202 (2005) . . . . . . . . . . 10

## TABLE OF AUTHORITIES

## FEDERAL CASES

Page(s)


Heckler v. Community Health Serv. of Crawford County,
467 U.S. 51 (1984) . . . . . . . . . . 7

Heydt v. United States,
38 Fed. Cl. 286 (1987) . . . . . . . . . . 6

H. Landau & Co. v. United States,
886 F.2d 322 (1989) . . . . . . . . . . 9

Houston v. United States,
60 Fed. Cl. 507 (2004) . . . . . . . . . . 11

Lark v. United States,
17 Cl. Ct. 567 (1989) . . . . . . . . . . 2

Lewis v. United States,
32 Fed. Cl. 301 (1994),
aff'd 70 F.3d 597, 600 (Fed. Cir. 1995) . . . . . . . . . . 5,13

Marvel Engineering Co. v. United States,
14 Cl. Ct. 614 (1988) . . . . . . . . . . 13

McAfee v. United States,
46 Fed. Cl. 428 (2000) . . . . . . . . . . 10,12

Noel v. United States,
16 Cl. Ct. 166 (1989) . . . . . . . . . . 2

Perry v. United States,
28 Fed. Cl. 82 (1993) . . . . . . . . . . 2

Roy v. United States,
38 Fed. Cl. 184, appeal dismissed,
124 F.3d 224 (Fed. Cir. 1997) . . . . . . . . . . 9

# TABLE OF AUTHORITIES

## FEDERAL CASES

Page(s)

Sanders v. United States,
252 F.3d 1329 (Fed. Cir. 2001) . . . . . . . . . . 10

Sea Air Shuttle Corp. v. United States,
112 F.3d 532 (1st Cir. 1997) . . . . . . . . . . 4

Torres v. United States,
15 Cl. Ct. 212, 217 (1988) . . . . . . . . . . 2

Tracy v. United States,
55 Fed. Cl. 679 (2003) . . . . . . . . . . 10

Trauma Serv. Group v. United States,
104 F.3d 1321 (Fed. Cir. 1997) . . . . . . . . . . 12

United States v. Bissett-Berman Corp.,
481 F.2d 764 (9th Cir. 1973) . . . . . . . . . . 11

United States v. Puig,
419 F.3d 700 (8th Cir. 2004) . . . . . . . . . . 1

Vereda, Ltda. v. United States,
271 F.3d 1367 (Fed. Cir. 2001) . . . . . . . . . . 1,15

## FEDERAL STATUTES

18 U.S.C. § 2232 . . . . . . . . . . 7

21 U.S.C. § 853 . . . . . . . . . . 1-2

21 U.S.C. § 853(k) . . . . . . . . . . 2

21 U.S.C. § 853(n) . . . . . . . . . . 4

21 U.S.C. § 853(n)(1) . . . . . . . . . . 3-4

## TABLE OF AUTHORITIES

### FEDERAL STATUTES

Page(s)

21 U.S.C. § 853(n)(2) . . . . . . . . . . 3

### FEDERAL REGULATIONS

28 C.F.R. § 0.160 . . . . . . . . . . 10

28 C.F.R. § 0.161 . . . . . . . . . . 10

28 C.F.R. § 0.168 . . . . . . . . . . 10

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROBERT J. FRANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-73C |
| | ) | (Senior Judge Hodges) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY BRIEF

Defendant, the United States, respectfully submits the following reply to plaintiff's opposition to our motion to dismiss.

DEFENDANT'S BRIEF

I. The Court Lacks Jurisdiction To Consider Challenges To Criminal Forfeiture

In our motion to dismiss, we established that this Court lacks jurisdiction to consider Mr. Frank's complaint because Congress has created a comprehensive statutory scheme for criminal forfeiture of property involved in a criminal offense, 21 U.S.C. § 853; United States v. Puig, 419 F.3d 700, 703 (8th Cir. 2004), and has assigned review of the propriety of criminal forfeitures exclusively to United States district courts. Indeed, we cited a long line of authority holding that there is no Tucker Act jurisdiction to review Federal forfeitures. Vereda, Ltda. v. United States, 271 F.3d 1367, 1375 (Fed. Cir. 2001); see Eastport Steamship Corp. v. United States, 178 Ct. Cl. 599, 609, 372 F.2d 1002, 1010 (1967) (Court of Claims without jurisdiction to consider challenges to the propriety or lawfulness of a forfeiture action); Gadd v. United States, 55 Fed. Cl. 438, 445 (2003) (no Court of Federal Claims jurisdiction pursuant to the Tucker Act for taking of property pursuant to federal forfeiture); Crocker v. United States, 37 Fed. Cl. 191, 198, aff'd 125 F.3d 1475 (1997) (no Court of Federal Claims jurisdiction pursuant to Tucker Act

