IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROBERT J. FRANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-73C |
| | ) | (Judge Hodges) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

Pursuant to this Court's May 3, 2007 Order, the parties respectfully submit this joint status report.

I. Uncontested Facts

The United States Marshals Service and the United States Attorneys Office for the Northern District of Iowa have agreed to proceed with the forfeiture of the 14 vehicles named in the preliminary order of forfeiture. The vehicles have been issued identification numbers in the Computer Asset Tracking System ("CATS"). United States Marshals Form 285, requiring seizure by the U.S. Marshals Service, has been completed by the United States Attorneys Office and provided to the U.S. Marshals Service. Arrangements are currently being made to remove the vehicles from the Gardner's Lane property and list them for sale.

The United States does not intend to proceed with forfeiture of the Gardner's Lane real property, or any other vehicles. Once the sale of the vehicles has been completed, the Assistant United States Attorney will file a final order of forfeiture, stating that the United States is not proceeding with forfeiture of the real property or the remaining vehicles.

II. Contested Issues

Plaintiff's position, which the United States disputes, is that the United States has already

forfeited and owns other vehicles on the property and, thus, owes Plaintiff storage fees for those vehicles. Plaintiff anticipates filing a motion with the United States District Court for the Northern District of Iowa regarding that issue.

Additionally, Plaintiff's position, which the United States also disputes, is that the prior settlement agreement between the parties required the United States to dismiss the portion of the proceeding relating to the forfeiture of the Gardner's Lane real property and that the United States has so far failed to perform that ministerial act. The United States maintains that, in the prior letter agreement, the United States agreed only to release the lis pendens on the Gardner's Lane property, which it did, in exchange for the Plaintiff withdrawing his petition for remission in the forfeiture action. The letter agreement did not require the United States to dismiss Gardner's Lane, the real property, from the forfeiture action.

Respectfully submitted,

/s/ WEBB L. WASSMER
WEBB L. WASSMER
Simmons Perrine PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Tel: (319) 366-7641
Fax: (319) 366-1917

Attorney for plaintiff

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ PATRICIA M. McCARTHY
PATRICIA M. McCARTHY
Assistant Director

/s/ MEREDYTH D. COHEN
MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-7978
Fax: (202) 514-8624

May 31, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of May, 2007, a copy of the foregoing "JOINT STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/MEREDYTH D. COHEN