IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROBERT J. FRANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-73C |
| | ) | (Judge Hodges) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

For its answer to the Complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Admits the allegations contained in the first sentence of paragraph 4. Admits the allegations contained in the second sentence of paragraph 4 to the extent supported by the indictment cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 4. Admits the allegations contained in the third sentence of paragraph 4. Admits the allegations contained in the fourth sentence of paragraph 4 to the extent supported by the indictment cited, which is the best evidence of its contents; otherwise denies the allegations contained in the fourth sentence of paragraph 4.

5. Admits the allegations contained in paragraph 5 to the extent supported by the stipulation cited, which is the best evidence of its contents; otherwise denies the allegations

contained in paragraph 5.

6. Admits the allegations contained in the first sentence of paragraph 6. Admits the remaining allegations contained in paragraph 6 to the extent supported by the Preliminary Order of Forfeiture cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. Admits the allegations contained in the first sentence of paragraph 7, but not the parenthetical. Admits the remaining allegations contained in paragraph 7 to the extent supported by the judgments cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 7.

8. The allegations contained in paragraph 8 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

9. Denies the allegations contained in paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth.

10. Denies the allegations contained in the first sentence of paragraph 10. Admits the allegation contained in the second sentence of paragraph 10 that "[n]umerous other vehicles not specifically identified in the Indictment are located on the property" to the extent that "property" refers to the Gardner's Lane real property identified in the indictment; denies the allegation that the property is owned by plaintiff for lack of knowledge or information sufficient to form a belief as to its truth. Denies the allegations contained in the third sentence of paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.

11. Admits the allegations contained in the first sentence of paragraph 11 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the

allegations contained in the first sentence of paragraph 11. Admits the allegation contained in the second sentence of paragraph 11 that the United States sent plaintiff the letter dated September 19, 2002 and attached to the Complaint as Exhibit 7; denies the remaining allegations contained in the second sentence of paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. Admits the allegation contained in paragraph 13 that the United States has not paid any storage fees but avers that there are no "accrued storage fees" and further that the United States has no legal obligation to pay any storage fees. Admits the allegation contained in paragraph 13 that the United States had not removed any vehicles as of the filing of the Complaint and avers that 13 of the vehicles named in the indictment were removed on August 15, 2007.

14. The allegations contained in paragraph 14 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

15. The allegations contained in paragraph 15 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

16. Defendant's responses to paragraphs 1 through 15 of the Complaint are incorporated by reference.

17. Denies the allegations contained in paragraph 17.

18. Denies the allegations contained in paragraph 18.

19. Denies the allegations contained in paragraph 19.

20. Denies the allegations contained in paragraph 20.

Denies that plaintiff is entitled to the relief set forth in the paragraph immediately following paragraph 20, or to any relief whatsoever.

21. Defendant's responses to paragraphs 1 through 20 of the Complaint are incorporated by reference.

22. Denies the allegations contained in paragraph 22.

23. Denies the allegations contained in paragraph 23.

24. Denies the allegations contained in paragraph 24.

25. Denies the allegations contained in paragraph 25.

Denies that plaintiff is entitled to the relief set forth in the paragraph immediately following paragraph 25, or to any relief whatsoever.

26. Defendant's responses to paragraphs 1 through 25 of the Complaint are incorporated by reference.

27. Denies the allegations contained in paragraph 27.

28. Denies the allegations contained in paragraph 28.

Denies that plaintiff is entitled to the relief set forth in the paragraph immediately following paragraph 28, or to any relief whatsoever.

29. Defendant's responses to paragraphs 1 through 28 of the Complaint are incorporated by reference.

30. The allegations contained in paragraph 30 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

Denies that plaintiff is entitled to the relief set forth in the paragraph immediately following paragraph 30, or to any relief whatsoever. Avers that plaintiff voluntarily dismissed the allegations contained in Count IV of the Complaint in his response to Defendant's Motion to Dismiss, filed on August 25, 2006.

31. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

1. Plaintiff's claims should be dismissed for lack of jurisdiction.

2. This action is barred by statute.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ PATRICIA M. McCARTHY
PATRICIA M. McCARTHY
Assistant Director

OF COUNSEL:

LUCILLE C. ROBERTS
Deputy General Counsel
United States Marshals Service
Washington, D.C.

/s/ MEREDYTH D. COHEN
MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-7978
Fax: (202) 514-8624

September 20, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of September, 2007, a copy of the foregoing "DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/MEREDYTH D. COHEN