IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROBERT J. FRANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-73C |
| | ) | (Senior Judge Hodges) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

<u>JOINT PRELIMINARY STATUS REPORT</u>

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims, the parties, by their representative attorneys, respectfully submit this Joint Preliminary Status Report:

**(a) Does the court have jurisdiction over the action?**

Plaintiff believes that the Court possesses jurisdiction. For the reasons set forth in its motion to dismiss, filed on May 25, 2006, defendant believes that the Court lacks jurisdiction.

**(b) Should the case be consolidated with any other case and, if so, why?**

The parties agree that this case should not be consolidated with any other case.

**(c) Should the trial of liability and damages be bifurcated and, if so, why?**

The parties agree that the trial should not be bifurcated into liability and damages.

**(d) Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal and, if so, why?**

Plaintiff believes that further proceedings should not be deferred. Defendant believes that further proceedings in this case should be deferred pending resolution of the related forfeiture case currently pending in the United States District Court for the Northern District of Iowa, Case No. 00-CR-00-1051-1-RTD.

**(e) In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?**

The parties do not believe that remand or suspensions will be sought.

**(f) Will additional Parties be joined?**

The parties do not anticipate that additional parties will be joined.

**(g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56, and, if so, what is the proposed schedule for the intended filing?**

Defendant has already filed a motion to dismiss pursuant to RCFC 12(b). Neither party intends to file a motion pursuant to RCFC 12(c). The parties have not yet determined whether they will file motions pursuant to RCFC 56, but if they choose to do so, they will file their motions within 60 days after the close of discovery. Opposition briefs shall be filed within 30 days after service of an RCFC 56 motion, and reply briefs shall be filed with 14 days after service of the opposition.

**(h) What are the relevant factual and legal issues?**

The plaintiff, Robert J. Frank, alleges that he had an express or implied-in-fact contract with the Government for storage fees for vehicles that are currently subject to a preliminary order of forfeiture. The vehicles are located on real property in Dubuque, Iowa, known as Gardner's Lane. The parties disagree as to whether Gardner's Lane is also currently subject to the preliminary order of forfeiture. The preliminary order of forfeiture was issued in a criminal matter involving plaintiff's father, Robert H. Frank, which is pending in the United States District Court for the Northern District of Iowa, Case No. 00-CR-00-1051-1-RTD. Mr. Frank

also seeks recovery of storage fees based upon an alleged taking of his property pursuant to the Fifth Amendment.

The legal issues in this case are:

1. Whether this Court possesses subject matter jurisdiction to consider Mr. Frank's claims.

2. Whether Mr. Frank entered into an express contract with the United States.

3. Whether Mr. Frank entered into an implied-in-fact contract with the United States.

4. Whether any alleged contract between Mr. Frank and the United States was entered into by the United States in its sovereign or proprietary capacity.

5. Whether any Government employees who allegedly contracted with Mr. Frank possessed the requisite authority to contractually obligate the funds of the United States Treasury.

6. Whether the United States committed a taking of Mr. Frank's property pursuant to the Fifth Amendment.

7. Whether Mr. Frank is entitled to damages, and, if so, to what amount Mr. Frank is entitled.

**(i) What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

The parties have had several settlement discussions and are continuing to discuss the possibility of settlement. The parties do not contemplate engaging in alternative dispute resolution at this time.

**(j) Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling and, if so, why?**

The parties anticipate that this case will be tried unless it is resolved upon dispositive motions or settled. The parties do not request expedited trial scheduling.

**(k) Are there special issues regarding electronic case management needs?**

Neither party is aware of any special electronic case management needs.

**(l) Is there any other information of which the court should be aware of at this time?**

No.

**Discovery Plan**

Initial disclosures shall be made 30 days from the date of entry of a scheduling order.

All discovery, including depositions and discovery of experts, shall be completed within 180 days from the date of entry of a scheduling order.

Expert witness disclosure shall be made by the plaintiff within 120 days and defendant within 150 days from the date of entry of a scheduling order.

Respectfully submitted,

/s/WEBB L. WASSMER
WEBB L. WASSMER
Simmons Perrine PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Tel: (319) 366-7641
Fax: (319) 366-1917

Attorney for plaintiff

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ PATRICIA M. McCARTHY
PATRICIA M. McCARTHY
Assistant Director

/s/ MEREDYTH D. COHEN
MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-7978
Fax: (202) 514-8624

Attorneys for Defendant

November 9, 2007

CERTIFICATE OF SERVICE

I certify under that on this 9th day of November, 2007, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ MEREDYTH D. COHEN