IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROBERT J. FRANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-73C |
| | ) | (Senior Judge Hodges) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S STATUS REPORT**

Pursuant to this Court's January 24, 2008 Order, defendant, the United States, respectfully submits this status report outlining the basis of its belief that the plaintiff, Robert J. Frank ("Mr. Frank"), does not own the Gardner's Lane property at issue in this action and clarifying the parties' request for discovery.

We contend that Gardner's Lane was fraudulently transferred to Mr. Frank from his father, Robert H. Frank. The transfer occurred between blood relatives - father and son - shortly after a divorce decree was entered dissolving Robert H. Frank's marriage and dividing the marital assets, and shortly after Robert H. Frank was arrested and indicted in state court for arson for burning the home of the state judge who issued the divorce decree. Additionally, the only consideration for the transfer that is listed on the quitclaim deed transferring the property from Robert H. Frank to Mr. Frank is $10.00, an amount not reasonably equivalent to the value of the property. We are unaware of any consideration other than that listed on the quitclaim deed. Finally, Robert H. Frank, who is currently incarcerated pursuant to a related Federal conviction, maintained some control over the property, as evidenced by the storage of his vehicles on Gardner's Lane for several years after the transfer of Gardner's Lane to Mr. Frank. All of these factors are indicia of a fraudulent transfer.

If Mr. Frank does not own the property, he does not possess standing to bring any of his claims. A Fifth Amendment takings claim requires the plaintiff to prove personal injury by demonstrating ownership of the property at the time of the alleged taking. Maniere v. United States, 31 Fed. Cl. 410, 420 (Fed. Cl. 1994). A contract claim requires a showing of consideration, and if Mr. Frank does not own the property, he cannot show consideration.

As set forth in the parties' January 18, 2008 joint status report, we intend to file a motion to dismiss raising our standing argument on or before March 10, 2008. To be clear, we require no discovery prior to filing our motion, or prior to this Court's resolution of the standing issue.

Rather, in the January 18, 2008 status report, we had requested that, if the standing issue were resolved against the Government, that the parties then have six months of discovery upon the merits of the case. For instance, we would anticipate discovery upon the issues of offer, acceptance, and actual authority in relation to Mr. Frank's contract claims, as well as upon the proper calculation of damages, again, should the Court reach the merits of Mr. Frank's claims. Based upon our discussions with Mr. Frank's counsel while preparing the January 18, 2008 joint status report, we understand that Mr. Frank wishes to commence six months of discovery upon the merits immediately, prior to the filing of our motion to dismiss or the Court's ruling upon that motion. We do not understand that Mr. Frank intended to request discovery upon the standing issue.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ PATRICIA M. McCARTHY
PATRICIA M. McCARTHY
Assistant Director

/s/ MEREDYTH D. COHEN
MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-7978
Fax: (202) 514-8624

January 29, 2008

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January, 2008, a copy of the foregoing "DEFENDANT'S STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/MEREDYTH D. COHEN