IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROBERT J. FRANK, | ) | |
| | ) | NO. 06-73C |
| Plaintiff, | ) | (Senior Judge Hodges) |
| | ) | |
| vs. | ) | PLAINTIFF'S |
| | ) | RESPONSE TO |
| UNITED STATES OF AMERICA, | ) | DEFENDANT'S |
| | ) | STATUS REPORT |
| Defendant. | | |

Plaintiff Robert J. Frank responds as follows to Defendant's Status Report, filed January 29, 2008, alleging that the transfer of the Gardner's Lane property to Plaintiff Robert J. Frank was fraudulent.

The United States asserts that the 1987 transfer of the real estate at issue, Gardner's Lane, from Robert H. Frank to Robert J. Frank, was a fraudulent conveyance. Since 1987, Robert J. Frank has been the record owner of the property. *See* Exhibit 1 (deed). The United States has not filed any action to set aside the transfer as a fraudulent conveyance. Any such claim has long been barred by the statute of limitations.

The deed was recorded. *See* App. 1 (deed). "[W]here the alleged wrong consists in making a conveyance or transfer of title to real estate, the record of such instrument and the constructive notice thereby imparted is held to charge all persons adversely affected thereby with knowledge thereof, and the period of limitation begins with such record." *Anderson v. King*, 93 N.W.2d 762, 766 (Iowa 1958) (citations omitted). The statute of limitations for fraud is five years. *See*

Iowa Code § 614.1(4). Accordingly, any claim of fraudulent conveyance is barred by the statute of limitations.

In addition to the constructive notice provided by the mere recording of the deed, the United States has had actual notice of the deed more than five years prior to the commencement of this matter on January 26, 2006. On October 30, 2000, the United States indicted Robert H. Frank, which Indictment included a claim for forfeiture of the Gardner's Lane property in Count 50. *See* App. 2-5 (Indictment). Count 50 specifically alleges that the real estate is "titled under the name 'Robert J. Frank.'" App. 3. The United States filed a notice of lis pendens with the Dubuque County Recorder on November 15, 2000. *See* App. 32 (Release of Lis Pendens referencing its filing of 11/15/00).

Further, the United States has waived, is barred by accord and satisfaction and is estopped (among other legal and equitable principles) from making any claim of fraudulent conveyance. Robert J. Frank filed a Petition re: Forfeiture asserting his claim to the Gardner's Lane property with the United States District Court for the Northern District of Iowa. That Petition was forwarded to Assistant United States Attorney Martin J. McLaughlin on November 22, 2002. *See* App. 6 et seq. The cover letter transmitting the Petition notes the United States' contentions that "(1) the original transfer in 1987 was fraudulent; and (2) at the time of the commission of the offenses, Butch [Robert H. Frank] was the actual/equitable owner of the property." App. 8. Counsel expressed Robert J. Frank's position that those claims were barred by the statute of limitations and

unsupported by evidence. App. 8. Robert J. Frank proposed a settlement by which he would waive his EAJA fee claim in exchange for the government dismissing the forfeiture proceeding as to Gardner's Lane. App. 7.

Following subsequent verbal conversations between counsel, the United States and Robert J. Frank agreed that "the United States has agreed to dismiss the forfeiture proceeding regarding the Gardner's Lane property in exchange for Bobby Frank's waiver of any EAJA claim." App. 30 (1/22/03 letter). In essence, the United States agreed that its position was frivolous and that Robert J. Frank's legal right to the Gardner's Lane property had arisen before any claim by the United States existed. The United States subsequently released its lis pendens notice, *see* App. 32, and Robert J. Frank dismissed his Petition in the forfeiture action. *See* App. 33-36.

As the United States has previously made the same arguments it is now making and as Robert J. Frank dismissed his Petition relating to the Forfeiture in reliance on the United States' wavier of those arguments, the United States should not be allowed to resurrect those arguments at this late date.

In sum, any claim by the United States that the transfer of the Gardner's Lane property to Robert J. Frank constituted a fraudulent conveyance is barred by the statute of limitations and by principles of waiver, accord and satisfaction and estoppel (and other legal and equitable principles).

In the event that this issue proceeds past the Court's initial hearing on this matter on February 4, 2008, some discovery on the fraudulent conveyance issue

(such as whether Robert H. Frank was insolvent at the time of the conveyance) may be necessary. Mr. Frank will also address the merits, or lack therof, of the United States' contention of fraudulent conveyance at that time.

It is Plaintiff Robert J. Frank's position that the United States should stop stalling and that this case should proceed to full discovery on the merits of Mr. Frank's claim.

Respectfully Submitted,

Date:____2/1/08______

_______/s/ Webb L. Wassmer_____________

WEBB L. WASSMER
SIMMONS, PERRINE, ALBRIGHT
& ELLWOOD, P.L.C.
115 3RD STREET S.E., SUITE 1200
CEDAR RAPIDS, IOWA 52401
(319) 366-7641 (telephone)
(319) 366-1917 (facsimile)
wwassmer@simmonsperrine.com

ATTORNEYS FOR PLAINTIFF
ROBERT J. FRANK

CERTIFICATE OF FILING

I hereby certify that on February 1, 2008, a copy of the foregoing "PLAINTIFF'S RESPONSE TO DEFENDANT'S STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

______/s/ Webb L. Wassmer______
WEBB L. WASSMER

Copy to:

Meredyth D. Cohen
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C., 20530