No. 06-73C
(Senior Judge Hodges)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ROBERT J. FRANK,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

# DEFENDANT'S SECOND MOTION TO DISMISS

---

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

PATRICIA M. McCARTHY
Assistant Director

OF COUNSEL:

LUCILLE C. ROBERTS
Deputy General Counsel
United States Marshals Service
Washington, D.C.

MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tele: (202) 353-7978
Fax: (202) 514-8624

March 10, 2008

Attorneys for Defendant

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . ii

STATEMENT OF THE CASE . . . . . . . . . . 1

I. Nature Of The Case . . . . . . . . . . 1

II. Issues Presented . . . . . . . . . . 2

SUMMARY OF THE ARGUMENT . . . . . . . . . . 9

ARGUMENT . . . . . . . . . . 11

Mr. Frank Lacks Standing To Bring His Contract And Fifth Amendment Takings Claims . . . . 11

I. This Court May Adjudicate The Validity Of Mr. Frank's Ownership Of Gardner's Lane To Determine Its Own Jurisdiction . . . . . . . . . . 13

II. The Iowa UFTA Statute Of Limitations Does Not Preclude The United States From Raising Fraudulent Transfer To Challenge Mr. Frank's Standing . . . . . . . 13

III. Robert H. Frank's Transfer Of Gardner's Lane To His Son, Mr. Frank, Was Fraudulent . . . . . . . . . . 15

IV. Accord And Satisfaction, Collateral Estoppel, And Other Equitable Principles Do Not Bar The United States From Asserting A Fraudulent Transfer Defense 18

CONCLUSION . . . . . . . . . . 23

TABLE OF AUTHORITIES

**CASES**

Allen v. Wright,
468 U.S. 737 (1984) .......... 11

Banner v. United States,
238 F.3d 1348 (Fed. Cir. 2001) .......... 20, 21

Benson v. Richardson,
537 N.W.2d 748 (Iowa 1995) .......... 15, 16, 17

Booth v. United States,
990 F.2d 617 (Fed. Cir.1993) .......... 1

Brock & Blevins Co. v. United States,
343 F.2d 951 (Cl. Ct. 1965) .......... 19

Case, Inc. v. United States,
88 F.3d 1004 (Fed. Cir. 1996) .......... 18, 19

In re Chapman Lumber Co.,
No. 05-00408, 2007 WL 2316528 (Bankr. N.D. Iowa Aug. 8, 2007) .......... 15, 16

Chesapeake & Delaware Canal Co. v. United States,
250 U.S. 123 (1919) .......... 14

Community Heating & Plumbing Co. v. Kelso,
987 F.2d 1575 (Fed. Cir. 1993) .......... 19

Fansteel Metallurgical Corp. v. United States,
172 F. Supp. 268 (Ct. Cl. 1959) .......... 14, 15

Fidanza v. TDB Int'l,
No. CV 950128541, 1997 WL 355982 (Conn. Super. Ct. June 18, 1997) .......... 14

Fuji Photo Film Co. v. Int'l Trade Comm'n,
474 F.3d 1281 (Fed. Cir. 2007) .......... 11

Hanson v. Office of Pers. Mgmt.,
833 F.2d 1568 (Fed. Cir. 1987) .......... 22

Henry v. United States,
870 F.2d 634 (Fed. Cir. 1989) .......... 22

Jet, Inc. v. Sewage Aeration Sys.,
223 F.3d 1360 (Fed. Cir. 2000) .......... 21

Karras v. Karras,
16 F.3d 245 (8th Cir. 1994) .......... 14

Land v. Dollar,
330 U.S. 731 (1947) .......... 11, 13

Lujan v. Defenders of Wildlife,
504 U.S. 555 (1992) .......... 11

Maniere v. United States,
31 Fed. Cl. 410 (1994) .......... 12

O'Connor v. United States,
308 F.3d 1233 (Fed. Cir. 2002) .......... 19

RF Delaware, Inc. v. Pacific Keystone Techs., Inc.,
326 F.3d 1255 (Fed. Cir. 2003) .......... 21, 22

Red Lake v. United States,
607 F.2d 930 (Ct. Cl. 1979) .......... 21

Reforestacion de Sarapiqui v. United States,
26 Ct. Cl. 177 (Cl. Ct. 1992) .......... 13

Rel-Reeves, Inc. v. United States,
534 F.2d 274 (Ct. Cl. 1976) .......... 22, 23

Reynolds v. Army & Air Force Exch. Serv.,
846 F.2d 746 (Fed. Cir. 1988) .......... 11, 13

Rocovich v. United States,
933 F.2d 991 (Fed. Cir. 1991) .......... 11

In re Schaefer,
331 B.R. 401 (N.D. Iowa 2005) .......... 16, 17

Scheuer v. Rhodes,
416 U.S. 232 (1974) .......... 11

In re Sherman,
67 F.3d 1348 (8th Cir. 1995) ............................................................................ 16

Ssangyong, Inc. v. Innovation Group, Inc.,
No. 96-CV-10165, 2000 WL 1339206 (S.D. Iowa July 27, 2000) ................................ 15

Tefel v. Reno,
180 F.3d 1286 (11th Cir. 1999) ......................................................................... 22

Teva Pharm. USA, Inc. v. Novartis Pharm. Corp.,
482 F.3d 1330 (Fed. Cir. 2007) ......................................................................... 11

United States v. Dow,
357 U.S. 17 (1958) ......................................................................................... 12

United States v. Robert Frank,
Criminal No. 87-1010 ....................................................................... 3, 4, 9, 16, 18

United States v. Robert H. Frank, et. al.,
No. CR-00-1015-RTD ........................................................................... 2, 4, 5, 8

United States v. Summerlin,
310 U.S. 414 (1940) .................................................................................. 14, 15

United States v. Wurdemann,
663 F.2d 50 (8th Cir. 1981) ............................................................................. 14

Warth v. Seldin,
422 U.S. 490 (1975) ......................................................................................... 12

Washington Metro. Area Transit Auth. v. United States,
54 Fed. Cl. 20 (2002) ....................................................................................... 12

Zachrain v. United States,
213 F.3d 1366 (Fed. Cir. 2000) .................................................................. 22, 23

**STATUTES**

18 U.S.C. § 982 .................................................................................................. 4, 5

18 U.S.C. § 1341 ..................................................................................................... 4

18 U.S.C. § 1343 ..................................................................................................... 4

18 U.S.C. § 1503 ..................................................................................................... 4

18 U.S.C. § 1956 .......... 4

18 U.S.C. § 2232 .......... 5

21 U.S.C. § 853(n)(1) .......... 6

28 U.S.C. § 1491 .......... 2

41 U.S.C. § 605(c)(2) .......... 8

Iowa Code Ann. § 684.1(7) .......... 17

Iowa Code Ann. § 684.4(1) .......... 15, 16, 17, 18

Iowa Code Ann. § 684.9(1) .......... 13

**MISCELLANEOUS**

Fed. R. Crim. P. 32.2 .......... 5

Restatement (Second) of Judgments 68 cmt. e .......... 21

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROBERT J. FRANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-73C |
| | ) | (Senior Judge Hodges) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S SECOND MOTION TO DISMISS

Defendant, the United States, pursuant to RCFC 12(b)(1), respectfully requests that the Court dismiss plaintiff's complaint for lack of jurisdiction due to plaintiff's lack of standing.[1] In support of this motion, we rely upon the complaint, the exhibits attached to the complaint, the appendix to plaintiff's February 1, 2008 response to defendant's status report, the appendix accompanying our May 25, 2006 motion to dismiss, the supplemental appendix attached to this motion to dismiss, and the following brief.

DEFENDANT'S BRIEF

STATEMENT OF THE CASE

I. Nature Of The Case

Plaintiff, Robert J. Frank, seeks to recover storage fees which he claims the United States owes to him based upon an express or implied-in-fact contract with the United States.

[1] Although parties may raise jurisdictional challenges at any time, Booth v. United States, 990 F.2d 617, 620 (Fed. Cir.1993), we regret not including these standing arguments in our first motion to dismiss, and further regret any inconvenience we may have caused the Court.

Comp. ¶¶ 11, 17, 22.[2] Mr. Frank alleges that, pursuant to an alleged contract, the United States owes him, but has failed to pay him, storage fees for vehicles that were subject to a preliminary order of forfeiture. Id. Mr. Frank also seeks to recover storage fees based upon an alleged taking of his property pursuant to the Fifth Amendment. Comp. ¶ 27.[3]

The vehicles were located on real property in Dubuque, Iowa, known as Gardner's Lane, which was also subject to the same preliminary order of forfeiture and which Mr. Frank claims to own. That preliminary order was issued in a criminal matter involving plaintiff's father, Robert H. Frank, in the United States District Court for the Northern District of Iowa. United States v. Robert H. Frank, et. al., No. CR-00-1015-RTD. The preliminary order of forfeiture forfeited Robert H. Frank's interest in both the vehicles and Gardner's Lane to the United States. Compl. Ex. 3.

## II. Issues Presented

1. Whether Mr. Frank lacks standing to sue the United States pursuant to the Tucker Act, 28 U.S.C. § 1491, and/or the Fifth Amendment due to a defective claim of ownership of Gardner's Lane resulting from an unlawful fraudulent transfer.

2. Whether this Court may adjudicate the validity of Mr. Frank's ownership of

---

[2] "Comp. ¶ ___" refers to the complaint filed in this case. "Comp. Ex. ___" refers to exhibits attached to the complaint. "SRA refers to the appendix to plaintiff's February 1, 2008 response to defendant's status report. "A ___" refers to documents included in the appendix filed with our May 25, 2006 motion to dismiss. "SA __" refers to documents included in the supplemental appendix filed concurrently with this motion to dismiss.

[3] Mr. Frank also initially sought injunctive relief requiring the United States to remove the vehicles from the property. Comp. Prayer for Relieve immediately following ¶ 30. Mr. Frank later voluntarily dismissed this claim. Plaintiff's August 25, 2006 Opposition to Defendant's Motion to Dismiss at 21.