to consider Fifth Amendment takings claim involving procedurally defective forfeiture); e.g., Bernaugh v. United States, 38 Fed. Cl. 538 (1997), aff'd, 168 F.3d 1319 (Fed. Cir. 1998) (table); Perry v. United States, 28 Fed. Cl. 82, 85 (1993); Eversleigh v. United States, 24 Cl. Ct. 357, 359 (1991); Lark v. United States, 17 Cl. Ct. 567, 569 (1989); Noel v. United States, 16 Cl. Ct. 166, 170 (1989); Torres v. United States, 15 Cl. Ct. 212, 217 (1988).

In response, Mr. Frank ignores the import of 21 U.S.C. § 853 and the cases we cited in support of our argument, suggesting instead that "he is not making any challenge to the United States' forfeiture of the vehicles itself." Pl. Br. 7. Mr. Frank's argument misses the mark. This case involves vehicles that are subject to a preliminary order of forfeiture in a pending Federal criminal forfeiture case. Mr. Frank challenges the Government's exercise of its authority under the preliminary order of forfeiture and the manner in which the Government has executed the preliminary order of forfeiture in the context of a criminal prosecution.[1] Pursuant to 21 U.S.C. § 853, exclusive jurisdiction to review a challenge to the Government's actions with regard to the forfeiture of the property is in the district court. Mr. Frank's suggestion otherwise should be rejected.

Mr. Frank also challenges our "contention that forfeiture of the Gardner's Lane property is still pending." Pl. Br. 7. According to Mr. Frank,

---

[1] In our motion to dismiss, we noted that, in addition to storage fees, Mr. Frank seeks an injunction from this Court requiring that the vehicles be removed from the property. Comp. Prayer for Relief immediately following ¶ 30. Perhaps realizing the import of this fact, Mr. Frank now has filed a motion seeking to withdraw its request for injunctive relief. In any event, it is undisputed that the underlying criminal forfeiture action remains pending in the United States District Court for the Northern District of Iowa, and it is the Government's actions taken pursuant to that forfeiture action which Mr. Frank seeks to challenge here. His action in this Court should be dismissed in lieu of the district court's jurisdiction, as required by 21 U.S.C. § 853(k).

> the property upon which the United States is storing the forfeited vehicles ("Gardner's Lane") is solely titled in the name of Plaintiff Robert J. Frank. It is no longer subject to a preliminary order of forfeiture or any effort of forfeiture by the United States.

Pl. Br. 4.

Notwithstanding Mr. Frank's suggestion to the contrary, the real property remains subject to the preliminary order of forfeiture. While Mr. Frank suggests that he is the rightful owner of the Gardner's Lane property, his brief acknowledges that the preliminary order of forfeiture remains in effect as to the Gardner's Lane property. Pl. Br. 7.[2] Specifically, Mr. Frank states: "the United States has not performed the ministerial act of having the Preliminary Order of Forfeiture amended to confirm title to the Gardner's Lane property in Mr. Frank." Id. What Mr. Frank fails to note is that he is free to file a motion with the district court (where, as noted above, this action remains pending) regarding his alleged interest in the property. See 21 U.S.C. §§ 853(n)(1), (2). At this time, the Gardner's Lane property remains subject to the preliminary order. Mr. Frank cannot properly deny that fact.

Mr. Frank argues that "the vehicles at issue have been validly forfeited to the United States. All right, title and interest in the vehicles vested in the United States upon the commission of the offense by Robert H. Frank (Mr. Frank's father)." Pl. Br. 5. This is incorrect. The Government has a preliminary order of forfeiture as to the father's interest in the vehicles, whatever interest that might be. The preliminary order of forfeiture, in accordance with 21

---

[2] The Government does not dispute the fact that it filed a lis pendens in Dubuque County Iowa Office of the Recorder with regard to the Gardner's Lane property and that it subsequently filed a withdrawal of the lis pendens in that Office of the Recorder. The Government also does not dispute that, in releasing the lis pendens, the Government withdrew its interest in the Gardner's Lane property.