Gardner's Lane to determine Mr. Frank's standing to sue the United States and the Court's jurisdiction in this case.

3. Whether the state statute of limitations on fraudulent transfer claims prohibits the United States from raising fraudulent transfer to defeat Mr. Frank's standing to sue the United States pursuant to the Tucker Act and/or the Fifth Amendment.

4. Whether accord and satisfaction, collateral estoppel, or other equitable principles bar the United States from asserting fraudulent transfer to challenge Mr. Frank's standing.

III. Statement Of Facts

On or about September 13, 1986, Mr. Frank's father, Robert H. Frank, was arrested on State of Iowa criminal charges related to the arson of a state judge's home in Dubuque, Iowa. A 3. The judge previously had entered a default divorce decree against Robert H. Frank on or about March 4, 1985. A 2-3.

A quitclaim deed, dated January 6, 1987, purported to transfer certain real property in Dubuque, Iowa, from Robert H. Frank to Mr. Frank. A 10; 66-67. The property included Section 2, Lots 1-2-2-1-1-2-28, and 1-2-2-1-1-2-29, and 1-1-2-30 of property known as "Gardner's Lane," which was purchased for "$10 and other good and valuable consideration," according to the quitclaim deed. A 66-67. Id. In April 1987, Robert H. Frank was acquitted in Iowa District Court of charges brought in relation to the arson of the judge's home. A 3.

On or about November 19, 1987, however, Robert H. Frank was indicted, with two co-defendants, in United States District Court for the Northern District of Iowa, Criminal No. CR 87-1010, on charges relating to the May 1985 arson of the state judge's home in Dubuque, Iowa. A 3. On or about February 29, 1988, a jury returned guilty verdicts on all counts against Robert

H. Frank in the same case. Id. As part of his sentence, Robert H. Frank was ordered to pay restitution to the judge in the amount of $250.00, as well as to an insurance company in the amount of $121,600.01, plus a fine of $150,000. A 3-4. After Robert H. Frank was released from prison in 1998, various Federal law enforcement components monitored the financial portion of Robert H. Frank's sentence, including the assessment of his ability to make payments on the judgment. A 6.

In October 2000, Robert H. Frank was again indicted in United States District Court for the Northern District of Iowa pursuant to 18 U.S.C. §§ 982 (criminal forfeiture), 1341 (mail fraud), 1343 (wire fraud), 1503 (obstruction of justice), and 1956 (money laundering), in a Federal criminal forfeiture action entitled United States v. Robert H. Frank, No. CR-00-1015-RTD (N.D. Iowa) ("forfeiture case"). A 1-49. The Government alleged that Robert H. Frank had implemented a scheme to conceal assets, income, and earning potential to avoid repayment or collection upon the criminal judgment in Criminal Case No. CR 87-1010. A 7-8. Pursuant to the Federal criminal forfeiture action, the United States district court forfeited Robert H. Frank's interest in, among other things, Gardner's Lane and numerous motor vehicles owned by Robert H. Frank and located on Gardner's Lane. Comp. Ex. 2-3.

On September 16, 2002, Webb Wassmer, counsel for Mr. Frank, informed Assistant United States Attorney ("AUSA") Richard Murphy and Wallace H. Taylor, counsel for Robert H. Frank, by letter, that Mr. Frank was revoking any prior consent given to his father, Robert H. Frank, to store vehicles on Gardner's Lane. Comp. Ex. 6. The letter also stated that if the vehicles were not removed from Gardner's Lane by September 30, 2002, Mr. Frank would have them declared abandoned and would remove them pursuant to state law. Id. In the alternative,

Mr. Frank declared that he would impose a storage fee of $10.00 per day for each vehicle remaining on the property on or after September 30, 2002, until all of the forfeited vehicles were removed. Id.

AUSA Murphy responded to Mr. Wassmer's letter by letter dated September 19, 2002, which stated:

> This is to acknowledge receipt of your letter dated September 16, 2002. Your letter is in reference to vehicles stored on the property located at 17301 Gardner's Lane in Dubuque, Iowa.
>
> As you and your client both know, the Gardner's Lane property and several vehicles stored there are currently the subject of a criminal forfeiture action in the case of United States of America v. Robert H. Frank, et al, CR00-1015-MJM. Because your letter is not specific as to which vehicles you intend to declare abandoned, I request that you immediately provide me with descriptions and photographs of said vehicles. The descriptions should include the VIN for each vehicle. In addition, I request that you inform me as to where each of these vehicles is located on the property so that steps may be taken to retrieve same, if necessary.
>
> Given the pending forfeiture proceedings, you are requested to take no action with regard to the vehicles and property which are subject to the pending forfeiture indictment without first obtaining approval of the United States. Any action to transfer the property or any other action which could result in damage to or diminution in the value of the property subject to the forfeiture indictment, could constitute a violation of Title 18, U.S.C. § 2232. Further, such actions could result in the obstruction of the due administration of justice.
>
> If you have any questions or would like to discuss this matter further, please do not hesitate to let me know.

Comp. Ex. 7.

On November 1, 2002, pursuant to stipulation, the United States district court issued a preliminary order of forfeiture in the forfeiture case which authorized the United States to

possess all of the property listed therein, including Gardner's Lane and the vehicles located thereon, pursuant to 18 U.S.C. § 982 and Fed. R. Crim. P. 32.2. Comp. Ex. 2 & 3. The order also authorized the United States to seize the property which was thereby "forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. [§] 853(n)(1)[.]" 21 U.S.C. § 853(n)(1). Id. The preliminary order of forfeiture, in accordance with 21 U.S.C. § 853(n)(1), directed the Government to publish notice of the forfeiture and provide direct written notice to persons known to have alleged an interest in the forfeited property. Id. However, the United States neither seized any property nor published notice pursuant to the preliminary order of forfeiture until August 2007. Declaration of Martin J. McLaughlin ("McLaughlin Decl.") ¶ 10.

On November 20, 2002, Mr. Frank filed a petition for remission in the forfeiture case, alleging that he was the rightful owner of Gardner's Lane, based upon the above-referenced quitclaim deed issued by his father, Robert H. Frank, on January 6, 1987. A 57. In his petition, Mr. Frank also reiterated his demand to the United States to pay storage fees for the Federally-forfeited vehicles which were located on the property, and requested an ancillary hearing pursuant to 21 U.S.C. § 853(n)(3) to adjudicate his petition. A 62.

With respect to his demand for payment of storage fees, Mr. Frank requested the following relief from the district court:

> e. Find that Robert J. Frank has a valid claim and lien for storage fees with respect to the vehicles identified in Section 1(c) of the Preliminary Order of Forfeiture (with the exception of the 1963 Falcon Convertible) and any other vehicles on the Gardner's Lane property not owned by Petitioner Robert J. Frank which the United States claims is included in the Preliminary Order of Forfeiture, and direct the United States to pay said storage fees in the amount of $10 per day per vehicle commencing October 1,

> 2002 until such time as the vehicles are removed from the property.

Id.

On November 22, 2002, Mr. Frank, through counsel, sent a letter to AUSA Martin McLaughlin which accompanied Mr. Frank's petition for remission. SRA 6. Mr. Frank's letter stated "[a]s I understand it the United States is claiming that: (1) the original transfer in 1987 was fraudulent; and (2) at the time of the commission of the offenses, [Robert H. Frank] was the actual/equitable owner of the property." SRA 8. The letter then contends that both claims are barred by the statute of limitations. Id. Notably, this letter is signed by only Mr. Wassmer, and does not indicate that AUSA McLaughlin agreed with or even acknowledged Mr. Frank's contentions regarding the nature of the fraudulent transfer claim. SRA 9; McLaughlin Decl. ¶ 5. The letter also proposes a settlement in which Mr. Frank will "waive any [Equal Access to Justice Act] claim if the United States agrees . . . to dismiss the forfeiture proceeding with respect to Gardner's Lane and agree[s] to not seek forfeiture of the property on any theory in any other way or forum." SRA 7.

On January 22, 2003, Mr. Wassmer sent another letter to AUSA McLaughlin in response to prior settlement discussions. SRA 30. The letter read, "[a]s I understand it, the United States has agreed to dismiss the forfeiture proceeding regarding the Gardner's Lane property in exchange for [Mr. Frank's] waiver of any EAJA claim." Id.

A release of lis pendens was filed by the Government with the United States district court on July 9, 2003, and with the Office of the Recorder of Deeds for the County of Dubuque, Iowa on July 11, 2003. The release removed the notice (lis pendens) from the county records that Gardner's Lane was under a forfeiture order. SRA 32. On November 20, 2003, a dismissal of

the petition for remission was filed by Mr. Frank in the United States district court, dismissing Mr. Frank's petition for remission alleging ownership of Gardner's Lane. SRA 33.

On January 30, 2003, the United State district court entered judgment against Robert H. Frank in the criminal case No. CR-00-1015-RTD. A 51-52.

By letter dated August 4, 2005, counsel for Mr. Frank informed AUSA McLaughlin and then Acting United States Marshal Roger W. Arechiga (N.D. Iowa) of his demand that the vehicles be removed and that the United States pay Mr. Frank $10.00 per day for each vehicle located on Gardner's Lane. Comp. Ex. 8. Mr. Frank's counsel estimated that his client was owed, through November 2, 2005, between $282,000 and $394,800, for storage of the vehicles. Id. Mr. Frank's counsel threatened legal action if his client's demands were not met. Id.

To this end, Mr. Frank's counsel stated:

> Accordingly, Mr. Frank is submitting this claim to you to clear the last procedural hurdle before filing the Complaint with the Court. It is my understanding pursuant to 41 U.S.C. Sec. 605(c)(2), that the contracting officer will issue a decision within 60 days or notify Mr. Frank of a reasonable time within which a decision will be issued.

Mr. Frank filed a complaint in this Court on January 26, 2006.