U.S.C. § 853(n)(1), directed the Government to publish notice of the forfeiture and provide direct written notice to persons known to have alleged an interest in the forfeited property. 21 U.S.C. § 853(n)(1). The Government's ownership of the vehicles will not conclusively be established until completion of that process. To the extent Mr. Frank is dissatisfied with the steps taken by the Government with regard to forfeiture of the vehicles, Mr. Frank is free to file a motion with the district court seeking publication. This Mr. Frank has failed to do.

Mr. Frank labels as "specious" our argument that the Government was acting in its sovereign capacity when it obtained the preliminary order of forfeiture regarding the vehicles located at the Gardner's Lane property. Pl. Br. 19. Mr. Frank's brief fails to address the many cases cited in our motion to dismiss which establish that the actions taken by the Government, including forfeiture of the vehicles, were taken in the Government's sovereign capacity. Instead, Mr. Frank makes only the bald assertion that "the United States was clearly acting in its proprietary capacity as an owner of vehicles determining where to store them." Id.

In determining whether to remove the criminally forfeited vehicles from Gardner's Lane, the Government exercised its prosecutorial discretion pursuant to 21 U.S.C. § 853(n), as outlined in the preliminary order of forfeiture dated November 1, 2002. Pursuant to the terms of the preliminary order of forfeiture, the Government was "entitled" and "authorized" to seize and possess Gardner's Lane and the vehicles, but was not required to do so. Comp. Ex. 3. The Government's actions involve prosecutorial discretion, i.e., an act in the Government's sovereign capacity. See Sea Air Shuttle Corp. v. United States, 112 F.3d 532, 536 (1st Cir. 1997) (purported failure of agency to take enforcement action has no private analogue). Mr. Frank's suggestion to the contrary should be rejected.

## II. Mr. Frank's Contract Claims Should Be Dismissed For Failure To Plead And Prove Jurisdiction Because Mr. Frank Has Not Sufficiently Alleged The Existence Of An Express Or Implied-In-Fact Contract Between Himself And The United States

In our motion to dismiss, we established that Mr. Frank's complaint failed to allege even the basic elements of a contract and instead contained only conclusory allegations of the existence of a contract with the United States. Mr. Frank's reply brief fails refute this fact and fails to establish the requisite elements of an express or implied contract.

For example, in his response to our motion to dismiss, Mr. Frank suggests the existence of offer and acceptance as follows:

> Mr. Frank informed the United States that it had a choice in removing the vehicles or paying a storage fee of $10/day/vehicle if not promptly removed. See Comp. Ex. 6 (letter dated September 16, 2002). .

Pl. Br. 9. According to Mr. Frank, the "United States" accepted his "offer" because "[t]he United States did not, and still has not, removed the vehicles." Id.

As we established in our motion to dismiss, Mr. Frank submitted not an offer to contract to the United States, but a unilateral demand for payment. As to acceptance, silence (or lack of action) in response to an "offer" is wholly insufficient to establish acceptance of an offer by the United States. See, e.g., Lewis v. United States, 70 F.3d 597, 600 (Fed. Cir. 1995) (implied-in-fact contract requires a lack of ambiguity in offer and acceptance); Franklin Sav. Corp. v. United States, 56 Fed. Cl. 720, 742 (2003) (citations omitted) ("The terms of the offer must be specific and unambiguous, so that acceptance of that offer will cement a binding bargain enforceable by law"). Indeed, were this the case, a contractor could successfully bind the Government in

contract by simply making unilateral demands that, if not subsequently met by the Government, could bind the Government in contract. Obviously, this cannot be the case.

In support of his argument regarding offer and acceptance, Mr. Frank cites Heydt v. United States, 38 Fed. Cl. 286, 300 (1987), which Mr. Frank admits is "distinguishable on its facts." Heydt does not support a finding that the Government's silence in response to Mr. Frank's demand somehow constituted acceptance by the Government. Indeed, Mr. Frank admits in his brief that, "the Heydt case also notes that '[t]he Government's silence, or lack of response, cannot constitute an acceptance of Mr. Heydt's demands for payment.'" Pl. Br. 10. Rather then support his case, Heydt supports a finding that there was a lack of objective intent by the Government to contract. 38 Fed. Cl. at 302. As noted by the Court in Heydt, the mere conferring of a benefit upon the Government does not create an implied-in-fact contract. Id.