On August 15, 2007, the United States Marshals Service seized 14 of the vehicles listed in the preliminary order of forfeiture. SA 1-14. A final order of forfeiture was issued on December 17, 2007. SA 17-19. The final order condemned and forfeited the 14 vehicles which were previously seized and acknowledged that two vehicles could not be located and, therefore, were not seized. Id. The final order also released any interest the United States has or had in Gardner's Lane, "as it was later determined by the Government that the property was not suitable for forfeiture." SA 18. The decision not to seek a final order of forfeiture against Gardner's

Lane was wholly independent of any claim by Mr. Frank that the United States was prohibited from asserting that Mr. Frank was not the rightful owner of Gardner's Lane. McLaughlin Decl. ¶ 9.

## SUMMARY OF THE ARGUMENT

Mr. Frank lacks standing to sue the United States in contract pursuant to the Tucker Act and to raise a takings claim pursuant to the Fifth Amendment because his claim of ownership pf Gardner's Lane is defective due to fraudulent transfer. A necessary element of standing is injury-in-fact. Absent valid proof of ownership of Gardner's Lane, the United States' alleged storage of vehicles on the property did not result in an injury-in-fact to Mr. Frank.

This Court may hold a hearing to consider relevant evidence in this case regarding whether Mr. Frank's ownership of Gardner's Lane is defective due to a fraudulent transfer because Mr. Frank's ownership of Gardner's Lane is an issue of standing, which is jurisdictional.

When determining the validity of a party's interest in real property, this Court applies the law of the state in which the real property is located. Moreover, the statute of limitations for the Iowa Uniform Fraudulent Transfer Act "UFTA") does not preclude the United States from asserting a fraudulent transfer to challenge Mr. Frank's standing to bring either the Fifth Amendment takings claim or the contract claim.

Under the Iowa Uniform Fraudulent Transfer Act ("UFTA"), a transfer is fraudulent if there is actual intent to defraud creditors. The statute establishes multiple "badges of fraud" from which the Court may infer actual intent. The transfer of Gardner's Lane by Robert H. Frank, who became a creditor to the United States pursuant to the judgment of restitution in United States v. Robert Frank, Criminal Case No. 87-1010, to his son, Mr. Frank, was

fraudulent, as it included five indicia of actual intent to defraud under the Iowa UFTA: (1) the transfer was to an insider; (2) the consideration was not equivalent to the value of Gardner's Lane; (3) the transfer occurred shortly after Robert H. Frank incurred debt or was threatened with a suit; (4) Robert H. Frank asserted control over the property by keeping his automobiles on the land; and (5) Robert H. Frank had attempted to conceal other assets.

Accord and satisfaction, collateral estoppel, and other equitable principles do not bar the United States from asserting that the transfer of Gardner's Lane to Mr. Frank was fraudulent. Accord and satisfaction, which is the substitution of terms in a contract by mutual agreement of the parties, is inapposite here because Mr. Frank and the United States never entered into a prior agreement concerning a potential fraudulent claim whose terms could be substituted by agreement of the parties. Regardless, accord and satisfaction requires a meeting of the minds, meaning both parties would have had to agree that a fraudulent transfer claim would be frivolous, or at least that such a claim would not be raised in subsequent litigation. Such an agreement never occurred.

Collateral estoppel likewise does not bar the Untied States from asserting there was a fraudulent transfer. Collateral estoppel bars the relitigation of an issue that was "actually litigated" and was necessary to the judgment. In this case, the issue of fraudulent transfer was never previously litigated, nor was a resolution of that issue necessary to any prior judgment.

Finally, equitable estoppel does not bar the United States from raising its fraudulent transfer defense because there is no evidence of affirmative misconduct on the part of the United States and because Mr. Frank was fully aware of the true facts of the situation.

## ARGUMENT

### Mr. Frank Lacks Standing To Bring His Contract And Fifth Amendment Takings Claims

In ruling upon a RCFC 12(b)(1) motion, the Court presumes all undisputed factual allegations to be true and construes the facts in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236-37 (1974). If the factual basis for jurisdiction is challenged under Rule 12(b)(1), a plaintiff cannot rely merely upon allegations in the complaint, but must instead cite relevant, competent proof to establish jurisdiction. Land v. Dollar, 330 U.S. 731, 735 n.4 (1947). The Court may then consider relevant evidence in order to resolve the jurisdictional factual dispute. Rocovich v. United States, 933 F.2d 991, 994 (Fed. Cir. 1991). A plaintiff must establish jurisdiction by a preponderance of the evidence. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).

The United States is challenging the jurisdictional element of standing. "The party invoking Federal jurisdiction bears the burden of establishing the elements required for Article III standing." Fuji Photo Film Co. v. Int'l Trade Comm'n, 474 F.3d 1281, 1289 (Fed. Cir. 2007) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)). For a litigant to possess standing in Federal court, the Supreme Court has said, "a plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737, 751 (1984); See also Fuji Photo Film Co., 474 F.3d at 1289 (Fed. Cir. 2007). The most important standing requirement is injury-in-fact. See Teva Pharm. USA, Inc. v. Novartis Pharm. Corp., 482 F.3d 1330, 1337 (Fed. Cir. 2007). "An injury-in-fact must be 'personal,' 'concrete and particularized,' and 'actual or imminent.'" Id. (quoting Lujan, 504 U.S. at 560). Therefore, a Federal court only has jurisdiction "when the

plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action.'" Warth v. Seldin, 422 U.S. 490 (1975) (emphasis added).

In addition, this Court has previously held, "[p]ursuant to a taking claim under the Fifth Amendment, a plaintiff must initially show standing, including proof of personal injury, that is, the requisite interest in the property at issue and the deprivation thereof by the United States." Maniere v. United States, 31 Fed. Cl. 410, 420 (1994). The Court continued by explaining, "to demonstrate the 'requisite interest in the property at issue,' the plaintiff must demonstrate ownership of the property at the time of the taking." Id.; See also United States v. Dow, 357 U.S. 17, 22 (1958) (holding that only the owner at the time of the taking has standing to bring a claim). Therefore, if the plaintiff fails to show he or she owned the property at the time of the taking, he or she lacks standing to bring suit. See Maniere, 31 Fed. Cl. at 420.

In this case, Mr. Frank has asserted both his contract claims and takings claims based upon his alleged ownership of Gardner's Lane. Therefore, to establish standing, he must prove his legal ownership of Gardner's Lane under Iowa law. See Washington Metro. Area Transit Auth. v. United States, 54 Fed. Cl. 20, 23 (2002) (stating that the existence of a property interest in a takings case must be determined by looking to state law). Mr. Frank cannot establish legal ownership of Gardner's Lane, however, because, as demonstrated below, he acquired it from his father through a fraudulent transfer, which created a legal defect in ownership pursuant to Iowa law. Absent legal ownership of Gardner's Lane, Mr. Frank cannot claim injury-in-fact resulting from the United States' alleged use of the land to store forfeited vehicles. Accordingly, Mr. Frank lacks standing to sue the United States in this case.

I. This Court May Adjudicate The Validity Of Mr. Frank's Ownership Of Gardner's Lane To Determine Its Own Jurisdiction

The United States Supreme Court, the United States Court of Appeals for the Federal Circuit ("Federal Circuit"), and this Court have all held that "when addressing a motion to dismiss for lack of subject matter jurisdiction, it is well within the power of this [C]ourt to consider relevant facts or other evidence to resolve factual disputes, including the ability to hold oral evidentiary hearings." Reforestacion de Sarapiqui v. United States, 26 Ct. Cl. 177, 187 (Cl. Ct. 1992); See also Land v. Dollar, 330 U.S. 731, 735 n.4 (1947) (stating that "when a question of the District Court's jurisdiction is raised . . . the court may inquire by affidavits or otherwise, into the facts as they exist"); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746 (Fed. Cir. 1988) (holding that "[i]f a motion to dismiss for lack of subject matter jurisdiction . . . challenges the truth of the jurisdictional facts alleged in the complaint, the district court may consider relevant evidence in order to resolve the factual dispute").

Because the United States is challenging Mr. Frank's ownership of Gardner's Lane, a fact directly relevant to the jurisdictional element of standing, this Court has the ability to hold an evidentiary hearing to settle the ownership issue for the purpose of determining its jurisdiction to consider Mr. Frank's claims.

II. The Iowa UFTA Statute Of Limitations Does Not Preclude The United States From Raising Fraudulent Transfer To Challenge Mr. Frank's Standing

The Iowa UFTA allows a claimant to file suit within five years of the date the fraudulent transfer was made or within one year of the date the fraudulent transfer could have been discovered by the claimant. Iowa Code Ann. § 684.9(1). In this case, the transfer occurred in September 1986, A 66-67, and the criminal forfeiture action, which would have been a

reasonable time for the United States to discover the fraudulent transfer, commenced in 2000. A 1-49. The five-year statute of limitations does not preclude our standing challenge here, however, because "[w]hen the United States becomes entitled to a claim, acting in its governmental capacity, and asserts its claim in that right, it cannot be deemed to have abdicated its governmental authority so as to become subject to a state statute putting a time limit upon enforcement." United States v. Summerlin, 310 U.S. 414, 417 (1940) (citing Chesapeake & Delaware Canal Co. v. United States, 250 U.S. 123, 126, 127 (1919)). More recently, the United States Court of Appeals for the Eighth Circuit has reiterated this rule, and has specifically applied it in cases concerning state fraudulent transfer statutes. See Karras v. Karras, 16 F.3d 245, 246 (8th Cir. 1994); United States v. Wurdemann, 663 F.2d 50, 50 (8th Cir. 1981).

Additionally, at least one court has found that when asserting fraudulent transfer as merely a defense, as opposed to filing an affirmative fraudulent transfer claim, the state statute of limitations is inapplicable. Fidanza v. TDB Int'l, No. CV 950128541, 1997 WL 355982, at *1 (Conn. Super. Ct. June 18, 1997) (holding that because "[t]he defendant . . . does not seek any affirmative relief . . . the statute of limitations does not bar such a special defense.")