Mr. Frank attempts to draw a distinction between his alleged "offer" and the demand for payment in Heydt. However, in the end, there is no difference because, as noted above, Mr. Frank likewise submitted to the Government a demand for payment. The Government never agreed to or accepted Mr. Frank's demand. Mr. Frank's suggestion otherwise should be rejected.

Mr. Frank argues acceptance by the Government because the United States allegedly "indicated its acceptance by informing Mr. Frank in no uncertain terms that it would seek criminal penalties against him if he took any action to dispose of the property." Pl. Br. 10 (citing Comp. Ex. 7 (letter of September 19, 2002). As we established in our motion to dismiss (which Mr. Frank failed to refute in his responsive brief), the letter from Assistant United States Attorney Richard L. Murphy cited by Mr. Frank does not support Mr. Frank's allegation. First,

nothing in that letter evidences any acceptance by Mr. Murphy of Mr. Frank's unilateral demand for payment of storage fees. Second, in that letter, Mr. Murphy does not, as suggested by Mr. Frank, threaten Mr. Frank with criminal prosecution. Rather, Mr. Murphy requests that Mr. Frank: (1) provide the Government with descriptions, photographs, and location of any vehicles Mr. Frank intends to declare abandoned so that steps may be taken to retrieve the vehicles; and (2) "take no action with regard to the vehicles and property which are subject to the pending forfeiture indictment without first obtaining approval of the United States." Comp. Ex. 7. Mr. Murphy's letter also informs Mr. Frank's attorney that "[a]ny action to transfer the property or other action which could result in damage or diminution in value of the property subject to the forfeiture indictment, could constitute a violation of Title 18, U.S.C. § 2232." Id. Mr. Frank's suggestion that the United States threatened him with criminal prosecution is specious and should be rejected.[3]

We established in our motion to dismiss that the party asserting the existence of a contract with the United States bears the burden of establishing that the person upon whose alleged promises or representations the party relied had the requisite actual contracting authority. Heckler v. Community Health Serv. of Crawford County, 467 U.S. 51, 63 (1984). We likewise established that Mr. Frank's complaint failed to identify anyone within the United States who specifically accepted or agreed to bind the United States to the terms of Mr. Frank's unilateral demand. Finally, we established that, to the extent Mr. Frank identified Mr. Murphy as the

---

[3] Mr. Frank also argues the existence of mutuality of intent to contract because the Government has not removed the vehicles from Gardner's Lane and "the United States had to contract with someone to store the forfeited vehicles someplace." Pl. Br. 11. However, Mr. Frank also notes that "[t]he United States may argue that it did not complete the forfeiture and therefore does not 'own' the vehicles." Id. Mr. Frank cannot have it both ways.

Government employee who allegedly accepted Mr. Frank's unilateral demand, Mr. Murphy does not have the requisite authority to accept, upon behalf of the United States, Mr. Frank's unilateral demand.

In response to our motion to dismiss, Mr. Frank again fails to identify any Government official with whom he dealt, who allegedly accepted his offer to contract. Instead, Mr. Frank speculates that his offer was accepted by some unidentified, unknown individual within the United States Marshals Service. Pl. Br. 12-14. In support of his argument, Mr. Frank suggests that Mr. Murphy somehow was acting as a representative of the United States Marshals Service in a legal proceeding. Pl. Br. 12 (stating that Mr. Murphy had a "general duty as an attorney to convey pertinent information to his client"). Mr. Frank also argues that "Mr. Murphy had a specific policy directive to convey [the September 16, 2002 letter] to the Marshals Service." Pl. Br. 12. Notwithstanding Mr. Frank's contrary suggestion, Mr. Murphy did not represent the Marshals Service in legal proceedings in the district court. Rather, Mr. Murphy represented the United States in criminal forfeiture proceedings.