Although we maintain that the United States was acting in its sovereign capacity concerning all of the events at issue in this litigation, even if this Court were to conclude that the United States was acting in its proprietary capacity, the United States would still not be bound by the state statute of limitations. See Fansteel Metallurgical Corp. v. United States, 172 F. Supp. 268 (Ct. Cl. 1959) (holding that in an action against the United States to recover amount allegedly due under supply contract, the plaintiff could not assert that the Untied States had waited too long to assert a counterclaim because "[i]t is well settled that the United States is not

bound by state statutes of limitations) (citing United States v. Summerlin, 310 U.S. 414 (1940)).

III. Robert H. Frank's Transfer Of Gardner's Lane To His Son, Mr. Frank, Was Fraudulent

Iowa's UFTA provides, in relevant part:

> 1. A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation under any of the following circumstances:
> a. With actual intent to hinder, delay, or defraud any creditor of the debtor.

Iowa Code Ann. § 684.4(1)(a). The statute continues by setting forth "badges of fraud" that may be used to demonstrate actual intent to defraud any creditor of the debtor. See Benson v. Richardson, 537 N.W.2d 748, 756 (Iowa 1995). These "badges of fraud" include:

> a. Whether the transfer or obligation was to an insider.
> b. Whether the debtor retained possession or control of the property transferred after the transfer.
> c. Whether the transfer or obligation was disclosed or concealed.
> d. Whether, before the transfer was made or obligation was incurred, the debtor had been sued or threatened with a suit.
> e. Whether the transfer was of substantially all the debtor's assets.
> f. Whether the debtor absconded.
> g. Whether the debtor removed or concealed assets.
> h. Whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.
> i. Whether the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.
> j. Whether the transfer occurred shortly before or after a substantial debt was incurred.
> k. Whether the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

Iowa Code Ann. § 684.4(2); See also In re Chapman Lumber Co., No. 05-00408, 2007 WL 2316528, at *2-3 (Bankr. N.D. Iowa Aug. 8, 2007); Ssangyong, Inc. v. Innovation Group, Inc., No. 96-CV-10165, 2000 WL 1339206, at *15 (S.D. Iowa July 27, 2000).

We can establish that the United States is a "creditor" of Robert H. Frank's whose "claim arose before or after the [fraudulent] transfer was made." § 684.4(1)(a). Robert H. Frank became a debtor to the United States on or about April 4, 1988, when he was sentenced to pay fines and restitution in the total amount of approximately $271,850.00 in the case of United States v. Robert Frank, Criminal No. 87-1010. A 3-4. Robert H. Frank became further indebted to the United States when he was fined $5,000 in January of 2003.[4] A 55. Accordingly, the United States is a creditor of Robert H. Frank.

To prevail, the party asserting fraudulent transfer must prove intent by clear and convincing evidence. See In re Schaefer, 331 B.R. 401, 416 (N.D. Iowa 2005) (citing Benson v. Richardson, 537 N.W.2d 748, 756 (Iowa 1995)). The UFTA provides no minimum number of indicia that must be present to prove actual intent; however, the more badges are present, the stronger the case is, In re Chapman Lumber at *3, and the Eighth Circuit has held that proving five of the 11 is enough to establish actual intent. In re Sherman, 67 F.3d 1348, 1354-55 (8th Cir. 1995).

Under the Iowa UFTA, we can establish that Robert H. Frank had intent to defraud his creditors, which can be done by proving the existence of the badges of fraud articulated in Iowa Code Ann. § 684.4(1)-(2). In this case, Robert H. Frank's transfer of Gardner's Lane to Mr. Frank includes five of the 11 indicia of fraud articulated in the statute. First, under the Iowa UFTA, the transfer by Mr. Robert H. Frank of Gardner's Lane to his son, Mr. Frank, is a transfer

---

[4] Mr. Frank has not offered to make any payments to satisfy these judgments for fines and/or restitution. Any payments made towards the satisfaction of these judgments have either been the Government's sale of property owned by him to satisfy this debt or payments made by his co-defendants. McLaughlin Decl. ¶ 11.

to an insider. Pursuant to the Iowa UFTA, if the debtor is an individual, an "insider" is defined as "[a] relative of the debtor." Iowa Code Ann. § 684.1(7)(a)(1). Additionally, the Supreme Court of Iowa has held that "[t]he existence of a 'blood relationship' is not a per se indication of fraud, but its existence strengthens the inference of a fraudulent conveyance and we will apply close scrutiny to such a transaction." Benson, 537 N.W.2d at 756; see also In re Schaefer, 331 B.R. at 422. The court continued by stating that, "[w]hen analyzing a transfer between relatives, we look for strict proof of the existence of consideration and the fairness of the transaction." Benson, 537 N.W.2d at 756.

Although consideration is examined carefully when the transfer is to a blood relative, consideration is also a separate indicator of fraud under the Iowa UFTA. Iowa Code Ann. § 684.4(2)(h). Mr. Frank's only consideration listed on the quitclaim deed is $10.00, and the United States is unaware of any other consideration. A 66-67. Since $10.00 was not reasonably equivalent to the value of Gardner's Lane, Mr. Frank's failure to pay a reasonable price for the purchase of Gardner's Lane is also indicates fraud.

The transfer also occurred shortly after Robert H. Frank incurred debt or was threatened with a suit. See Iowa Code Ann. § 684.4(2)(d). Robert H. Frank was arrested for arson on September 13, 1986 and charged by the State of Iowa. A 3. The quitclaim deed was executed on January 6, 1987, less than five months after Robert H. Frank's arrest. A 66-67. Robert H. Frank was subsequently acquitted of arson in state court in April 1987, but was convicted of multiple Federal charges related to the arson on February 29, 1988. A 3. Pursuant to his conviction upon these charges, Mr. Frank became indebted to the United States for an amount in excess of $371,000.00 in fines and restitution. A 3-4.

Additionally, Robert H. Frank retained a certain amount of control over Gardner's Lane after the transfer, as indicated by the continuos presence of his vehicles on the property for 16 years. See Iowa Code Ann. § 684.4(2)(b). Mr. Frank did not ostensibly withdraw his consent to keep the vehicles on the property until September 2002, Comp. Ex. 6, which was 16 years after the transfer. Even then, many of the cars that the United States had previously identified as belonging to Robert H. Frank were still located on the property when the United States seized and removed its forfeited vehicles on August 15, 2007. See McLaughlin Decl. ¶ 10.

Lastly, Robert H. Frank has attempted to conceal other assets. See Iowa Code Ann. § 684.4(2)(g). As set forth in detail in the indictment in the forfeiture case, A 1-49, Robert H. Frank concealed assets, income, and earning potential to avoid repayment or collection upon the criminal judgment in Criminal Case No. CR 87-1010.

Accordingly, the transfer of Gardner's Lane to Mr. Frank was fraudulent under the Iowa UFTA, and consequently, Mr. Frank does not own Gardner's Lane. Therefore, because Mr. Frank cannot establish himself as the lawful owner of Gardner's Lane, he thus lacks standing to sue the United States in this case.

## IV. Accord And Satisfaction, Collateral Estoppel, And Other Equitable Principles Do Not Bar The United States From Asserting A Fraudulent Transfer Defense

Mr. Frank has asserted that "the United States has waived, is barred by accord and satisfaction, and is estopped (among other legal and equitable principles) from making any claim of fraudulent conveyance." February 1, 2008 response to defendant's status report at 2. The Federal Circuit has stated that "[a] claim is discharged by the doctrine of accord and satisfaction when 'some performance different from that which was claimed as due is rendered and such substituted performance is accepted by the claimant as full satisfaction of the claim.'" Case, Inc.

v. United States, 88 F.3d 1004, 1001 n.7 (Fed. Cir. 1996) (quoting Community Heating & Plumbing Co. v. Kelso, 987 F.2d 1575, 1581 (Fed. Cir. 1993); See also O'Connor v. United States, 308 F.3d 1233, 1240 (Fed. Cir. 2002). Here, Mr. Frank cannot establish accord and satisfaction because there was no prior agreement between Mr. Frank and the United States concerning a potential fraudulent transfer claim for which substitute performance could be accepted by the parties. See McLaughlin Decl. ¶ 5. Even assuming that accord and satisfaction is somehow applicable to this case, it still would not bar the United States from raising fraudulent transfer to challenge Mr. Frank's standing.

The Federal Circuit has identified four elements to a valid accord and satisfaction: "(1) proper subject matter; (2) competent parties; (3) a meeting of the minds of the parties; and (4) consideration." O'Connor, 308 F.3d at 1240 (citing Brock & Blevins Co. v. United States, 343 F.2d 951, 955 (Cl. Ct. 1965)). As previously stated, there is no proper subject matter because there was no prior agreement between the parties on the issue of fraudulent transfer. Nor was there ever a meeting of the minds that the issue of fraudulent transfer, which was never litigated, would be foreclosed as an issue that the United States could raise in this or any other litigation. See McLaughlin Decl. ¶6.

Mr. Frank claims that the United States agreed to dismiss the forfeiture proceeding regarding Gardner's Lane in exchange for waiver of Mr. Frank's EAJA claim and that "the United States agreed that its position was frivolous and that Robert J. Frank's legal right to the Gardner's Lane property had arisen before any claim by the United States existed." February 1, 2008 response to defendant's status report at 3. While it is true that, prior to filing the release of lis pendens, AUSA McLaughlin informed Mr. Wassmer that the Government did not intend to

pursue the forfeiture against Gardner's Lane, McLaughlin Decl. ¶ 8, there was certainly no meeting of the minds that the reason for the Government's decision was that the United States' position was "frivolous" or that Mr. Frank had a legal right to the Gardner's Lane property. The only reference to the supposed frivolous nature of the fraudulent transfer claim was in Mr. Frank's letter to the United States which only Mr. Frank's attorney signed. SRA 7. No representative of the United States signed that document or any document agreeing with Mr. Frank's contention that the claim was frivolous. See McLaughlin Decl. ¶ 6. Given this, there was no meeting of the minds and no accord and satisfaction. The United States' ultimate dismissal of the forfeiture as to Gardner's Lane was entirely unrelated to any alleged agreement between the United States and Mr. Frank regarding the value of a fraudulent transfer claim. McLaughlin Decl. ¶¶ 7-8. Further, nowhere in the dismissal of the petition for remission does it state that the United States agreed not to bring a claim of fraudulent transfer. SRA 33-34. The petition states, in relevant part:

> Petitioner dismissed Paragraphs 1-7 of the Petition and paragraphs (a) through (d) of the relief requested regarding the Gardner's Lane Property with prejudice pursuant to the settlement agreement between Petitioner and the United States of America and in consideration of the release of the lis pendens filed by the United States with respect to the Gardner's Lane Property.