Even assuming for the sake of argument that the Marshals Service was provided a copy of Mr. Frank's September 16, 2002 letter, this fact does not establish that Mr. Murphy, or anyone else within the United States Marshals Service, or anyone else within the Government, accepted Mr. Frank's alleged offer. Having failed to identify anyone within the United States Government who allegedly accepted his offer (and who had authority to bind the Government in contract), Mr. Frank resorts to mere speculation, stating that "[o]bviously, someone in the Marshals Service made the decision to leave the vehicles in place rather than moving them to another location" and

"[t]hat person presumably had the authority to make that decision." Pl. Br. 14.[4] Such mere speculation is an improper basis upon which to find the existence of a contract. Mr. Frank's new argument – that he somehow entered into a contract with an unknown employee of the Marshals Service – likewise provides an insufficient basis upon which to find his complaint jurisdictionally sufficient. As we discuss below at pages 12-15, Mr. Frank's complaint remains jurisdictionally-defective, and his purely-speculative beliefs regarding the existence of contract provide an insufficient basis upon which to grant Mr. Frank discovery. Mr. Frank's jurisdictionally-defective complaint should be dismissed.

With regard to Mr. Murphy, Mr. Frank suggests that "Mr. Murphy arguably had implied actual authority to accept Mr. Frank's proposed storage fee." Pl. Br. 14. However, Mr. Frank's argument ignores completely our discussion of this issue at pages 24-25 of our motion to dismiss. In our motion, we established that such authority may be "implied when such authority is considered to be an integral part of the duties assigned to a Government employee." Roy v. United States, 38 Fed. Cl. 184, 189, appeal dismissed, 124 F.3d 224 (Fed. Cir. 1997) (quoting H. Landau & Co. v. United States, 886 F.2d 322, 324 (1989)). "Integral" duties have been interpreted to mean duties that are "essential" or "necessary to form a whole." Id. Thus, as we established in our motion to dismiss, the fundamental question here is whether making binding

---

[4] Mr. Frank likewise makes the following unsupported allegation: "Accordingly, since the Marshals Service made the decision to leave the vehicles in place, the person making that decision on behalf of the Marshals Service had the implied actual authority to agree to the consequences of that decision: the noticed storage fee of $10/day/vehicle." Pl. Br. 14. This speculative argument likewise is insufficient to establish the existence of a contract for purposes of this Court's jurisdiction and, as we discuss below at pages 12-15, does not somehow entitle Mr. Frank to discovery on the issue.

contracts for reimbursement of vehicle storage fees is “integral” to the duties of the Assistant United States Attorney involved in this case.

The answer to that question is found in the series of cases we cited in our motion to dismiss which have established that such duties are not integral to an Assistant United States Attorney. See Gary v. United States, 67 Fed. Cl. 202, 215 (2005) (“The authority to make contracts for the payment of money, other than formal agreements to settle civil claims against the United States, see 28 C.F.R. §§ 0.160, 0.161, and 0.168, however, is not an integral part of those duties. Therefore, the agents with whom plaintiff allegedly contracted lacked the requisite implied authority to make an agreement obligating the United States to pay money”); Tracy v. United States, 55 Fed. Cl. 679, 684 (2003) (rejecting plaintiff's contract claim because he presented "'no documents whatsoever' that indicate that U.S. Attorney Gil either had authority to enter into such a contract, or intended to enter into such a contact”); McAfee v. United States, 46 Fed. Cl. 428, 435-38 (2000) (rejecting plaintiffs’ multiple arguments for implied actual authority, stating “[p]laintiffs have failed to assert facts showing that authority to contract for intermediaries is necessary or essential to the successful performance of the Assistant United States Attorney’s and/or USA’s duties”); see also Sanders v. United States, 252 F.3d 1329, 1336 (Fed. Cir. 2001) (authority of Assistant United States Attorney should not be implied); Doe v. United States, 100 F.3d 1576, 1585 (Fed. Cir. 1996) (holding that informant's implied-in-fact contract claim failed because "[n]o allegation was made, nor do the facts suggest anything that would support an allegation, that 'such authority [to make binding contracts for rewards] is considered to be an integral part of the duties assigned to [customs agents or Assistant United States Attorneys]'") (citation omitted) (alterations in original); Awad v. United States, 61 Fed. Cl.

281, 286 (2004) (authority of Assistant United States Attorney should not be implied); Houston v. United States, 60 Fed. Cl. 507, 512 (2004) (same).[5] Mr. Frank's argument to the contrary should be rejected.