SRA 33 (emphasis added).

Mr. Frank also claims that the United States is barred from alleging a fraudulent transfer through the doctrine of estoppel. February 1, 2008 response to defendant's status report at 2. "The doctrine of collateral estoppel, or issue preclusion, serves to bar the revisiting of issues that have already been litigated by the same parties or their privies based on the same cause of action." Banner v. United States, 238 F.3d 1348, 1354 (Fed. Cir. 2001) (citing Jet, Inc. v.

Sewage Aeration Sys., 223 F.3d 1360, 1365-66 (Fed. Cir. 2000). Collateral estoppel has four elements: "(1) the issues are identical to those in a prior proceeding, (2) the issues were actually litigated, (3) the determination of the issues was necessary to the resulting judgment, and (4) the party defending against preclusion has a full and fair opportunity to litigate the issues." Id. In this case, the second, third, and fourth elements are all at issue.

The Court of Claims has stated, "As a general rule . . . an issue is not 'actually litigated' for purposes of collateral estoppel unless the parties to the stipulation manifest an intent to be bound in a subsequent action." Red Lake v. United States, 607 F.2d 930, 934 (Ct. Cl. 1979) (citing Restatement (Second) of Judgments § 68 cmt. e (Tent. Draft No. 4, 1977)). The court continued by opining that "[m]oreover, an intention to be so bound should not readily be inferred." Id. The court then looked at the "circumstances of the prior litigation" and determined that "the parties did not consider the possibility of subsequent action" regarding the issue that was to be precluded. Id. In this case, although Mr. Frank voiced his doubt that a claim for fraudulent transfer could succeed in the same letter in which he proposed the settlement agreement, SRA 7-8, neither the release of lis pendens filed by the United States nor the dismissal of the petition for remission filed by Mr. Frank includes any discussion of the fraudulent transfer issue. SRA 32-34.

Additionally, the determination of whether the transfer was fraudulent was not necessary for the judgment. In fact, there was not even a judgment at all. The Federal Circuit has stated that "if the parties to a suit enter into an extrajudicial settlement or compromise, there is no judgment, and future litigation is not barred by res judicata or collateral estoppel." RF Delaware, Inc. v. Pacific Keystone Techs., Inc., 326 F.3d 1255, 1261 (Fed. Cir. 2003). Even if the

agreement is considered a judgment, it can be readily determined from the agreement that a decision on the issue of the value of a fraudulent transfer claim was not a necessary element to any determination in the case. The United States' decision to dismiss the forfeiture as to Gardner's Lane in exchange for Mr. Frank's waiver of an EAJA claim does not necessarily mean that the United States believed that a fraudulent transfer claim to be frivolous. The United States' ultimate decision to dismiss the forfeiture as to Gardner's Lane, which occurred several years after the dismissal of Mr. Frank's petition, was based upon factors wholly outside of the value of any potential fraudulent transfer claim. McLaughlin Decl. ¶ 8. Because the fraudulent transfer issue was not actually litigated previously and it was not necessary to the prior judgment, the United States cannot be collaterally estopped from asserting fraudulent transfer.

To the extent that Mr. Frank is asserting equitable estoppel, there is also no valid claim for equitable estoppel in this case. The Federal Circuit, along with every other circuit court, has held "affirmative misconduct is a prerequisite for invoking equitable estoppel against the government." Zacharin v. United States, 213 F.3d 1366, 1371 (Fed. Cir. 2000) (citing Henry v. United States, 870 F.2d 634, 637 (Fed. Cir. 1989); Hanson v. Office of Pers. Mgmt., 833 F.2d 1568, 1569 (Fed. Cir. 1987); Tefel v. Reno, 180 F.3d 1286, 1303 (11th Cir. 1999)). There is no evidence that any representative of the United States engaged in any affirmative misconduct with Mr. Frank regarding the fraudulent transfer of Gardner's Lane. Even if there were evidence of affirmative misconduct, the elements required to prove equitable estoppel have not been met. In order to prove equitable estoppel, four elements must be met:

> (1) The party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury.

Rel-Reeves, Inc. v. United States, 534 F.2d 274, 296-97 (Ct. Cl. 1976). Just as in the recent Federal Circuit case, Zacharin v. United States, the plaintiff, in this case Mr. Frank, was completely aware of the true facts as he had knowledge of the transfer and the circumstances surrounding it, including all five indicia of fraud asserted by the United States above. 213 F.3d at 1371.

## CONCLUSION

For these reasons, defendant respectfully requests that its motion to dismiss be granted and that plaintiff's complaint be dismissed.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ PATRICIA M. McCARTHY
PATRICIA M. McCARTHY
Assistant Director

OF COUNSEL:

LUCILLE C. ROBERTS
Deputy General Counsel
United States Marshals Service
Washington, D.C.

/s/ MEREDYTH D. COHEN
MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-7978
Fax: (202) 514-8624

March 10, 2008

Attorneys for Defendant

# SUPPLEMENTAL APPENDIX

INDEX TO SUPPLEMENTAL APPENDIX

August 15, 2007 Marshal's Returns . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

December 17, 2007 Final Order of Forfeiture . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
*See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| UNITED STATES OF AMERICA | CR 00-1015 |
| DEFENDANT | TYPE OF PROCESS |
| ROBERT H. FRANK | SEIZE PROPERTY |

**SERVE** NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
SEE BELOW

**AT** ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

MARTIN J. McLAUGHLIN, AUSA
U.S. ATTORNEY'S OFFICE
401 1ST STREET SE, STE. 400
CEDAR RAPIDS, IA 52401

| | |
|---|---|
| Number of process to be served with this Form - 285 | |
| Number of parties to be served in this case | |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):*

Fold

Please seize 1967 red Chevrolet flatbed truck pursuant to attach Preliminary Order of Forfeiture.

CATS #01-FBI-005204

| Signature of Attorney or other Originator requesting service on behalf of: | | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| [signature] MARTIN J. McLAUGHLIN, AUSA | XX PLAINTIFF ☐ DEFENDANT | 319-363-0091 | 4/30/07 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only first USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | No. 29 | No. 29 | [signature] | 6/13/07 |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☒ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above *(See remarks below)*

Name and title of individual served *(if not shown above)*

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address *(complete only if different than shown above)*

| Date of Service | Time |
|---|---|
| 8-15-07 | 8:35 am (circled) pm |

Signature of U.S. Marshal or Deputy: [signature]

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| 720.00 | — | — | 720.00 | | | |

REMARKS:
Seized vehicles

PRIOR EDITIONS MAY BE USED

1. CLERK OF THE COURT

FORM USM-285 (Rev. 12/15/80)

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
*See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.*

| | |
|---|---|
| PLAINTIFF<br>UNITED STATES OF AMERICA | COURT CASE NUMBER<br>CR 00-1015 |
| DEFENDANT<br>ROBERT H. FRANK | TYPE OF PROCESS<br>SEIZE PROPERTY |

**SERVE** NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
SEE BELOW

**AT** ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

MARTIN J. McLAUGHLIN, AUSA
U.S. ATTORNEY'S OFFICE
401 1ST STREET SE, STE. 400
CEDAR RAPIDS, IA 52401

Number of process to be served with this Form - 285
Number of parties to be served in this case
Check for service on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):*

Fold Fold

Please seize 1983 Chevrolet S-10 pickup pursuant to attached Preliminary Order of Forfeiture.

CATS # 01-FBI-005206

| Signature of Attorney or other Originator requesting service on behalf of: | | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| [signature] MARTIN J. McLAUGHLIN, AUSA | ☒ PLAINTIFF ☐ DEFENDANT | 319-363-0091 | 4/30/07 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only first USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | No. 29 | No. 29 | [signature] | 6/13/07 |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☒ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above *(See remarks below)*

Name and title of individual served *(if not shown above)*

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address *(complete only if different than shown above)*

Date of Service: 8-15-07 Time: 8:25 am (circled) pm

Signature of U.S. Marshal or Deputy: [signature]

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| 720.00 | — | — | 720.00 | | | |

REMARKS:

Seized Vehicle.

**PRIOR EDITIONS MAY BE USED**

1. CLERK OF THE COURT

FORM USM-285 (Rev. 12/15/80)

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
*See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| UNITED STATES OF AMERICA | CR 00-1015 |
| DEFENDANT | TYPE OF PROCESS |
| ROBERT H. FRANK | SEIZE PROPERTY |

**SERVE** NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
SEE BELOW

**AT** ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

MARTIN J. McLAUGHLIN, AUSA
U.S. ATTORNEY'S OFFICE
401 1ST STREET SE, STE. 400
CEDAR RAPIDS, IA 52401

Number of process to be served with this Form - 285

Number of parties to be served in this case

Check for service on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):*

Fold Fold

Please seize 1958 El Dorado convertible pursuant to attached Preliminary Order of Forfeiture.