Mr. Frank cites Algonac Manufacturing Co. v. United States, 192 Ct. Cl. 649, 428 F.2d 1241 (1970), for the proposition that "an implied-in-fact contract for the storage of government property had been proven." Pl. Br. 15. However, Algonac does not in any way establish the creation of an implied-in-fact contract here. In Algonac there already existed an express contract between the contractor and the Government for the manufacture and storage of certain items, including armor plate. After the contract was completed, the contractor continued to store armor plate at its factory. In finding the existence of an implied-in-fact contract for storage of the remaining items, the Court expressly relied upon the "provisions of the contract." 192 Ct. Cl. at 676-77, 428 F.2d at 1257.

Specifically, the Court of Claims examined the terms of the contract between the contractor and the Government and determined "[i]n view of the duties, responsibilities, and obligations imposed on the plaintiff by the foregoing provisions to maintain, repair, protect, and preserve the armor plate as long as it was in its possession, it was reasonable for the plaintiff to conclude, after the contract was finished and it had requested the government several times in writing . . . to take possession of the property and the government failed to do so, that the government wished it to continue to care fore, preserve, and store such property." 192 Ct. Cl. at

---

[5] While Mr. Frank's brief completely ignores the above-cited cases, Mr. Frank does cite United States v. Bissett-Berman Corp., 481 F.2d 764, 768-69 (9th Cir. 1973). Mr. Frank's reliance upon that case is misplaced as that case concerned the authority of a Government attorney who represented the United States at trial and signed a stipulation of settlement. That obviously is not the situation here.

676, 428 F.2d at 1257 Here, there was no express contract between Mr. Frank and the Government requiring Mr. Frank to "maintain, repair, protect, and preserve " the vehicles. In the absence of such an express contract, Algonac provides no proper basis upon which to find the existence of an implied-in-fact contract with regard to the vehicles.

III. Mr. Frank Is Not Entitled To Discovery

While Mr. Frank has not filed a motion requesting discovery in this case, Mr. Frank apparently seeks discovery regarding the "conveyance" of his September 16, 2002 letter to the Marshals Service, "the decisions made by the Marshals Service to store the vehicles on Mr. Frank's property rather than removing them, the authority of that person(s) to make those decisions and other matters." Pl. Br. 16. Mr. Frank is not entitled to discovery.

According to Mr. Frank, "[w]hen a claim of an implied-in-fact contract is not clearly frivolous or wholly insubstantial, dismissal for lack of subject matter jurisdiction is not appropriate." Pl. Br. 16. However, Mr. Frank's claim of an implied-in-fact contract, as set forth in his complaint, is clearly frivolous and wholly insubstantial. As established above and in our motion to dismiss, Mr. Frank's complaint does not contain well-pleaded "allegations of express or implied-in-fact contract" and, therefore, fails to establish the existence of an express or implied-in-fact contract. McAfee v. United States, 46 Fed. Cl. 428, 432 (2000) (citing Trauma Serv. Group v. United States, 104 F.3d 1321, 1325 (Fed. Cir. 1997)). Mr. Frank's response to our motion to dismiss does not rectify the deficiencies of his complaint.

With the filing of his response to our motion to dismiss, Mr. Frank's entire case now rests, apparently, upon a purely-speculative belief that some unidentified, unknown individual within the United States Marshals Service accepted his "offer" to store vehicles at Gardner's

Lane. Such pure speculation provides an insufficient basis upon which to allow discovery in a case where the complaint itself is inadequate. See, e.g., Lewis v. United States, 32 Fed. Cl. 301 (1994), aff'd 70 F.3d 597, 600 (Fed. Cir. 1995) (denying request for discovery and dismissing complaint filed pursuant to RCFC 27 where plaintiff's statement of jurisdictional basis was clearly without merit).

In support of his request for discovery, Mr. Frank cites Marvel Engineering Co. v. United States, 14 Cl. Ct. 614, 620 (1988), and Aero-Abre, Inc. v. United States, 39 Fed. Cl. 654 (1997). Neither case supports granting Mr. Frank discovery here. In Marvel, plaintiff submitted a facially valid complaint and the Court sought to determine whether an oral agreement between the Government's agent and the plaintiff constituted a valid contract. That is not the situation here. Mr. Frank's complaint does not contain well-pleaded allegations of an express or implied contract. Indeed, Mr. Frank has failed to identify anyone who accepted his alleged offer, let alone someone with authority to bind the Government in contract. Instead, Mr. Frank seeks discovery to determine whether some unknown employee of the Marshals Service may accepted his offer. Thus, Mr. Frank's reliance upon Marvel is misplaced.