CATS # 01-FBI-005207

| Signature of Attorney or other Originator requesting service on behalf of: | | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| [signature] MARTIN J. McLAUGHLIN, AUSA | ☒ PLAINTIFF ☐ DEFENDANT | 319-363-0091 | 4/30/07 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only first USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | No. 29 | No. 29 | [signature] | 6/13/07 |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☒ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above *(See remarks below)*

Name and title of individual served *(if not shown above)*

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address *(complete only if different than shown above)*

| Date of Service | Time |
|---|---|
| 8-15-07 | 8:35 (am) pm |

Signature of U.S. Marshal or Deputy
[signature]

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| 720.00 | — | — | 720.00 | | | |

REMARKS:
Seized vehicle

PRIOR EDITIONS MAY BE USED

1. CLERK OF THE COURT

FORM USM-285 (Rev. 12/15/80)

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
*See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| UNITED STATES OF AMERICA | CR 00-1015 |
| DEFENDANT | TYPE OF PROCESS |
| ROBERT H. FRANK | SEIZE PROPERTY |

**SERVE** NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
SEE BELOW

**AT** ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

MARTIN J. McLAUGHLIN, AUSA
U.S. ATTORNEY'S OFFICE
401 1ST STREET SE, STE. 400
CEDAR RAPIDS, IA 52401

| | |
|---|---|
| Number of process to be served with this Form - 285 | |
| Number of parties to be served in this case | |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):*

Fold

Please seize 1963 Bonneville convertible pursuant to attached Preliminary Order of Forfeiture.

CATS # 01-FBI-005208

| Signature of Attorney or other Originator requesting service on behalf of: | | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| Martin J. McLaughlin (signature) MARTIN J. McLAUGHLIN, AUSA | XX PLAINTIFF ☐ DEFENDANT | 319-363-0091 | 4/30/07 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only first USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | No. 29 | No. 29 | (signature) | 6/13/07 |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☒ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above *(See remarks below)*

Name and title of individual served *(if not shown above)*

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address *(complete only if different than shown above)*

| Date of Service | Time |
|---|---|
| 8-15-07 | 8:35 am |

Signature of U.S. Marshal or Deputy: (signature)

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| 720.00 | — | — | 720.00 | | | |

REMARKS:
Seized Vehicle.

PRIOR EDITIONS MAY BE USED

1. CLERK OF THE COURT

FORM USM-285 (Rev. 12/15/80)

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
*See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| UNITED STATES OF AMERICA | CR 00-1015 |
| DEFENDANT | TYPE OF PROCESS |
| ROBERT H. FRANK | SEIZE PROPERTY |

**SERVE** — NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
SEE BELOW

**AT** — ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

MARTIN J. McLAUGHLIN, AUSA
U.S. ATTORNEY's OFFICE
401 1ST STREET SE, STE. 400
CEDAR RAPIDS, IA 52401

Number of process to be served with this Form - 285
Number of parties to be served in this case
Check for service on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):*

Please seize 1962 SS Super Sport pursuant to attached Preliminary Order of Forfeiture.

CATS # 01-FBI-005209

| Signature of Attorney or other Originator requesting service on behalf of: | | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| Martin J. McLaughlin (signature) MARTIN J. McLAUGHLIN, AUSA | ☒ PLAINTIFF ☐ DEFENDANT | 319-363-0091 | 4/30/07 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only first USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | No. 29 | No. 29 | (signature) | 6/13/07 |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☒ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above *(See remarks below)*

Name and title of individual served *(if not shown above)*

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address *(complete only if different than shown above)*

| Date of Service | Time |
|---|---|
| 8-15-07 | 8:35 am |

Signature of U.S. Marshal or Deputy: (signature)

| Service Fee | Total Mileage Charges *(including endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| 720.00 | — | — | 720.00 | | | |

REMARKS:

Seized vehicle.

PRIOR EDITIONS MAY BE USED

1. CLERK OF THE COURT

FORM USM-285 (Rev. 12/15/80)

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
*See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.*

| | |
|---|---|
| PLAINTIFF<br>UNITED STATES OF AMERICA | COURT CASE NUMBER<br>CR 00-1015 |
| DEFENDANT<br>ROBERT H. FRANK | TYPE OF PROCESS<br>SEIZE PROPERTY |

**SERVE** NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
SEE BELOW

**AT** ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

MARTIN J. McLAUGHLIN, AUSA
U.S. ATTORNEY'S OFFICE
401 1ST STREET SE, STE. 400
CEDAR RAPIDS, IA 52401

Number of process to be served with this Form - 285

Number of parties to be served in this case

Check for service on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):*

Fold | Fold

Please seize 1966 maroon Buick Skylark pursuant to attached Preliminary Order of Forfeiture.

CATS #01-FBI-005211

| Signature of Attorney or other Originator requesting service on behalf of: | | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| [signature] MARTIN J. MCLAUGHLIN, AUSA | ☒ PLAINTIFF ☐ DEFENDANT | 319-363-0091 | 4/30/07 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only first USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | No. 29 | No. 29 | [signature] | 6/13/07 |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☒ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above *(See remarks below)*

Name and title of individual served *(if not shown above)*

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address *(complete only if different than shown above)*

| Date of Service | Time | am / pm |
|---|---|---|
| 8-15-07 | 8:35 | (am) |

Signature of U.S. Marshal or Deputy: [signature]

| Service Fee | Total Mileage Charges *(including endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| 720.00 | — | — | 720.00 | | | |

REMARKS:
Seized Vehicle

**PRIOR EDITIONS MAY BE USED**

**1. CLERK OF THE COURT**

**FORM USM-285 (Rev. 12/15/80)**

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
*See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.*

PLAINTIFF
UNITED STATES OF AMERICA

COURT CASE NUMBER
CR 00-1015

DEFENDANT
ROBERT H. FRANK

TYPE OF PROCESS
SEIZE PROPERTY

**SERVE** NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
SEE BELOW

**AT** ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

MARTIN J. McLAUGHLIN, AUSA
U.S. ATTORNEY'S OFFICE
401 1ST STREET SE, STE. 400
CEDAR RAPIDS, IA 52401

Number of process to be served with this Form - 285

Number of parties to be served in this case

Check for service on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):*

Fold Fold

Please seize 1996 black Buick Skylark pursuant to attached Preliminary Order of Forfeiture.

CATS #01-FBI-005212

Signature of Attorney or other Originator requesting service on behalf of: [signature] MARTIN J. McLAUGHLIN, AUSA

☒ PLAINTIFF
☐ DEFENDANT

TELEPHONE NUMBER 319-363-0091

DATE 4/30/07

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only first USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | No. 29 | No. 29 | [signature] | 6/13/07 |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☒ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above *(See remarks below)*

Name and title of individual served *(if not shown above)*

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address *(complete only if different than shown above)*

Date of Service 8-15-07 Time 8:35 am pm

Signature of U.S. Marshal or Deputy [signature]

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| 720 | — | — | 720.00 | | | |

REMARKS:
Seized vehicle

**PRIOR EDITIONS MAY BE USED**

**1. CLERK OF THE COURT**

**FORM USM-285 (Rev. 12/15/80)**

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
*See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.*

| | |
|---|---|
| PLAINTIFF: UNITED STATES OF AMERICA | COURT CASE NUMBER: CR 00-1015 |
| DEFENDANT: ROBERT H. FRANK | TYPE OF PROCESS: SEIZE PROPERTY |

**SERVE AT**
NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN: SEE BELOW
ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

MARTIN J. McLAUGHLIN, AUSA
U.S. ATTORNEY'S OFFICE
401 1ST STREET SE, STE. 400
CEDAR RAPIDS, IA 52401

Number of process to be served with this Form - 285
Number of parties to be served in this case
Check for service on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service)*:

Fold

Fold

Please seize 1969 Firebird Convertible pursuant to attached Preliminary Order of Forfeiture.

CATS # 01-FBI-005213

| Signature of Attorney or other Originator requesting service on behalf of: | | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| [signature] MARTIN J. McLAUGHLIN, AUSA | ☒ PLAINTIFF ☐ DEFENDANT | 319-363-0091 | 4/30/07 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only first USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | No. 29 | No. 29 | [signature] | 6/13/07 |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☒ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above *(See remarks below)*

Name and title of individual served *(if not shown above)*

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address *(complete only if different than shown above)*

| Date of Service | Time |
|---|---|
| 8-15-07 | 8:35 am |

Signature of U.S. Marshal or Deputy: [signature]

| Service Fee | Total Mileage Charges *(including endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| 720.00 | | — | 720.00 | | | |

REMARKS:

Seized vehicle.

**PRIOR EDITIONS MAY BE USED**

**1. CLERK OF THE COURT**

**FORM USM-285 (Rev. 12/15/80)**

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
*See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| UNITED STATES OF AMERICA | CR 00-1015 |
| DEFENDANT | TYPE OF PROCESS |
| ROBERT H. FRANK | SEIZE PROPERTY |

**SERVE** NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
SEE BELOW

**AT** ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

MARTIN J. McLAUGHLIN, AUSA
U.S. ATTORNEY'S OFFICE
401 1ST STREET SE, STE. 400
CEDAR RAPIDS, IA 52401

Number of process to be served with this Form - 285

Number of parties to be served in this case

Check for service on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service)*:

Fold Fold

Please seize 1958 Buick Century two-door hard-top pursuant to attached Preliminary Order of Forfeiture.

CATS # 01-FBI-005214

| Signature of Attorney or other Originator requesting service on behalf of: | | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| [signature] MARTIN J. McLAUGHLIN, AUSA | XX PLAINTIFF ☐ DEFENDANT | 319-363-0091 | 4/30/07 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only first USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | No. 29 | No. 29 | [signature] | 6/13/07 |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, X have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above *(See remarks below)*

Name and title of individual served *(if not shown above)*

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address *(complete only if different than shown above)*

Date of Service: 8-15-07 Time: 8:35 (am) pm

Signature of U.S. Marshal or Deputy: [signature]

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| 720.00 | — | — | 720.00 | | | |

REMARKS:
Seized Vehicle

**PRIOR EDITIONS MAY BE USED**

**1. CLERK OF THE COURT**

**FORM USM-285 (Rev. 12/15/80)**

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
*See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.*

| | |
|---|---|
| PLAINTIFF<br>UNITED STATES OF AMERICA | COURT CASE NUMBER<br>CR 00-1015 |
| DEFENDANT<br>ROBERT H. FRANK | TYPE OF PROCESS<br>SEIZE PROPERTY |

**SERVE** NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
SEE BELOW

**AT** ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

MARTIN J. McLAUGHLIN, AUSA
U.S. ATTORNEY'S OFFICE
401 1ST STREET SE, STE. 400
CEDAR RAPIDS, IA 52401

Number of process to be served with this Form - 285

Number of parties to be served in this case

Check for service on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):*

Fold Fold

Please seize 1956 blue Coupe de Ville pursuant to attached Preliminary ORder of Forfeiture.