Aero-Abre likewise does not support a finding that Mr. Frank is entitled to discovery. In that case, plaintiff had an express contract with the Marshals Service to provide towing services. An issue arose as to the terms of the contract, as well as oral statements made by the contracting officer's technical representative ("COTR") that allegedly changed or modified the contract. The Court allowed discovery regarding whether an official with authority to bind the Marshals Service ratified the COTR's agreement.

That simply is not the case here. Mr. Frank has no contract with the United States. He can identify no individual with whom he dealt who either agreed to such a contract or had authority to bind the United States in contract. Mr. Frank is not entitled to discovery based upon what is, at best, pure speculation.

Mr. Frank likewise seeks discovery regarding whether anyone within the Marshals Service ratified the alleged agreement. Pl. Br. 18-19. Mr. Frank's argument puts the cart before the horse. As discussed above, Mr. Frank's complaint fails to allege or establish the elements of a contract. There simply is no contract and, as such, there is no contract for someone within the Marshals Service to ratify.

In his brief, Mr. Frank cites two letters addressed to the Marshals Service (Acting United States Marshal Roger Arechiga and Patricia Hanson, Procurement Chief), both dated November 2005. Pl. Br. 18. Both letters were prepared by Mr. Frank's attorney and were submitted to the Government over three years after the alleged contract, in conjunction with Mr. Frank's purported submission of a claim pursuant to the Contract Disputes Act. Comp. Ex. 9. Both letters were sent in support of claims seeking payment from the Government based upon the earlier, alleged contract.

Mere submission of these letters to the Government does not in any way provide evidence of ratification by the Marshals Service of Mr. Frank's alleged contract. Likewise, the fact that the Government ultimately did not grant or allow his alleged claim (or took no action upon his alleged claim) does not in any way provide evidence of ratification of Mr. Frank's alleged contract. Mr. Frank has failed to establish the existence of a contract. His submission of a

"claim" to the Government three years later was of no legal moment with regard to formation of the alleged contract.

Mr. Frank has failed to allege anything more than speculative, conclusory statements regarding the existence of a contract between himself and the Government. Mr. Frank likewise has failed to identify a Government official with whom he dealt who had authority to bind the Government in contract. He should not require discovery to establish this if he truly had a contract with the Government. Because Mr. Frank cannot establish the existence of a contract with the United States, his contractual claims should be dismissed for lack jurisdiction pursuant to RCFC 12(b)(1).

IV. Plaintiff's Taking Claim Should Be Dismissed

In our motion to dismiss, we established, among other things, that this Court lacks jurisdiction to consider Mr. Frank's takings claim. Mr. Frank ignores our substantive arguments, suggesting instead that the Court rules allow pleading in the alternative. Pl. Br. 20-21 (citing RCFC 8(a)). Mr. Frank's argument misses the mark. Just as this Court lacks jurisdiction to consider contract claims challenging the Government's actions pursuant to criminal forfeiture proceedings, this Court likewise lacks jurisdiction to consider a Fifth Amendment takings claim based upon that same action.

As we established in our motion to dismiss, this Court lacks jurisdiction to consider Fifth Amendment takings claims based upon forfeiture of property. Vereda, Ltda. v. United States, 271 F.3d 1367, 1375 (Fed. Cir. 2001). A key element of Mr. Frank's takings claim is his ability to establish ownership of the property at Gardner's Lane, which, as established above, still must be addressed by the district court. Given his complaints regarding the manner in which the

Government has conducted the criminal forfeiture, any consideration of his complaints regarding the Government's actions belong in district court, not here.

Because Mr. Frank has failed to refute any of the several arguments set forth in our motion to dismiss regarding dismissal of his takings claim, we will not restate them here. For the reasons set forth in our motion to dismiss, Mr. Frank's takings claim should be dismissed.

CONCLUSION

For these reasons, and the reasons set forth in our motion to dismiss, defendant respectfully requests that its motion to dismiss be granted and that plaintiff's complaint be dismissed.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

s/ David B. Stinson
DAVID B. STINSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tele: (202) 307-0163
Fax: (202) 514-8624

OF COUNSEL:

LUCILLE C. ROBERTS
Deputy General Counsel
United States Marshals Service
Washington, D.C.

September 25, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on SEPTEMBER 25, 2006, a copy of the foregoing "DEFENDANT'S REPLY BRIEF" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David B. Stinson
DAVID B. STINSON