CATS # 01-FBI-005215

| Signature of Attorney or other Originator requesting service on behalf of: | | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| [signature] ~~MARTIN J. McLAUGHLIN, AUSA~~ | ☒ PLAINTIFF ☐ DEFENDANT | 319-363-0091 | 4/30/07 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only first USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | No. 29 | No. 29 | [signature] | 6/13/07 |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☒ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above *(See remarks below)*

Name and title of individual served *(if not shown above)*

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address *(complete only if different than shown above)*

| Date of Service | Time |
|---|---|
| 8-15-07 | 8:35 am |

Signature of U.S. Marshal or Deputy: [signature]

| Service Fee | Total Mileage Charges *(including endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| 720.00 | — | — | 720.00 | | | |

REMARKS:

Seized vehicle

**PRIOR EDITIONS MAY BE USED**

**1. CLERK OF THE COURT**

**FORM USM-285 (Rev. 12/15/80)**

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
*See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.*

| | |
|---|---|
| PLAINTIFF<br>UNITED STATES OF AMERICA | COURT CASE NUMBER<br>CR 00-1015 |
| DEFENDANT<br>ROBERT H. FRANK | TYPE OF PROCESS<br>SEIZE PROPERTY |

**SERVE** NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
SEE BELOW

**AT** ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

MARTIN J. McLAUGHLIN, AUSA
U.S. ATTORNEY'S OFFICE
401 1ST STREET SE, STE. 400
CEDAR RAPIDS, IA 52401

Number of process to be served with this Form - 285
Number of parties to be served in this case
Check for service on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):*

Please seize 1957 white Coupe de Ville pursuant to attached Preliminary ORder of Forfelture.

CATS #01-FBI-005216

| Signature of Attorney or other Originator requesting service on behalf of: | | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| Martin J. McLaughlin (signature)<br>MARTIN J. McLAUGHLIN, AUSA | [X] PLAINTIFF<br>☐ DEFENDANT | 319-363-0091 | 4/30/07 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only first USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | No. 29 | No. 29 | (signature) | 6/13/07 |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, [X] have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above *(See remarks below)*

Name and title of individual served *(if not shown above)*

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address *(complete only if different than shown above)*

| Date of Service | Time |
|---|---|
| 8-15-07 | 8:35 am (circled) pm |

Signature of U.S. Marshal or Deputy
(signature)

| Service Fee | Total Mileage Charges *(including endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| 720 | — | — | 720.00 | | | |

REMARKS:
Seized Vehicle.

PRIOR EDITIONS MAY BE USED

1. CLERK OF THE COURT

FORM USM-285 (Rev. 12/15/80)

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
*See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.*

| | |
|---|---|
| PLAINTIFF<br>UNITED STATES OF AMERICA | COURT CASE NUMBER<br>CR 00-1015 |
| DEFENDANT<br>ROBERT H. FRANK | TYPE OF PROCESS<br>SEIZE PROPERTY |

**SERVE** NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
SEE BELOW

**AT** ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

MARTIN J. McLAUGHLIN, AUSA
U.S. ATTORNEY'S OFFICE
401 1ST STREET SE, STE. 400
CEDAR RAPIDS, IA 52401

Number of process to be served with this Form - 285

Number of parties to be served in this case

Check for service on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):*

Fold

Please seize 1970 Mustang convertible (red w/black top) pursuant to attached Preliminary Order of Forfeiture.

CATS # 01-FBI-005217

Signature of Attorney or other Originator requesting service on behalf of: [signature]
MARTIN J. McLAUGHLIN, AUSA

☒ PLAINTIFF
☐ DEFENDANT

TELEPHONE NUMBER: 319-363-0091

DATE: 4/30/07

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only first USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | No. 29 | No. 29 | [signature] | 6/13/07 |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☒ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above *(See remarks below)*

Name and title of individual served *(if not shown above)*

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address *(complete only if different than shown above)*

Date of Service: 8-15-07 Time: 8:35 am

Signature of U.S. Marshal or Deputy: [signature]

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| 720.00 | — | — | 720.00 | | | |

REMARKS:
Seized Vehicle

PRIOR EDITIONS MAY BE USED

**1. CLERK OF THE COURT**

FORM USM-285 (Rev. 12/15/80)

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
*See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| UNITED STATES OF AMERICA | CR 00-1015 |
| DEFENDANT | TYPE OF PROCESS |
| ROBERT H. FRANK | SEIZE PROPERTY |

**SERVE** NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
SEE BELOW

**AT** ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

MARTIN J. McLAUGHLIN, AUSA
U.S. ATTORNEY'S OFFICE
401 1ST STREET SE, STE. 100
CEDAR RAPIDS, IA 52401

| | |
|---|---|
| Number of process to be served with this Form - 285 | |
| Number of parties to be served in this case | |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):*

Fold Fold

Please seize 1966 Studebaker pursuant to attached Preliminary Order of Forfeiture.

CATS #01-FBI-005218

| Signature of Attorney or other Originator requesting service on behalf of: | | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| [signature] MARTIN J. McLAUGHLIN, AUSA | ☒ PLAINTIFF ☐ DEFENDANT | 319-363-0091 | 4/30/07 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only first USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | No. 29 | No. 29 | [signature] | 6/13/07 |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☒ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above *(See remarks below)*

Name and title of individual served *(if not shown above)*

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address *(complete only if different than shown above)*

| Date of Service | Time | |
|---|---|---|
| 8-15-07 | 8:35 | (am) pm |

Signature of U.S. Marshal or Deputy: [signature]

| Service Fee | Total Mileage Charges *(including endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| 720.00 | — | — | 720.00 | | | |

REMARKS:
Seized vehicles.

**PRIOR EDITIONS MAY BE USED**

**1. CLERK OF THE COURT**

**FORM USM-285 (Rev. 12/15/80)**

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
*See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| UNITED STATES OF AMERICA | CR 00-1015 |
| DEFENDANT | TYPE OF PROCESS |
| ROBERT H. FRANK | SEIZE PROPERTY |

**SERVE** ➡ **AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
SEE BELOW

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

MARTIN J. McLAUGHLIN
ASSISTANT U.S. ATTORNEY
U.S. ATTORNEY'S OFFICE
401 1ST STREET SE, STE. 400
CEDAR RAPIDS, IA 52401

Number of process to be served with this Form - 285

Number of parties to be served in this case

Check for service on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):*

Fold | Fold

Cutlass Convertible

| Signature of Attorney or other Originator requesting service on behalf of: | | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| [signature] MARTIN J. McLAUGHLIN, AUSA | ☒ PLAINTIFF ☐ DEFENDANT | 319-363-0091 | 4/30/07 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only first USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | No. 29 | No. 29 | [signature] | 6/13/07 |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☒ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above *(See remarks below)*

Name and title of individual served *(if not shown above)*

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address *(complete only if different than shown above)*

| Date of Service | Time |
|---|---|
| 8-15-07 | 8:35 am |

Signature of U.S. Marshal or Deputy
[signature]

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| 720.00 | — | — | 720.00 | | | |

REMARKS:
Seized Vehicle

**PRIOR EDITIONS MAY BE USED**

**1. CLERK OF THE COURT**

**FORM USM-285 (Rev. 12/15/80)**

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
*See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| UNITED STATES OF AMERICA | CR 00-1015 |
| DEFENDANT | TYPE OF PROCESS |
| ROBERT H. FRANK | SEIZE PROPERTY |

**SERVE** NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
SEE BELOW

**AT** ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

MARTIN J. McLAUGHLIN
U.S. ATTORNEY'S OFFICE
401 1ST STREET SE
CEDAR RAPIDS, IA 52401

Number of process to be served with this Form - 285

Number of parties to be served in this case

Check for service on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):*

Fold

Fold

Please seize 1990 Pontiac Grand AM pursuant to attached Preliminary Order of Forfeiture

CATS # 01-FBI-005205

| Signature of Attorney or other Originator requesting service on behalf of: | | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| Martin J McLaughlin — MARTIN J. McLAUGHLIN, AUSA | ☒ PLAINTIFF ☐ DEFENDANT | 319-363-0091 | 4/30/07 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only first USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | No. 29 | No. 29 | [signature] | 6/12/07 |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☒ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above *(See remarks below)*

Name and title of individual served *(if not shown above)*

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address *(complete only if different than shown above)*

| Date of Service | Time |
|---|---|
| 8-16-07 | 8:30 am |

Signature of U.S. Marshal or Deputy: [signature]

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| 720.00 | — | — | 720.00 | | | |

REMARKS:
Unable to Locate Vehicle

**PRIOR EDITIONS MAY BE USED**

**1. CLERK OF THE COURT**

**FORM USM-285 (Rev. 12/15/80)**

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
*See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| UNITED STATES OF AMERICA | CR 00-1015 |
| DEFENDANT | TYPE OF PROCESS |
| ROBERT H. FRANK | SEIZE PROPERTY |

**SERVE** NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
SEE BELOW

**AT** ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

MARTIN J. McLAUGHLIN, AUSA
U.S. ATTORNEY'S OFFICE
401 1ST STREET SE, STE. 400
CEDAR RAPIDS, IA 52401

Number of process to be served with this Form - 285
Number of parties to be served in this case
Check for service on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):*

Please seize a 1963 or 1964 Falcon convertible pursuant to attached Preliminary Order of Forfeiture.

CATS # 01-FBI-005210

| Signature of Attorney or other Originator requesting service on behalf of: | | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| [signature] MARTIN J. McLAUGHLIN, AUSA | ☒ PLAINTIFF ☐ DEFENDANT | 319-363-0091 | 4/30/07 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only first USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | No. 29 | No. 29 | [signature] | 6/13/07 |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☒ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above *(See remarks below)*

Name and title of individual served *(if not shown above)*

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address *(complete only if different than shown above)*

Date of Service | Time am pm

Signature of U.S. Marshal or Deputy [signature]

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| 90.00 | — | — | 90.00 | | | |

REMARKS: Vehicle was moved 8-10-07 by unknown subject. Vehicle has not been located. Local Tow companies & neighbors interviewed with negative results.

PRIOR EDITIONS MAY BE USED

1. CLERK OF THE COURT

FORM USM-285 (Rev. 12/15/80)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT H. FRANK,<br>aka "Butch" Frank, and<br>LORIN A. AHLERS,<br><br>Defendants. | ) | No. CR 00-1015 |

**FINAL ORDER OF FORFEITURE**

WHEREAS, on November 1, 2002, this Court entered a Preliminary Order of Forfeiture pursuant to the provisions of 18 U.S.C. § 982, based upon a Stipulation signed by the defendants' attorneys and filed with the Court on November 1, 2002, in which the defendants consented to the forfeiture of any interest they had or have in the property alleged to be subject to forfeiture under the Forfeiture Allegation of the October 30, 2000, Indictment;

AND WHEREAS, on August 21, 2007, August 28, 2007, and September 4, 2007, the United States published in the *Telegraph Herald*, a newspaper of general circulation, notice of forfeiture of certain vehicles and of the intent of the United States to dispose of the property in accordance with the law and further notifying all third parties of their right to petition the Court within thirty (30) days for a hearing to adjudicate the validity of their alleged legal interest in the property;

AND WHEREAS, the United States has released any interest it had or has in the real property identified at Gardner's Lane, Dubuque, Iowa, and 482 Wyota Street, East Dubuque, Illinois, in the Indictment and Preliminary Order of Forfeiture as it was later determined by the Government that the property was not suitable for forfeiture and, as such, the property was not executed upon by the United States Marshals Service;

AND WHEREAS, it appears from the record that no claims, contested or otherwise, have been filed against the property identified as subject to forfeiture in the October 30, 2000, Indictment;

It is HEREBY ORDERED, ADJUDGED and DECREED:

1. That the right, title and interest to the hereinafter described property, whether real, personal and/or mixed, of the defendants named, is hereby condemned, forfeited and vested in the United States of America, and shall be disposed of according to law.

2. That the following property belonging to and/or possessed by ROBERT H. FRANK, aka "Butch" Frank, and LORIN A. AHLERS, who are the subjects of this Order, is hereby condemned and forfeited to the United States of America, as follows:

a. **a 1967 red Chevrolet flatbed truck;**
b. **a 1983 Chevrolet S-10 pickup;**
c. **a 1958 gray El Dorado convertible;**
d. **a 1963 red Bonneville convertible;**
e. **a 1962 red SS Super Sport;**
f. **a 1966 maroon Buick Skylark;**
g. **a 1966 black Buick Skylark;**
h. **a 1969 blue Firebird convertible;**
i. **a 1958 pink Buick Century two-door hardtop;**
j. **a 1956 blue Coupe de Ville;**
k. **a 1957 white Coupe de Ville;**

**l. a red/black top 1970 Mustang convertible;**
**m. a 1966 Studebaker; and**
**n. a 1968/1969 Cutlass convertible**

3. That the following vehicles listed in the Indictment and Preliminary Order of Forfeiture were not located and, thus, not seized for forfeiture:

**a. a 1990 Pontiac Grand Am; and**
**b. a 1963/1964 Ford Falcon.**

4. That a Writ of Execution was entered pursuant to the Debt Collection Act for the 1988 Chrysler Lebaron identified in the Indictment and Preliminary Order of Forfeiture which the United States Marshals Service seized and sold with the proceeds applied to the restitution debt of defendant ROBERT H. FRANK, aka "Butch" Frank.

5. That any and all forfeited funds, including but not limited to currency, currency equivalents and certificates of deposit, as well as any income derived as a result of the United States Marshals management of any property forfeited herein, after the payment of costs and expenses incurred in connection with the forfeiture and disposition of the forfeited property, shall be deposited forthwith by the United States Marshal into the Department of Justice Assets Forfeiture Fund in accordance with 28 U.S.C. § 524(c) and 21 U.S.C. § 881(e).

The Clerk is hereby directed to send copies of this Order to all counsel of record and the United States Marshal.

**DATED** this 17th day of December, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROBERT J. FRANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-73C |
| | ) | (Senior Judge Hodges) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF MARTIN J. MCLAUGHLIN**

Pursuant to 28 U.S.C. § 1746, I, Martin J. McLaughlin, declare that the following is true and correct and based upon my personal knowledge, my review of the United States files and records concerning the federal prosecutions of Robert H. Frank, and information I acquired from others in the course of my performance of my official duties, and that I am competent to testify to the matters contained herein.

1. I am an Assistant United States Attorney ("AUSA") assigned to the United States Attorney's Office for the Northern District of Iowa (N.D. Iowa), and have served in that position for approximately twenty (20) years.

2. I am over the age of eighteen (18) and have personal knowledge of the matters set forth herein and if called as a witness could competently testify thereto.

3. In my capacity as an AUSA, I acted as forfeiture counsel in the prosecution of Robert H. Frank in the criminal case of United States of America v. Robert H. Frank, No. CR-00-1015-RTD (N.D. Iowa), and was assigned to litigate the forfeiture issues in that case. I am familiar with the facts and circumstances concerning the disposition of the property located at Section 2, Lots 1-2-2-1-1-2-28 and 1-2-2-1-1-2-29 and 1-1-2-30, in Dubuque, Iowa, known as "Gardner's

Lane." Gardner's Lane was identified for forfeiture in the Preliminary Order of Forfeiture dated November 1, 2002 ("Order").

4. On November 20, 2002, Robert J. Frank ("Mr. Frank"), the son of Robert H. Frank, and plaintiff in the above-captioned case, filed a Petition for Remission alleging that he, and not Robert H. Frank, was the rightful owner of Gardner's Lane property.

5. On or about November 22, 2002, the United States Attorney's Office (N.D. Iowa) received a letter from Mr. Frank, through his attorney, Webb Wassmer which asserted that any claim by the United States that the transfer of Gardner's Lane from Robert H. Frank to his son, Mr. Frank, was fraudulent, and that Mr. Frank was not the rightful owner of Gardner's Lane, was barred by the statute of limitations. The same letter also proposed a settlement in which Mr. Frank would waive any claim for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") against the United States if the United States agreed to dismiss the forfeiture proceedings against Gardner's Lane. Neither I nor anyone else on behalf of the United States Attorney's Office (N.D. Iowa), to my knowledge, responded or agreed to any of the allegations in this letter concerning Mr. Frank's alleged ownership of Gardner's Lane.

6. Nor did I or anyone else on behalf of the United States Attorney's Office (N.D. Iowa), at any time agree to forego any argument, defense, or claim on behalf of the United States that the transfer of Gardner's Lane from Robert H. Frank to Mr. Frank by a quitclaim deed dated January 6, 1987 was fraudulent.

7. Upon receipt of the letter from Mr. Wassmer described in Paragraph 5 of this Declaration, I had not yet determined whether my office would pursue a Final Order of Forfeiture against Gardner's Lane on behalf of the United States due primarily to concerns that were unrelated to the arguments in Mr. Wassmer's letter.

8. On July 9, 2003, I filed a Release of Lis Pendens with the United States District Court for the Northern District of Iowa. Prior to that date, I informed Mr. Wassmer that my office did not intend to seek a Final Order of Forfeiture against Gardner's Lane. Accordingly, when Mr. Wassmer withdrew the Petition for Remission on behalf of Mr. Frank, he did so with the knowledge and understanding that the United States would not pursue the Federal forfeiture of Gardner's Lane. However, the decision not to seek a Final Order of Forfeiture against Gardner's Lane was wholly independent of any claim by Mr. Frank that the United States was prohibited from asserting that Mr. Frank was not the rightful owner of Gardner's Lane.

9. As forfeiture counsel on behalf of the United States in the case of United States of America v. Robert H. Frank, et.al., No. CR-00-1015-RTD (N.D. Iowa), for reasons that were wholly independent of any agreement with either Mr. Frank or Mr. Wassmer, I asked the United States District Court (N.D. Iowa) to issue a Final Order of Forfeiture which released Gardner's Lane from the Preliminary Order of Forfeiture in the above-captioned case, which it did.

10. On August 21, 2007, August 28, 2007, and September 4, 2007, notice of the United States' intent to forfeit fourteen (14) vehicles was published in the Telegraph Herald, a newspaper of general circulation. On August 15, 2007, the United States Marshals seized fourteen (14) of the vehicles named in the Preliminary Order of Forfeiture.

11. Based upon information provided to me by the Financial Litigation Unit, U.S. Attorney's Office (N.D. Iowa), Robert H. Frank has not offered to make any payments to satisfy the judgments for criminal fines and/or restitution rendered against him pursuant to his criminal prosecutions in the U.S. District Court (N.D. Iowa). Any payments made toward the satisfaction of these judgments have either been the result of the Government's sale of property owned by him to satisfy this debt or payments made by his co-defendants.

I declare, under penalty of perjury that the foregoing is true and correct.

Executed on this 7th day of March 2008, in Cedar Rapids, IA.

Martin J. McLaughlin
Assistant United States Attorney
Northern District of Iowa

CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of March, 2008, a copy of the foregoing "DEFENDANT'S SECOND MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/MEREDYTH D. COHEN